| | |
|---|---|
| KLESTADT WINTERS JURELLER<br>SOUTHARD & STEVENS, LLP<br>Tracy L. Klestadt<br>Joseph C. Corneau<br>Christopher Reilly<br>200 West 41st Street, 17th Floor<br>New York, New York 10036<br>Telephone: (212) 972-3000<br>Facsimile: (212) 972-2245 | **Hearing Date: September 6, 2018**<br>**Hearing Time: 10:00 a.m. (EST)** |

Proposed Attorneys for the Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
In re:                                                            :   Chapter 11
                                                                  :
1141 REALTY OWNER LLC, et al.,                                    :   Case No. 18-12341(SMB)
                                                                  :
                       Debtors.                                   :   Jointly Administered
                                                                  :
------------------------------------------------------------------X

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 331 ESTABLISHING PROCEDURES FOR MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

1141 Realty Owners LLC ("Owner") and Flatironhotel Operations LLC ("Operator" and together with Owner, the "Debtors") [1], the debtors and debtors-in-possession in the above captioned cases (the "Chapter 11 Cases"), hereby move for entry of an order pursuant to sections 105(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"),

---

[1] The Debtors herein and the last four digits of their respective tax identification number are: 1141 Realty Owner LLC (1804) and Flatironhotel Operations LLC (4773). The Debtors' principal place of business is 9 West 26th Street a/k/a 1141 Broadway, New York, New York.

establishing procedures for monthly compensation and reimbursement of expenses for Professionals (as defined below) (the "Motion"). In support of this Motion, the Debtors rely upon the First Day Declaration (defined below) and respectfully states as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a) and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, Rule 2016-1 of the Local Bankruptcy Rules and General Order M-412 of the United States Bankruptcy Court for the Southern District of New York, signed on December 21, 2010 by Chief Bankruptcy Judge Arthur J. Gonzalez (the "General Order").

## BACKGROUND

4. On July 31, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their respective businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. The Court and interested parties are respectfully referred to the Declaration of James Katchadurian Pursuant to Local Bankruptcy Rules 1007-2 and 9007-1 (the "First Day Declaration") for a detailed description of the Debtors' businesses and events leading to the commencement of the Chapter 11 Cases.

6.      The United States Trustee has not appointed an official creditors' committee in the Chapter 11 Cases. No trustee or examiner has been appointed in the Chapter 11 Cases.

## FACTS SPECIFIC TO THE RELIEF REQUESTED

7.      Contemporaneous with the filing of the Motion, the Debtors filed applications to retain: (a) Klestadt Winders Jureller Southard & Stevens, LLP ("Klestadt Firm"), as counsel for the Debtors; (b) Verdolino & Lowey, P.C. ("Verdolino"), as accountants to the Debtors; and (c) Omni Management Group, Inc. ("Omni") as administrative agent to the Debtors pursuant to 11 U.S.C. § 327(a) (each a "Professional" and collectively with any other professionals which the Debtors may in the future be authorized by this Court to retain, the "Professionals").

8.      The Klestadt Firm and Omni are holding retainer deposits as security for the fees and disbursements relating to services to be provided to the Debtors (the "Retainers"). The Retainers will continue to be held by the Klestadt Firm and Omni and they will only apply funds from its Retainers consistent with any orders entered by this Court.

9.      Based on the Debtors' weekly cash flow projections, the Debtors believe that they will maintain positive cash for the period based on anticipated collections and after projected cash outlays for administrative expenses. In addition, the Budget (as defined in the Interim Stipulation and Order Authorizing Use of Cash Collateral and Granting Adequate Protection (the "Interim Cash Collateral Order") [Docket No. 23], and the Carve-Out (as defined in the Interim Cash Collateral Order) provide for sufficient cash to pay fees and reimburse expenses to be requested by the Professionals.

10.      The Debtors believe that establishing orderly procedures for payment of the Professionals will streamline the administration of the Chapter 11 Cases and otherwise promote efficiency for the Court, the U.S. Trustee and all parties-in-interest. Specifically, a streamlined

3

process for serving fee applications and the notices thereof is in the best interest of the Debtors because it will facilitate efficient and effective review of the Professionals' fees and expenses.

## PROPOSED COMPENSATION PROCEDURES

11. The specific relief requested by the Debtors conforms substantially with the professional payment procedures contemplated by Local Bankruptcy Rule 2016-1(c). The Debtors request that the Court issue an order in accordance with the General Order establishing procedures for monthly compensation and reimbursement of expenses of professionals and pursuant to section 105(a) and 331 of the Bankruptcy Code.

12. Specifically, the Debtors propose that the following procedures be established for the monthly payment of compensation and reimbursement of expenses of the Professionals (the "Compensation Procedures"):

    a. On or before the twentieth (20th) day following the month for which compensation is sought[2], each Professional seeking compensation shall serve a monthly statement (the "Monthly Fee Statement") by email or hand or overnight delivery, on the following parties: (i) the Debtors c/o Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036 (Attn: Tracy L. Klestadt); (ii) the Chief Restructuring Officer c/o CR3 Partners, LLC, 450 Lexington Avenue, 4th Fl., New York, NY 10014 (Attn: James Katchadurian), (iii) Office of the U.S. Trustee, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Susan Arbeit, Esq.); (iv) counsel to the proposed DIP Lender, Silverman Acampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753 (Attn: Kenneth P. Silverman, Esq.), (v) counsel to Creditors' Committee, if appointed; and (vi) counsel to the Prepetition Secured Lender, Sidley Austin, LLP, 787 7th Ave., New York, NY 10019 (Attn: Michael G. Burke) (each a "Notice Party" and collectively, the "Notice Parties");

    b. On or before the twentieth (20th) day following the month for which compensation is sought, each Professional seeking compensation shall file its respective Monthly Fee Statement with the Court. Courtesy copies need not be delivered to chambers. This Motion is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy

---

[2] If a professional does not file a Monthly Fee Statement within this time period, the Monthly Fee Statement may be filed for consideration and payment by such date during any following month.

|     | |
| --- | --- |
|     | Code, and Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; |
| c.  | Each Monthly Fee Statement must contain a list of the individuals and their respective titles *(e.g.,* attorney, accountant or paralegal), who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual by appropriate billing categories, a reasonably detailed breakdown of the disbursements incurred (no Professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and April 21, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996), and contemporaneously-maintained time entries for each individual in increments of tenths (1/10) of an hour, unless deviations from such timekeeping requirements have been approved by the Court in connection with the retention of such Professional; |
| d.  | If any party-in-interest has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement, such party shall, by no later than the fifteenth day following the filing of any Monthly Fee Statement, file with the Court and serve upon the Professional whose statement is objected to, and the other persons designated to receive statements in sub-paragraph (a), a written "<u>Notice of Objection to Fee Statement</u>," setting forth the nature of the objection and the amount of fees or expenses at issue; |
| e.  | At the expiration of the fifteen (15) day period, the Debtors shall promptly and without further order of the Court pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Fee Statement to which no objection has been served in accordance with sub-paragraph (d); |
| f.  | If a Notice of Objection to Fee Statement is filed, the Debtors shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in sub-paragraph (e) unless the Professional whose statement is objected to seeks an order from the Court, upon notice and a hearing, directing payment to be made; |
| g.  | If the parties to an objection are able to resolve their dispute following the filing of a Notice of Objection to Fee Statement and if the Professional to whose Monthly Fee Statement was objected to files a statement indicating |

5

that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtors shall promptly pay, in accordance with sub-paragraph (e), that portion of the Monthly Fee Statement which is no longer subject to an objection;

h. All objections that are not resolved by the parties or Court order shall be preserved and presented to the Court at the next interim or final fee application hearing to be held by the Court (as described in sub-paragraph (j) below);

i. The service of an objection in accordance with sub-paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Notice of Objection to Fee Statement or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

j. Approximately every one hundred twenty (120) days, but no more than every one hundred fifty (150) days, each of the Professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested (each an "Interim Application" and a "Final Application," respectively; collectively, the "Applications");

k. Any Professional who fails to file an Interim Application or Final Application shall: (i) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court; and (ii) may be required to disgorge any fees paid since such Professional's retention or the filing of the Professional's last fee application, whichever is later;

l. The applicable attorney for the Debtors shall obtain a date from the Court for the hearing to consider Interim Applications for all Professionals (the "Interim Fee Hearing"). At least twenty-one (21) days prior to the Interim Fee Hearing, the attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all applicable Professionals, setting forth the time, date and location of the Interim Fee Hearing, the period covered by the Applications, and the objection deadline. Any Professional unable to file its own Application with the Court shall deliver to the Debtors' attorneys a fully executed copy of such Application and the attorneys shall file and serve such Application with the Court.

  m. Any Professional who fails to file a Monthly Fee Statement for a particular month may include fees and expenses for such month in a subsequent Monthly Fee Statement or Application;

  n. The pendency of an application or Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Professional from future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court; and

  o. Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professional.

  p. If a Creditor's Committee is appointed in these cases, counsel for the same, may, in accordance with the foregoing procedures for monthly compensation and reimbursement of Professionals, collect and submit statements of expenses, with supporting vouchers, from members of the Creditors' Committee; provided, however, that such counsel ensures that these reimbursement requests comply with the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases.

13. The Debtors submit that these Compensation Procedures substantially comply with Local Rule 2016-1(c).

14. In accordance with Local Rule 2016-1(c), the Compensation Procedures provide that each Professional may seek, in its first request for compensation and reimbursement of expenses pursuant to this Order, compensation for work performed and reimbursement of expenses, incurred during the period beginning on the date of the Professional's retention and ending on August 31, 2018.

15. The Debtors further request that (a) the Court limit service of the Applications only to the Notice Parties and (b) all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these Chapter 11 Cases shall be entitled to receive only notice of hearings on the Applications (each, a "Hearing Notice"), with a right to receive copies

7

of the Applications upon request. Serving the Applications and Hearing Notices in this matter will permit the parties most active in these Chapter 11 Cases to review and object to the Professionals' fees efficiently and will save unnecessary duplication and mailing expenses.

16. The Debtors believe that the proposed procedures will enable the Debtors and other key parties-in-interest to closely monitor the costs of administration, maintain cash flow availability and implement efficient cash management procedures. Moreover, the Compensation Procedures will allow the Court and key parties-in-interest to ensure the reasonableness and necessity of the compensation and reimbursement sought by Professionals.

17. The Debtors submit that the efficient administration of these Chapter 11 Cases will be significantly aided by establishing the foregoing compensation and expense reimbursement procedures.

## BASIS FOR RELIEF

18. By this Motion, the Debtors request entry of an order pursuant to section 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-1 establishing an orderly, regular process for the allowance and payment of compensation and reimbursement of expenses for Professionals whose retentions are approved by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code.

19. The Debtors submit that the Compensation Procedures are appropriate and consistent with interim compensation procedures established in other large chapter 11 cases in this District. *See*, *e.g.*, *In re Aéropostale, Inc.*, Case No. 16-11275 (SHL) (Bankr. S.D.N.Y. June 3, 2016) (Docket No. 251); *In re SunEdison, Inc.*, Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. May 12, 2016) (Docket No. 258); *In re Primorsk Int'l Shipping Ltd.*, Case No. 16-10073 (MG) (Bankr.

8

S.D.N.Y. Feb. 18, 2016) (Docket No. 62); *In re Sabine Oil & Gas Corp.*, Case No. 15-11835 (SCC) (Bankr. S.D.N.Y. Aug. 10, 2015) (Docket No. 156); *In re Nautilus Holdings Limited*, Case No. 14-22885 (RDD) (Bankr. S.D.N.Y. July 14, 2014) (Docket No. 58).

20.    The Debtors respectfully submit that the Compensation Procedures sought herein are appropriate in light of the foregoing. The Debtors further submit that the Compensation Procedures substantially comply with the guidelines set forth by this Court in Local Rule 2016-1

## **NOTICE**

21.    Notice of this Motion will be given to (a) counsel to any creditors' committee, if appointed; (b) counsel to the proposed DIP Lender, Attn: Kenneth P. Silverman, Esq., Silverman Acampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753; (c) counsel to the Secured Lender, Attn: Michael G. Burke, Esq., Sidley Austin, LLP, 787 7th Ave., New York, New York 10019; (d) the Office of the United States Trustee for the Southern District of New York, Attn: Susan Arbeit, Esq., U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, New York 10014.; and (e) all other parties-in-interest pursuant to Bankruptcy Rule 2002 and Local Rule 9013-1(b).

[*remainder of page intentionally left blank*]

## NO PRIOR REQUEST

22. No prior motion for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter an order, substantially in the form attached hereto as **Exhibit A** and (b) grant such other and further relief as is just and proper.

Dated:  New York, New York
        August 20, 2018

                                KLESTADT WINTERS JURELLER
                                SOUTHARD & STEVENS, LLP

                            By: */s/ Tracy L. Klestadt*
                                Tracy L. Klestadt
                                Joseph C. Corneau
                                Christopher Reilly
                                200 West 41st Street, 17th Floor
                                New York, New York 10036
                                Tel: (212) 972-3000
                                Fax: (212) 972-2245
                                Email: tklestadt@klestadt.com
                                       jcorneau@klestadt.com
                                       creilly@klestadt.com

                                *Proposed Attorneys for the Debtors and
                                Debtors-in-Possession*

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                          :
In re:                                                    :   Chapter 11
                                                          :
1141 REALTY OWNER LLC, et al.,                            :   Case No. 18-12341(SMB)
                                                          :
                     Debtors.                             :   Jointly Administered
                                                          :
------------------------------------------------------------- X

**ORDER PURSUANT TO SECTIONS 105(A) AND 331 OF THE BANKRUPTCY
CODE ESTABLISHING PROCEDURES FOR MONTHLY COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

**UPON** the motion (the "Motion"),[1] of 1141 Realty Owner, LLC ("Owner") and Flatironhotel Operations LLC ("Operator", and together with Owner the "Debtors") the above-captioned debtors and debtors-in-possession, pursuant to sections 105(a) and 331 of the Bankruptcy Code, for entry of an order, establishing procedures for monthly compensation and reimbursement of expenses of Professionals; this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before the Court; and

---

[1] All capitalized terms used and not defined herein shall have the meaning ascribed to them in the Motion.

upon the representation of the Debtors that these estates are administratively solvent; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is granted as set forth herein.

2.  Except as may otherwise be provided in an order of the Court authorizing the retention of a specific professionals, Professionals retained pursuant to an order of the Court in the Chapter 11 Cases may seek monthly compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

    a.  On or before the twentieth (20th) day following the month for which compensation is sought[2], each Professional seeking compensation shall serve a monthly statement (the "Monthly Fee Statement") by email or hand or overnight delivery, on the following parties: (i) the Debtors c/o Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036 (Attn: Tracy L. Klestadt); (ii) the Chief Restructuring Officer c/o CR3 Partners, LLC, 450 Lexington Avenue, 4th Fl., New York, NY 10017 (Attn: James Katchadurian); (iii) Office of the U.S. Trustee, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Susan Arbeit, Esq.); (iv) counsel to the proposed DIP Lender, Silverman Acampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753 (Attn: Kenneth P. Silverman, Esq.); (v) counsel to Creditors' Committee, if appointed; and (vi) counsel to the Secured Lender, Sidley Austin, LLP 787 7th Ave., New York, NY 10019 (Attn: Michael G. Burke) (each a "Notice Party" and collectively, the "Notice Parties");

    b.  On or before the twentieth (20th) day following the month for which compensation is sought, each Professional seeking compensation shall file a Monthly Fee Statement with the Court. Courtesy copies need not be delivered to chambers. This Order does not alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code, and

---

[2] If a professional does not file a Monthly Fee Statement within this time period, the Monthly Fee Statement may be filed for consideration and payment by such date during any following month.

Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules;

c. Each Monthly Fee Statement must contain a list of the individuals and their respective titles *(e.g.,* attorney, accountant or paralegal), who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual by appropriate billing categories, a reasonably detailed breakdown of the disbursements incurred (no Professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and April 21, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996), and contemporaneously-maintained time entries for each individual in increments of tenths (1/10) of an hour, unless deviations from such timekeeping requirements have been approved by the Court in connection with the retention of such Professional;

d. If any party-in-interest has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement, the Notice Party shall, by no later than the fifteenth (15th) day following the filing of a Monthly Fee Statement, file with the Court and serve upon the Professional whose statement is objected to, and the other persons designated to receive statements in sub-paragraph (a), a written "<u>Notice of Objection to Fee Statement</u>," setting forth the nature of the objection and the amount of fees or expenses at issue;

e. At the expiration of the fifteen (15) day period, the Debtors shall promptly, and without further Court order, pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Fee Statement to which no objection has been served in accordance with sub-paragraph 2. (d);

f. If a Notice of Objection to Fee Statement is filed, the Debtors shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in sub-paragraph (e) unless the Professional whose statement is objected to seeks an order from the Court, upon notice and a hearing, directing payment to be made;

g. If the parties to an objection are able to resolve their dispute following the filing of a Notice of Objection to Fee Statement and if the Professional to whose Monthly Fee Statement was objected to files a statement indicating

3

    that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtors shall promptly pay, in accordance with sub-paragraph (e), that portion of the Monthly Fee Statement which is no longer subject to an objection;

h.    All objections that are not resolved by the parties or Court order shall be preserved and presented to the Court at the next interim or final fee application hearing to be held by the Court (as described in sub-paragraph (j) below);

i.    The service of an objection in accordance with sub-paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Notice of Objection to Fee Statement or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

j.    Approximately every one hundred twenty (120) days, but no more than every one hundred fifty (150) days, each of the Professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested (each an "<u>Interim Application</u>" and a "<u>Final Application</u>," respectively; collectively, the "<u>Applications</u>");

k.    Any Professional who fails to file an Interim Application or Final Application shall: (i) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court; and (ii) may be required to disgorge any fees paid since such Professional's retention or the filing of the Professional's last fee application, whichever is later;

l.    The applicable attorney for the Debtors shall obtain a date from the Court for the hearing to consider Interim Applications for all Professionals (the "<u>Interim Fee Hearing</u>"). At least twenty-one (21) days prior to the Interim Fee Hearing, the attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all applicable Professionals, setting forth the time, date and location of the Interim Fee Hearing, the period covered by the Applications, and the objection deadline. Any Professional unable to file its own Interim Application with the Court shall deliver to the Debtors' attorneys a fully executed copy of such Application and the attorneys shall file and serve such Application with the Court.

      m.      Any Professional who fails to file a Monthly Fee Statement for a particular month may include fees and expenses for such month in a subsequent Monthly Fee Statement or Application;

      n.      The pendency of an application or Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Professional from future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court; and

      o.      Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professional.

      p.      If a Creditor's Committee is appointed in these cases, counsel for the same, may, in accordance with the foregoing procedures for monthly compensation and reimbursement of Professionals, collect and submit statements of expenses, with supporting vouchers, from members of the Creditors' Committee; provided, however, that such counsel ensures that these reimbursement requests comply with the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases.

3. In accordance with Local Rule 2016-1(c), the Compensation Procedures provide that each Professional may seek, in its first request for compensation and reimbursement of expenses pursuant to this Order, compensation for work performed and reimbursement for expenses, incurred during the period beginning on the date of the Professional's retention and ending on August 31, 2018.

4. The amount of fees and disbursements sought shall be set out in U.S. dollars and paid in U.S. dollars.

5. Service of the Applications may be limited to the Notice Parties. Notices of hearings to consider Applications shall be limited to the Notice Parties and any party who files a notice of appearance and requests notices in these Chapter 11 Cases.

5

6. The Debtors shall include all payments to their Professionals on their monthly operating reports, detailed so as to state the amount paid to each Professional.

7. Any party may object to requests for payments made pursuant to this Order on the grounds that the Debtors have not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists, by seeking a further order of this Court, otherwise, this Order shall continue and shall remain in effect during the pendency of these Chapter 11 Cases.

8. All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. Any and all other and further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived; provided, however, that the Debtors must serve a copy of this Order on all entities specified in sub-paragraph 2(a) hereof.

10. Notwithstanding anything to the contrary contained herein, any payment to be made or authorization contained hereunder, including the authorization to pay Professionals pursuant to the Compensation Procedures, shall be subject to any applicable requirements imposed on the Debtors pursuant to the Interim Cash Collateral Order and any related final order (together, the "Cash Collateral Orders"), and any such payments shall be in accordance with the Budget (as defined in the Cash Collateral Orders) in effect in connection with such orders.

11. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h).

12. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: New York, New York
       September___, 2018

                                      HONORABLE STUART M. BERNSTEIN
                                      UNITED STATES BANKRUPTCY JUDGE