KLESTADT WINTERS JURELLER          **Hearing Date: September 6, 2018**
SOUTHARD & STEVENS, LLP            **Hearing Time: 10:00 a.m. (EST)**
Tracy L. Klestadt
Joseph C. Corneau
Christopher Reilly
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245

Proposed Attorneys for the Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                             :
In re:                                       :   Chapter 11
                                             :
1141 REALTY OWNER LLC, et al.,               :   Case No. 18-12341(SMB)
                                             :
                         Debtors.            :   Jointly Administered
                                             :
---------------------------------------------------------------- X

## DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

1141 Realty Owner LLC ("Owner") and Flatironhotel Operations, LLC ("Operator", and together with Owner, the "Debtors")[1], the debtors and debtors-in-possession in the above-referenced chapter 11 cases (the "Chapter 11 Cases"), as and for their application ("Application") for entry of an order pursuant to section 327(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the employment and retention of Klestadt Winters Jureller

---

[1] The Debtors herein and the last four digits of their respective tax identification number are: 1141 Realty Owner LLC (1804) and Flatironhotel Operations LLC (4773). The Debtors' principal place of business is 9 West 26th Street a/k/a 1141 Broadway, New York, New York.

Southard & Stevens, LLP ("KWJS&S") as their general bankruptcy counsel, *nunc pro tunc* to the Petition Date (defined below).  In support of the Application, the Debtors refer the Court and interested parties to the First Day Declaration (defined below), and the Affidavit of Tracy L. Klestadt in Support of Application for an Order Authorizing Employment and Retention of Klestadt Winters Jureller Southard & Stevens, LLP as Attorneys to the Debtors and Debtors-in-Possession (the "Klestadt Affidavit") annexed hereto as **Exhibit A**, and further respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue of this proceeding and this application is proper pursuant to 28 U.S.C. §§1408 and 1409.  The statutory predicate for the relief requested herein is section 327 of the Bankruptcy Code.

## BACKGROUND

10.     On July 31, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continues to manage and operate their business as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

11.     The Court and interested parties are respectfully referred to the Declaration of James Katchadurian Pursuant to Local Bankruptcy Rules 1007-2 and 9007-1 (the "First Day Declaration")[2] for a detailed description of the Debtors' business and events leading to the commencement of the Chapter 11 Cases.

12.     The United States Trustee has not appointed an official creditors' committee in the Chapter 11 Cases. No trustee or examiner has been appointed in the Chapter 11 Cases.

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the First Day Declaration

## BASIS FOR RELIEF REQUESTED

13.    The Debtors seeks authority to retain KWJS&S as attorneys to the Debtors and

Debtors-in-Possession pursuant section 327(a) of the Bankruptcy Code and Rule 2014 of the

Bankruptcy Rules.

14.    Section 327(a) of the Bankruptcy Code provides:

(a)    Except as otherwise provided in this section, the [debtors], with the
court's approval, may employ one or more attorneys, accountants, appraisers,
auctioneers, or other professional persons, that do not hold or represent and
interest adverse to the estates, and that are disinterested persons, to represent or
assist the [debtors] in carrying out the[debtors'] duties under this title.

15.    Rule 2014 of the Bankruptcy Rules provides, in relevant part:

(a)    *Application for and Order of Employment*. An order approving the
employment of attorneys, accountants, appraisers, auctioneers, agents, or other
professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only
on application of the [debtors] or committee. The application shall be filed and,
unless the case is a chapter 9 municipality case, a copy of the application shall be
transmitted by the applicant to the United States trustee. The application shall
state the specific facts showing the necessity for the employment, the name of the
[firm] to be employed, the reasons for the selection, the professional services to
be rendered, any proposed arrangement for compensation, and, to the best of
applicant's knowledge, all of the [firm's] connections with the debtors, creditors,
any other party in interest, their respective attorneys and accountants, the United
States trustee, or any person employed in the office of the United States trustee.
The application shall be accompanied by a verified statement of the [firm] to be
employed setting forth the [firm's] connections with the debtors, creditors, any
other party in interest, their respective attorneys and accountants, the United
States trustee, or any person employed in the office of the United States trustee.

## RELIEF REQUESTED

16.    By this Application, the Debtors seek entry of an order, substantially in the form

attached hereto as **Exhibit B**, authorizing the Debtors to employ and retain KWJS&S as their

general bankruptcy counsel, *nunc pro tunc* to the Petition Date.

17.    The Debtors respectfully submit that they require counsel pursuant to §327(a) of

the Bankruptcy Code to, *inter alia*:

a.     advise the Debtors with respect to their rights, powers and duties as debtors and debtors-in-possession in the continued management and operation of their businesses and assets;

b.     attend meetings and negotiating with representatives of creditors and other parties in interest and advising and consulting on the conduct of the cases, including all of the legal and administrative requirements of operating under Chapter 11;

c.     take all necessary action to protect and preserve the Debtors' estates, including prosecution of actions on behalf of the Debtors, the defense of any actions commenced against the estates, negotiations concerning litigation in which the Debtors may be involved and objections to claims filed against the estates;

d.     prepare on behalf of the Debtors such motions, applications, answers, orders, reports, and papers necessary to the administration of the estates;

e.     assist the Debtors in their analysis and negotiations with any third party concerning matters related to the realization by creditors of a recovery on claims and other means of realizing value;

f.     represent the Debtors at all hearings and other proceedings;

g.     assist the Debtors in their analysis of matters relating to the legal rights and obligations of the Debtors with respect to various agreements and applicable laws;

h.     review and analyze all applications, orders, statements, and schedules filed with the Court and advise the Debtors as to their propriety;

i.     assist the Debtors in preparing pleadings and applications as may be necessary in furtherance of the Debtors' interests and objectives;

j.     assist and advise the Debtors with regard to their communications to the general creditor body regarding any proposed Chapter 11 plan or other significant matters in these Chapter 11 Cases;

k.     assist the Debtors with respect to consideration by the Court of any disclosure statement or plan prepared or filed pursuant to §§1125 or 1121 of the Bankruptcy Code and taking any necessary action on behalf of the Debtors to obtain confirmation of such plan;

l.      perform such other legal services as may be required and/or deemed to be in the interest of the Debtors in accordance with their powers and duties as set forth in the Bankruptcy Code.

10.    The Debtors have selected KWJS&S because it has extensive experience and knowledge in the fields of debtor and creditor rights, general corporate law, debt restructuring and corporate reorganization, among others.  As such, the Debtors believe that KWJS&S is well qualified to represent them in these Chapter 11 Cases.

11.    Subject to Court approval in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to General Order M-447 (Jan. 29, 2013) and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996, compensation will be payable to KWJS&S on an hourly basis, plus reimbursement of actual and necessary expenses incurred by KWJS&S.

12.    To the best of the Debtors' knowledge, KWJS&S does not have any connection with the Debtors, their creditors, the United States Trustee or any other party in interest, or their respective attorneys, except as set forth in the affidavit of Tracy L. Klestadt sworn to on August 16, 2018, a copy of which is annexed hereto as **Exhibit A**.

### NOTICE

13.    Notice of this Motion will be given to (a) counsel to any creditors' committee, if appointed; (b) counsel to the proposed DIP Lender, Attn: Kenneth P. Silverman, Esq., Silverman Acampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753; (c) counsel to the Secured Lender, Attn: Michael G. Burke, Esq., Sidley Austin, LLP,  787 7th Ave., New York, New York 10019; (d) the Office of the United States Trustee for the Southern District of New

York, Attn: Susan Arbeit, Esq., U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, New York 10014.; and (e) all other parties-in-interest pursuant to Bankruptcy Rule 2002 and Local Rule 9013-1(b).

## NO PRIOR REQUEST

14.    No previous request for the relief sought in this Application has been made to this or any other Court.

**WHEREFORE**, the Debtors respectfully requests that this Court enter an order, substantially in the form annexed hereto as **Exhibit B**, granting it the authority to retain KWJS&S as their general bankruptcy counsel in these Chapter 11 Cases *nunc pro tunc* to the Petition Date, and granting such other and further relief as may be just and proper.

Dated:   New York, New York
         August 20, 2018

1141 Realty Owner, LLC and Flatironhotel Operations LLC

By:   */s/ James Katchadurian*
      Name: James Katchadurian
      Title: Chief Restructuring Officer

6

**<u>Exhibit A</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                :

In re:                               :     Chapter 11
                                :

1141 REALTY OWNER LLC, et al.,    :     Case No. 18-12341(SMB)
                                :

                Debtors.      :     Jointly Administered
                                :

------------------------------------------------------------------ X

**AFFIDAVIT IN SUPPORT OF DEBTORS' APPLICATION FOR AN ORDER
AUTHORZING THE EMPLOYMENT AND RETENTION OF
KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP
AS ATTORNEYS FOR THE DEBTORS AND DEBTORS-IN-POSSESSION**

STATE OF NEW YORK    )
                       ) SS.:
COUNTY OF NEW YORK  )

      Tracy L. Klestadt, being duly sworn, deposes and says:

      1.      I am an attorney at law, duly admitted to practice in the State of New York, as well as before the United States District Court for the Southern District of New York.  I am a partner of the law firm known as Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S").  KWJS&S maintains an office for the practice of law at 200 West 41st Street, 17th Floor, New York, NY 10036.

      2.      I am familiar with the matters set forth herein and make this affidavit in support of the application of 1141 Realty Owner LLC ("Owner") and Flatironhotel Operations, LLC ("Operator", and together with Owner, the "Debtors"), the debtors and debtors-in-possession in the above captioned cases, for an order authorizing the employment and retention of KWJS&S as their general bankruptcy counsel.

      3.      In preparing this affidavit, I have been provided with, and have examined, lists provided by the Debtors of: (i) the Debtors' creditors; (ii) the Debtors' significant equity holders; (iii)

the Debtors' significant contract counterparties; (iv) certain government and state regulatory agencies; (v) the Debtors' current and former directors and officers during the past three years; (vi) the Debtors' accountants employed or retained prior to the Petition Date; and (vii) certain other persons and entities related to the Debtors (collectively, the "Searched Parties").

4.      KWJS&S maintains records of all of its clients and the matters on which it represents such clients, and the other parties which have a substantial role in such matters.  I have reviewed such records to determine KWJS&S's connections with the Debtors, their creditors, their equity holders, any other party in interest, and their respective attorneys and accountants, the United States Trustee and any person employed in the office of the United States Trustee.  In addition, I have reviewed relationships that KWJS&S has with potential parties in interest to determine if any such relationships give rise to an actual or potential conflict of interest or otherwise affect its disinterestedness.

5.      In preparing this affidavit, I used a set of procedures developed by KWJS&S to comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules regarding the retention of professionals by debtors under the Bankruptcy Code (the "KWJS&S Disclosure Procedures"). Pursuant to the KWJS&S Disclosure Procedures, I caused a search to be performed of KWJS&S's computerized database consisting of all clients, matters, cross-referenced and related information from 1995 to present.

6.      Insofar as I have been able to ascertain, KWJS&S does not hold and does not represent any interest adverse to the Debtors, their creditors, landlords, professionals or any other party in interest herein, or their respective attorneys or professionals.

2

## CONNECTIONS WITH U.S. TRUSTEE AND THIS COURT

7.      Insofar as I have been able to ascertain, KWJS&S has no connection with the United States Trustee in Region 2 or any person known to be employed by the Office of the United States Trustee in Region 2.

8.      I am not related, and to the best of my knowledge, no attorney at KWJS&S is related, to any United States Bankruptcy Judges in this District or to the United States Trustee for this District, or any employee thereof.

## DISINTERESTEDNESS

9.      To the best of my knowledge, after due inquiry, KWJS&S:

(a)      is not a creditor, and is not an equity security holder or an "insider" of the Debtors, as that term is defined in section 101(31) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code");

(b)      is not and has never been an investment banker for any outstanding security of the Debtors;

(c)      is not and has not been, before the Petition Date, an investment banker for a security of the Debtors, nor an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtors;

(d)      is not and has not been, before the Petition Date, a director, officer, or employee of the Debtors or of an investment banker specified in subparagraphs (a), (b) and (c) of this paragraph; and

(e)      does not have an interest materially adverse to the interest of the Debtors' estates, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker specified in subparagraphs (a), (b) and (c) of this paragraph, or for

any other reason.

10.     Accordingly, I believe KWJS&S is "disinterested", as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code.

## COMPENSATION AND EXPENSES

11.     Subject to court approval in accordance with sections 330(a) and 331 of the Bankruptcy Code, compensation will be payable to KWJS&S's office on an hourly basis, plus reimbursement of actual, necessary expenses incurred.  Partners of the firm bill from $495 to $725 per hour; associates bill from $295 to $425 per hour; and the firm's paralegals bill at $175 per hour. My current hourly rate is $725 per hour.  The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions and are next expected to increase on January 1, 2019.

12.     The hourly rates set forth above are standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate KWJS&S for its work, the work of its associates and its paralegals, and any other professionals it may utilize and to cover fixed and routine overhead expenses.

13.     KWJS&S's policy is to charge its clients in all areas of practice for all expenses incurred in connection with its clients' cases.  The expenses charged to clients include, among other things, telephone and telecopy toll charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals", and computerized research and transcription costs, in accordance with the Guidelines of this Court. KWJS&S believes that it is appropriate to charge these expenses to the clients incurring them rather than to increase the hourly rates and thereby spreading the expenses among all clients.

14.     Prior to the Petition Date, on June 19, 2018, KWJS&S received a retainer deposit of

4

$103,434.00 (the "Initial Retainer") from the Debtors. On July 27, 2018, KWJS&S received an additional retainer deposit of $16,028.30 (the "Supplemental Retainer," and together with the Initial Retainer, the "Retainer") from the Debtors.

15.    KWJS&S made three draws on the Retainer prior to the Petition Date. As of today, $22,674.43 of the Retainer is being held by KWJS&S for payment of post-petition fees and expenses after allowance by the Court.

16.    This Affidavit is intended to comply with Federal Rule of Bankruptcy Procedure 2016(b).  KWJS&S intends to apply to this Court for compensation for professional services rendered in connection with these Chapter 11 Cases.  KWJS&S has not received any promises as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code.  KWJS&S does not have an agreement with any other entity to share with such entity any compensation KWJS&S receives.

/s/ Tracy L. Klestadt
Tracy L. Klestadt

Sworn to and subscribed before me this
17th day of August, 2018

/s/ Christopher Reilly
Notary Public, State of New York
No.02RE6297793
Qualified in Kings County
Comm. Exp. 3/3/2022

5

**<u>Exhibit B</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
1141 REALTY OWNER LLC, et al.,                                   :    Case No. 18-12341(SMB)
                                                                 :
                              Debtors.                           :    Jointly Administered
                                                                 :
--------------------------------------------------------------- X

### ORDER AUTHORIZING EMPLOYMENT AND RETENTION
### OF KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP
### AS ATTORNEYS FOR THE DEBTORS AND DEBTORS-IN-POSSESSION

Upon the application (the "Application") of 1141 Realty Owner LLC ("Owner") and Flatironhotel Operations, LLC ("Operator", and together with Owner, the "Debtors"), the debtors and debtors-in-possession in the above captioned cases, for the entry of an order, pursuant to section 327(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to employ and retain Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S") as their counsel; and upon the affidavit of Tracy L. Klestadt  (the "Klestadt Affidavit"), sworn to on August 16, 2018, which is annexed to the Application as Exhibit A; and upon the Declaration of James Katchadurian Pursuant to Local Bankruptcy Rules 1007-2 and 9077-1 (the "First Day Declaration"); and sufficient notice of the Application having been given, and it appearing that no other or further notice is required; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is granted to the extent provided herein.

2.      Pursuant to section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a), the Debtors are hereby authorized and empowered to employ and retain KWJS&S, as their general

1

bankruptcy counsel herein *nunc pro tunc* to the Petition Date on the terms and conditions set forth in the Application and the Klestadt Affidavit.

3.      All compensation and reimbursement of expenses to KWJS&S shall be sought upon, and paid only upon an order granting, a proper application pursuant to §§ 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules and fee and expense guidelines and orders of this Court.

4.      At least ten days before implementing any increase in the rates of KWJS&S's professionals providing services in this case, KWJS&S shall file and serve on the United States Trustee and any official committee a supplemental affidavit providing justification for any such rate increases and stating whether the Debtor has agreed to them. All parties in interest retain the right to object to any rate increase on any ground

5.      KWJS&S shall apply any remaining amounts of its prepetition retainer as a credit toward post-petition fees and expenses, after such post-petition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to KWJS&S.

6.      The Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:    New York, New York
          September____, 2018

                                                    _____
                                                    HONORABLE STUART M. BERNSTEIN
                                                    UNITED STATES BANKRUPTCY JUDGE