KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
Tracy L. Klestadt
Joseph C. Corneau
Christopher Reilly
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245

Attorneys for the Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                    :
In re:                                              :    Chapter 11
                                                    :
1141 REALTY OWNER LLC, et al.,                      :    Case No. 18-12341(SMB)
                                                    :
                          Debtors.                  :    Jointly Administered
                                                    :
------------------------------------------------------------- X

## DEBTORS' APPLICATION FOR AN ORDER ESTABLISHING THE DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

1141 Realty Owner LLC ("Owner") and Flatironhotel Operations, LLC ("Operator" and together with Owner, the "Debtors")[1], the debtors and debtors-in-possession in the above-referenced cases (the "Chapter 11 Cases") hereby submit this Application for an Order Establishing the Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof (this "Application"). In support of the Application, the Debtors respectfully represent as follows:

---

[1] The Debtors herein and the last four digits of their respective tax identification number are: 1141 Realty Owner LLC (1804) and Flatironhotel Operations LLC (4773). The Debtors' principal place of business is 9 West 26th Street a/k/a 1141 Broadway, New York, New York.

## JURISDICTION, VENUE AND STATUTORY PREDICTATES

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The predicates for the relief requested herein pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the *Procedural Guidelines for Filing Requests for Orders to Set the Last Date for Filing Proofs of Claim* updated December 1, 2015 (the "Bar Date Guidelines").

## BACKGROUND

4.      On July 31, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their respective businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.      The Court and interested parties are respectfully referred to the Declaration of James Katchadurian Pursuant to Local Bankruptcy Rules 1007-2 and 9007-1 (the "First Day Declaration") for a detailed description of the Debtors' businesses and events leading to the commencement of the Chapter 11 Cases.

6.      The United States Trustee has not appointed an official creditors' committee in the Chapter 11 Cases. No trustee or examiner has been appointed in the Chapter 11 Cases.

## RELIEF REQUESTED

8.      By this Application, the Debtors request that pursuant to Bankruptcy Rule 3003(c)(3), the Court:

> (a)      establish **November 5, 2018 at 5:00 p.m. (prevailing Eastern Time)** as the deadline for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and

2

governmental units) to file a proof of claim (each a "Proof of Claim") with respect to a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including without limitation any claim arising under Section 503(b)(9) of the Bankruptcy Code, against the Debtors (the "General Bar Date");

(b)    establish **January 28, 2019 at 5:00 p.m. (prevailing Eastern Time)** as the deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code) ("Governmental Units"), to file a Proof of Claim with respect to a prepetition claim against the Debtors (the "Governmental Bar Date," and together with the General Bar Date, the "Bar Dates");

(c)    approve the proposed procedures for filing Proofs of Claim; and

(d)    approve the proposed procedures for providing notice of the Bar Dates, including, among other things, the procedures for mailing notice (the "Bar Date Notice") substantially in the form attached as Annex I to the proposed order annexed as Exhibit A hereto.

## BASIS FOR RELIEF REQUESTED

9.      Bankruptcy Rule 3003(c)(3) provides that the court shall fix the time within which proofs of claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code.  Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim is not scheduled in the debtors' statements of financial affairs, schedules of assets and liabilities and schedules of executory contracts or whose claim is scheduled as disputed, contingent or unliquidated must file a proof of claim.

10.     The establishment of the Bar Dates requested herein will enable the Debtors to process and analyze asserted claims in a timely and efficient manner.  The Bar Dates and notice procedures requested herein will give all creditors ample opportunity to prepare and file their proofs of claim.

## THE PROPOSED PROCEDURES FOR FILING PROOFS OF CLAIM

11.     The Debtors propose the following procedures for filing Proofs of Claim:

(a)    Unless otherwise provided herein, the General Bar Date shall be **November 5, 2018 at 5:00 p.m. (prevailing Eastern Time)**.

3

(b)    Unless otherwise provided herein, the Governmental Bar Date shall be **January 28, 2019 at 5:00 p.m. (prevailing Eastern Time).**

(c)    Proofs of Claim filed against the Debtors must substantially conform to Official Bankruptcy Form No. 410 (the "Proof of Claim Form")

(d)    Proofs of claim either must be filed: (i) electronically through the website of the Debtors' Court-approved claims and noticing agent Omni Management Group, Inc. ("Omni"), on the website located at www.omnimgt.com/sblite/flatironhoteloperations under the link entitled "Submit a Proof of Claim"; (ii) by mailing the original Proof of Claim either by U.S. Postal Service mail or overnight delivery to Omni at:

> **Omni Management Group**
> **5955 De Soto Avenue, Suite 100**
> **Woodland Hills, CA 91367**

or (iii) by delivering the original Proof of Claim by hand to the United States Bankruptcy Court, Southern District of New York at:

> **United States Bankruptcy Court**
> **Southern District of New York**
> **One Bowling Green, Room 534**
> **New York, New York 10004-1408**

(e)    Proofs of Claim will be deemed timely filed only when received by the Clerk of the Bankruptcy Court or Omni on or before the applicable Bar Dates.

(f)    Proofs of Claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency.

(g)    Proofs of claim must specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor.

(h)    Neither Omni nor the Bankruptcy Court shall not be required to accept Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission.

(i)    Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim on or before such date as the Court may fix in the applicable order authorizing such rejection.

(j)      Holders of equity security interests in the Debtors need not file proofs of interest with respect to the ownership of such equity interests, provided, however, that if any such holder asserts a claim against the Debtors (including a claim relating to an interest or the purchase or sale of such equity interest), a proof of such claim must be filed on or prior to the General Bar Date pursuant to the procedures set forth herein.

(k)      In the event that the Debtors supplement or amend their schedules to (i) designate a claim as disputed, contingent, or unliquidated, (ii) change the amount of a claim reflected therein, (iii) change the classification of a claim reflected therein, (iv) remove a claim reflected therein, or (v) add a claim that was not listed on the schedules, the Debtors shall notify the claimant of the supplement or amendment.  The deadline for any holder of a claim so designated, changed, or added to file a Proof of Claim on account of any such claim is the later of (i) the applicable Bar Date and (ii) the date that is **thirty (30) days** after the Debtors provide notice of the supplement or amendment.

(l)      The following persons or entities are **not** required to file a Proof of Claim on or before the applicable Bar Dates, with respect to the claims described below:

(i)      Any person or entity that has already filed a Proof of Claim against the Debtors with Omni or the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410;

(ii)     Any person or entity whose claim is listed on the schedules filed by the Debtors, provided that (i) the claim is not scheduled as "disputed," "contingent" or "unliquidated"; (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(iii)    Any holder of a claim that heretofore has been allowed by order of this Court;

(iv)     A holder of a claim that has been paid in full by the Debtors;

(v)      Any holder of a claim for which specific deadlines have previously been fixed by this Court;

(vi)     Any holder of a claim allowable under section 503(b) (except to the extent such claim is allowable under section 503(b)(9)) and section 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates; and

(vii)    Professionals whose retentions in these Chapter 11 Cases have been approved by the Bankruptcy Court, to the extent that such professional's claim against the Debtors is for post-petition amounts due.

(m)    Any person or entity that relies on the schedules has the responsibility to determine that the claim is accurately listed in the schedules.

## CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM

12.    Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that any holder of a claim against the Debtors who is required, but fails, to file a proof of such claim in accordance with any order approving this Application on or before the holder's applicable Bar Date shall be forever barred from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto), and such holder shall not be permitted to participate in any distribution in the Chapter 11 Cases on account of such claim or to receive further notices regarding such claim.

## NOTICE OF THE BAR DATES

13.    Pursuant to Bankruptcy Rules 2002(a)(7), (f) and the Bar Date Guidelines, the Debtors propose to mail the Bar Date Notice (together with a copy of the Proof of Claim Form) at least thirty-five (35) days prior to the General Bar Date to the following parties:

(i)    the United States Trustee for the Southern District of New York;

(ii)    all persons or entities that request notice of the proceedings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the time of mailing;

(iii)    all persons or entities that have filed claims;

(iv)    all known creditors and other known holders of claims as of the date any order approving this Application is entered, including all persons or entities listed in the schedules as holding claims for which the Debtors have addresses;

(v)    all parties to executory contracts and unexpired leases of the Debtors;

(vi)    the attorneys of record to all parties to pending litigation against the Debtors (as of the date of the entry of any order approving this Application);

(vii)    the Internal Revenue Service for the district in which this case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required Governmental Units (a list of such agencies is available from the Office of the Clerk of the Court);

(viii)    state and local taxing authorities;

(ix)    holders of membership interests in the Debtors; and

(x)    such additional persons and entities as deemed appropriate by the Debtors and not included in the foregoing.

## THE BAR DATE NOTICE

14.    The proposed Bar Date Notice substantially conforms to the form annexed to the Bar Date Guidelines.  The Bar Date Notice notifies parties of:

(a)    the Bar Dates;

(b)    who must file a Proof of Claim;

(c)    the procedures for filing a Proof of Claim;

(d)    the consequences for failing to timely file a Proof of Claim; and

(e)    where parties can find further information.

15.    The Debtors intend to supplement notice of the Bar Dates by providing notice by publication consistent with the Bar Date Guidelines.  See Fed. R. Bankr. P. 2002(l) ("The court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement notice.").  Such notice is appropriate for (i) those creditors to whom no other notice was sent and who are unknown or not reasonably ascertainable by the Debtors; (ii) known creditors with addresses unknown to the Debtors; and (iii) creditors with potential claims unknown to the Debtors.  Accordingly, the Debtors propose to publish the Bar Date Notice, with any necessary modifications for ease of publication, once in the national edition of *The New York Times,* subject to applicable publication deadlines, at least twenty-eight (28) days prior to the General Bar Date.

7

## THE PROPOSED BAR DATES AND NOTICE PROCEDURES ARE
## REASONABLY CALCULATED TO PROVIDE DUE AND PROPER NOTICE

16.     In accordance with Bankruptcy Rule 2002(a)(7), the Debtors must provide at least twenty-one (21) days' notice of the deadline to file proofs of claim.  In addition, Bankruptcy Rule 2002(p)(2) requires debtors to provide thirty (30) days' notice to creditors with a foreign address.  The Bar Date Guidelines provide that "in most cases the suggested Bar Date should be at least 35 days after the mailing date and at least 28 days after the publication date."  Bar Date Guidelines ¶ 3.

17.     Under the Proposed Order, the Debtors will be providing no less than thirty-five (35) days' notice to all known creditors.  Accordingly, the Debtors submit that the proposed Bar Dates and notice procedures provide sufficient time for all parties in interest, including foreign creditors, if any, to assert their claims.  The Debtors submit, further, that because the proposed procedures will provide notice to all parties in interest by mail, the proposed notice procedures are reasonably calculated to provide notice to all parties that may wish to assert a claim in these Chapter 11 Cases.

18.     Accordingly, the Debtors submit that no further or other notice of the Bar Dates is necessary and that the proposed notice procedures provide due and proper notice of the Bar Dates.

## OBJECTIONS TO CLAIMS AND RESERVATION OF RIGHTS

19.     The Debtors reserve all rights and defenses with respect to any Proof of Claim, including, among other things, the right to object to any Proof of Claim on any grounds.  The Debtors also reserve all rights and defenses with respect to any claim listed on the schedules, including, among other things, the right to dispute any such claim and assert any offsets or defenses to such claim.  Further, the Debtors shall amend their schedules as appropriate to the

extent the Debtors dispute any claim listed on their schedules and such claim is not already listed as disputed, contingent, or unliquidated.

20.     The Debtors reserve the right to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file such proofs of claim or interest or be barred from doing so.

21.     The Debtors submit that the relief requested by the Application should be granted, for the foregoing reasons, and that such relief is necessary and appropriate and is in the best interests of the Debtors' estates and creditors.

**WHEREFORE** the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:   New York, New York
         September 17, 2018

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP

By:   */s/ Tracy L. Klestadt*
      Tracy L. Klestadt
      Joseph C. Corneau
      Christopher Reilly
      200 West 41st Street, 17th Floor
      New York, New York 10036
      Tel: (212) 972-3000
      Fax: (212) 972-2245
      Email: tklestadt@klestadt.com
             jcorneau@klestadt.com
             creilly@klestadt.com

      *Attorneys for the Debtors and*
      *Debtors-in-Possession*

# **<u>Exhibit A</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                                         :
In re:                                                   :   Chapter 11
                                                         :
1141 REALTY OWNER LLC, et al.,                           :   Case No. 18-12341(SMB)
                                                         :
                            Debtors.                     :   Jointly Administered
                                                         :
-------------------------------------------------------------- X

**ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND
APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the application (the "Application")[1] of 1141 Realty Owner, LLC ("Owner") and

Flatironhotel Operations LLC ("Operator", and together with owner, the "Debtors"), debtors and

debtors in possession in the above captioned cases (the "Chapter 11 Cases") for entry of an order

(this "Order")  pursuant to Federal Rule of Bankruptcy Procedure  ("Bankruptcy Rule") 3003(c)(3),

fixing deadlines and establishing procedures for filing proofs of claim and approving the form and

manner of service thereof; and it appearing that no further notice is necessary; and it appearing that

the relief requested in the Application and granted herein is in the best interests of the Debtors,

their estates, and creditors; and after due deliberation  and good and sufficient cause appearing

therefor; it is hereby

    **ORDERED**, that except as otherwise provided herein, all persons and entities, (including,

without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental

units) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code,  against the Debtors

which arose on or prior to the filing of the Chapter 11 petitions on July 31,  2018 (the "Petition

Date"), including without limitation, any claim arising under Section 503(b)(9) of the Bankruptcy

---
[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application

Code, shall file a proof of such claim in writing or electronically pursuant to the procedures listed below so that it is received on or before **November 5, 2018 at 5:00 p.m. (prevailing Eastern Time)** (the "General Bar Date"); and it is further

> **ORDERED**, that notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before **January 28, 2019 at 5:00 p.m. (prevailing Eastern Time)** (the "Governmental Bar Date" and, together with the General Bar Date, the "Bar Dates") (the date that is one hundred eighty (180) days after the Petition Date); and it is further

> **ORDERED**, that the following procedures for the filing of proofs of claim shall apply:

(a)   Unless otherwise provided herein, the General Bar Date shall be **November 5, 2018 at 5:00 p.m. (prevailing Eastern Time)**.

(b)   Unless otherwise provided herein, the Governmental Bar Date shall be **January 28, 2019 at 5:00 p.m. (prevailing Eastern Time).**

(c)   Proofs of Claim filed against the Debtors must substantially conform to Official Bankruptcy Form No. 410 (the "Proof of Claim Form")

(d)   Proofs of claim either must be filed: (i) electronically through the website of the Debtors' Court-approved claims and noticing agent Omni Management Group, Inc. ("Omni"), located at www.omnimgt.com/sblite/flatironhoteloperations under the link entitled "Submit a Proof of Claim"; (ii) by mailing the original Proof of Claim either by U.S. Postal Service mail or overnight delivery to Omni at:

> **Omni Management Group**
> **5955 De Soto Avenue, Suite 100**
> **Woodland Hills, CA 91367**

;or (iii) by delivering the original Proof of Claim by hand to the United States Bankruptcy Court, Southern District of New York at:

> **United States Bankruptcy Court**
> **Southern District of New York**
> **One Bowling Green, Room 534**
> **New York, New York 10004-1408**

(e)   Proofs of Claim will be deemed timely filed only when received by the Clerk of the Bankruptcy Court or Omni on or before the applicable Bar Dates.

(f)   Proofs of Claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not

available; (iii) be in the English language; and (iv) be denominated in United States currency.

(g)    Proofs of claim must specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor.

(h)    Neither Omni nor the Bankruptcy Court shall not be required to accept Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission.

(i)    Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim on or before such date as the Court may fix in the applicable order authorizing such rejection.

(j)    Holders of equity security interests in the Debtors need not file proofs of interest with respect to the ownership of such equity interests, provided, however, that if any such holder asserts a claim against the Debtors (including a claim relating to an interest or the purchase or sale of such equity interest), a proof of such claim must be filed on or prior to the General Bar Date pursuant to the procedures set forth herein.

(k)    In the event that the Debtors supplement or amend their schedules to (i) designate a claim as disputed, contingent, or unliquidated, (ii) change the amount of a claim reflected therein, (iii) change the classification of a claim reflected therein, (iv) remove a claim reflected therein, or (v) add a claim that was not listed on the schedules, the Debtors shall notify the claimant of the supplement or amendment. The deadline for any holder of a claim so designated, changed, or added to file a Proof of Claim on account of any such claim is the later of (i) the applicable Bar Date and (ii) the date that is **thirty (30) days** after the Debtors provide notice of the supplement or amendment.

**ORDERED**, that the following persons or entities need not file a proof of claim on or prior

to the Bar Dates:

(a)    Any person or entity that has already filed a proof of claim against the Debtors with Omni or the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410;

(b)    Any person or entity whose claim is listed on the schedules filed by the Debtors, provided that (i) the claim is not scheduled as "disputed," "contingent" or "unliquidated,"; (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the schedules; and (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c)    Any holder of a claim that heretofore has been allowed by order of this Court;

3

(d)      A holder of a claim that has been paid in full by the Debtors;

(e)      Any holder of a claim for which specific deadlines have previously been fixed by this Court;

(f)      Any holder of a claim allowable under section 503(b) (except to the extent such claim is allowable under section 503(b)(9)) and section 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates; and

(g)      Professionals whose retentions in these Chapter 11 Cases have been approved by the Bankruptcy Court, to the extent that such professional's claim against the Debtors is for post-petition amounts due.

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the General Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED**, that holders of equity security interests in the Debtors need not file proofs of interest with respect to the ownership of such equity interests, provided, however, that if any such holder asserts a claim against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of such claim must be filed on or prior to the General Bar Date pursuant to the procedures set forth in this Order; and it is further

**ORDERED**, that if the Debtors amend or supplement the schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date of such notice to file proofs of claim in respect of their claims and shall be given notice of such deadline; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Debtors' schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED**, that a copy of the Bar Date Notice substantially in the form annexed hereto is approved and shall be deemed adequate and sufficient if served by first-class mail at least thirty-five (35) days prior to the General Bar Date on:

(a)     The United States Trustee;

(b)     All persons or entities that have requested notice of the proceedings in the Chapter 11 Cases;

(c)     All persons or entities that have filed claims;

(d)     All known creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the schedules as holding claims for which the Debtors have addresses;

(e)     All parties to executory contracts and unexpired leases of the Debtors;

(f)     The attorneys of record to all parties to pending litigation against the Debtors (as of the date of the entry of this Order);

(g)     The Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court);

5

(h)     State and local taxing authorities;

(i)     Holders of membership interests in the Debtors; and

(j)     Such additional persons and entities as deemed appropriate by the Debtors; and it
is further

**ORDERED**, that any person or entity who desires to rely on the schedules will have the responsibility for determining that the claim is accurately listed in the schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 2002(f), the Debtors shall publish the Bar Date Notice once, in the national edition of *The New York Times* at least twenty-eight (28) days prior to the General Bar Date; and it is further

**ORDERED**, that the Debtors are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file such proofs of claim or interest or be barred from doing so.

Dated:    New York, New York
          September_____, 2018

_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

## ANNEX I
## BAR DATE NOTICE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                                    :
In re:                                              :  Chapter 11
                                                    :
1141 REALTY OWNER LLC, et al.,                      :  Case No. 18-12341(SMB)
                                                    :
                          Debtors.                  :  Jointly Administered
                                                    :
----------------------------------------------------------------- X

### NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST 1141 REALTY OWNER
LLC AND FLATIRONHOTEL OPERATIONS LLC, THE DEBTORS IN THE ABOVE-
CAPTIONED CHAPTER 11 CASES, PLEASE TAKE NOTICE OF THE FOLLOWING:**

The United States Bankruptcy Court for the Southern District of New York has entered an

Order (the "Bar Date Order") establishing **November 5, 2018 at 5: 00 p.m. (prevailing Eastern**

**Time)** (the "General Bar Date") as the last date for each person or entity (including individuals,

partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim

against the above-captioned Debtors (the "Debtors")[1].

The General Bar Date and the procedures set forth below for filing proofs of claim apply

to all claims against the Debtors that arose prior to July 31, 2018 (the "Petition Date"), the date on

which the Debtors commenced their cases under chapter 11 of the United States Bankruptcy Code,

except for those holders of the claims listed in Section 4 below that are specifically excluded from

the bar date filing requirements.  Governmental units may have until **January 28, 2019 at 5:00**

**p.m. (prevailing Eastern Time)** (the "Governmental Bar Date" and, together with the General Bar

Date, the "Bar Dates"), the date that is one hundred eighty (180) days after the Petition Date, to file

---

[1] The Debtors herein and the last four digits of their respective tax identification number are: 1141 Realty Owner
LLC (1804) and Flatironhotel Operations LLC (4773). The Debtors' principal place of business is 9 West 26th Street
a/k/a 1141 Broadway, New York, New York.

proofs of claim.

1.    **WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose prior to the Petition Date, including without limitation any claim arising under Section 503(b)(9) of the Bankruptcy Code, and it is not one of the types of claims described in Section 4 below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2.    **WHAT TO FILE**

Your filed proof of claim must conform substantially to Official Form No. 410.  A proof of claim form which you may use to submit your proof of claim is enclosed with this Notice.  Additional proof of claim forms may be obtained at www.uscourts.gov/forms/bankruptcy-forms.

All proof of claim forms must be signed by the claimant or, if the claimant is not  an individual, by an authorized agent of the claimant.  It must be written in English and be denominated in United States currency.  You should attach to your completed proof of claim any  documents on which the claim is based (if voluminous, attach a summary) or an explanation as  to why the documents are not available.

Your proof of claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted and the case number of that Debtor's bankruptcy case. The names of the Debtors and their respective case numbers are: **(i) 1141 Realty Owner LLC, Case No. 18-12341; and (ii) Flatironhotel Operations LLC, Case No. 18-12342.**

3.    **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be **actually received on or before** November 5, 2018 at 5:00 p.m. (prevailing Eastern Time).** Proofs of Claim either must be filed:

(a)    Electronically through the website of the Debtors' Court-approved claims and noticing agent, Omni Management Group, Inc ("Omni"), on the website located at www.omnimgt.com/sblite/flatironhoteloperations under the link entitled "Submit a Proof of Claim";

(b)    By mailing the original Proof of Claim by U.S. Postal Service mail or overnight delivery so as to be received before the applicable bar date to Omni at:

**Omni Management Group, Inc.**
**5955 De Soto Avenue, Suite 100**
**Woodland Hills, CA 91367**

(c)    Or by delivering the original Proof of Claim by hand to the following address:

**United States Bankruptcy Court**
**Southern District of New York**

3

**One Bowling Green, Room 534**
**New York, New York 10004**

Proofs of claim will be deemed filed only if **<u>actually received</u>** at the addresses listed above or filed electronically on or before the applicable Bar Date.  Proofs of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

**4.**    <u>**WHO NEED NOT FILE A PROOF OF CLAIM**</u>

You do **not** need to file a proof of claim on or prior to the Bar Dates if you are:

(a)    A person or entity that has already filed a proof of claim against the  Debtors with O m n i  o r  the Clerk of the Bankruptcy Court for the Southern District  of New York in a form substantially similar to Official Bankruptcy Form  No. 410;

(b)    A person or entity whose claim is listed on the Debtors' Schedules (as defined below) if (i) the claim is <u>not</u> scheduled as "disputed," "contingent,"  or "unliquidated,"; (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the  Schedules; and (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c)    A holder of a claim that has previously been allowed by order of the Court;

(d)    A holder of a claim that has been paid in full by the Debtors;

(e)    A holder of a claim for which a specific deadline has previously been fixed by this Court;

4

(f)    Any holder of a claim allowable under section 503(b) (except to the extent such claim is allowable under section 503(b)(9)) and section 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates; or

(g)    Professionals whose retentions in these Chapter 11 Cases have been approved by the Bankruptcy Court, to the extent that such professional's claim against the Debtors is for post-petition amounts due.

If you are a holder of an equity interest in the Debtors, you need not file a proof of interest with respect to the ownership of such equity interest at this time.   However, if you assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, a proof of such claim must be filed on or prior to the General Bar Date pursuant to procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not mean that you have a claim or that the Debtors or the Court believes that you have a claim against the Debtors.

5.    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before the date of entry of the Bar Order, you must file a proof of claim by the General Bar Date. If you have a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Order, you must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

6.    **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION OR LIQUIDATION FILED IN THE DEBTORS' CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

7.    **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedule of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. As set forth above, if you agree with the nature, amount and status of your claim as listed in the Debtors' Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Schedules may be viewed on the internet free of charge on Omni's website for the Chapter 11 Cases (http://www.omnimgt.com/sblite/flatironhoteloperations) or for a fee at the Court's website (http://www.nysb.uscourts.gov) . A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules

6

may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at

the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 534, New York, New

York 10004-1408. Copies of the Debtors' Schedules may also be obtained by request to Debtors'

counsel at Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor,

New York, New York 10036-7203, Attn: Renea Gargiulo, Tel: (212) 972-3000.

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.**

Dated: New York, New York                                          **BY ORDER OF THE COURT**
       September __, 2018

_____
COUNSEL FOR THE DEBTORS AND

DEBTORS IN POSSESSION

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP

200 WEST 41ST STREET, 17TH FLOOR

NEW YORK, NY 10036

TELEPHONE: (212) 972-3000

TRACY L. KLESTADT

JOSEPH C. CORNEAU

CHRISTOPHER REILLY