**Hearing Date: October 30, 2018**
**Hearing Time: 10:00 a.m. (EST)**
**Objection Deadline: October 23, 2018 at 4:00p.m. (EST)**

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
Tracy L. Klestadt
Joseph C. Corneau
Christopher Reilly
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245

Attorneys for the Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
            :
In re:      :   Chapter 11
            :
1141 REALTY OWNER LLC, et al.,   :   Case No. 18-12341(SMB)
            :
        Debtors.   :   Jointly Administered
            :
-------------------------------------------------------------------X

### NOTICE OF HEARING ON DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING ASSUMPTION OF FLATIRONHOTEL OPERATIONS, LLC'S CONTRACTS WITH BOOKING.COM AND EXPEDIA

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the *Debtors' Motion for Entry of an Order Authorizing Assumption of Flatironhotel Operations, LLC's Contracts with Booking.com and Expedia* (the "Motion") shall be held on **October 30, 2018, at 10:00 a.m. (EST)** before the Honorable Stuart M. Bernstein United States Bankruptcy Judge, in Courtroom 723 at the United States Bankruptcy Court, Southern District of New York, Alexander Hamilton Customs House, One Bowling Green, New York, New York 10004-1408.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motion and the relief requested therein, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the response or objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with two hard copies delivered directly to Chambers pursuant to Local Bankruptcy Rule 9028-1 and served so as to be actually received no later than **October 23, 2018 at 4:00 p.m.** (prevailing Eastern Time) (the

"Objection Deadline"),by (a) counsel for the Debtors, Attn: Tracy L. Klestadt Esq., Klestadt Winters Jureller Southard & Stevens, LLP, 200 W. 41st Street, 17th Fl., New York, New York 10036; (b) counsel to the DIP Lender, Attn: Kenneth P. Silverman, Esq., Silverman Acampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753; (c) counsel to the Prepetition Secured Lender, Attn: Michael G. Burke, Esq., Sidley Austin, LLP, 787 Seventh Ave., New York, New York 10019; and (d) the Office of the United States Trustee for the Southern District of New York, Attn: Susan Arbeit, Esq., U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, New York 10014.

**PLEASE TAKE FURTHER NOTICE** that copies of the above-referenced Motion are available on the Bankruptcy Court's official website www.nysb.uscourts.gov for registered users of the Bankruptcy Court's case filing system, or free-of charge from the Debtors' bankruptcy website, www.omnimgt.com/sblite/flatironhoteloperations.

Dated: New York, New York
October 12, 2018

                KLESTADT WINTERS JURELLER
                SOUTHARD & STEVENS, LLP

            By: */s/ Tracy L. Klestadt*
              Tracy L. Klestadt
              Joseph C. Corneau
              Christopher Reilly
              200 West 41st Street, 17th Floor
              New York, New York 10036
              Tel: (212) 972-3000
              Fax: (212) 972-2245
              Email: tklestadt@klestadt.com
                 jcorneau@klestadt.com
                 creilly@klestadt.com

              *Attorneys for the Debtors and*
              *Debtors-in-Possession*

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
Tracy L. Klestadt
Joseph C. Corneau
Christopher Reilly
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245

Attorneys for the Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
In re:                                                         :   Chapter 11
                                                               :
1141 REALTY OWNER LLC, et al.,                                 :   Case No. 18-12341(SMB)
                                                               :
                    Debtors.                                   :   Jointly Administered
                                                               :
--------------------------------------------------------------- X

## DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING ASSUMPTION OF FLATIRONHOTEL OPERATIONS, LLC'S CONTRACTS WITH BOOKING.COM AND EXPEDIA

1141 Realty Owner LLC ("Owner") and Flatironhotel Operations LLC ("Operator" and together with Owner, the "Debtors")[1], the above-captioned debtors and debtors-in-possession hereby move (the "Motion") authorizing Operator to (a) assume the Reservation Platform Contracts (as defined below). In further support of the Motion, the Debtors rely on the *Declaration of James Katchadurian in Support of Debtors Motion for Entry of an Order Authorizing Assumption of Flatironhotel Operations, LLC's Contracts with Booking.com and Expedia* attached

---

[1] The Debtors herein and the last four digits of their respective tax identification number are: 1141 Realty Owner LLC (1804) and Flatironhotel Operations LLC (4773). The Debtors' principal place of business is 9 West 26th Street a/k/a 1141 Broadway, New York, New York.

hereto as **Exhibit A**, and further respectfully represent as follows:

## JURISDICTION AND VENUE

1.　　The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.　　Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.　　The statutory basis for the relief requested herein is section 365 of title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

4.　　On July 31, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their respective businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.　　The Court and interested parties are respectfully referred to the Declaration of James Katchadurian Pursuant to Local Bankruptcy Rules 1007-2 and 9007-1 (the "First Day Declaration") for a detailed description of the Debtors' businesses and events leading to the commencement of the Chapter 11 Cases.

6.　　The United States Trustee has not appointed an official creditors' committee in the Chapter 11 Cases. No trustee or examiner has been appointed in the Chapter 11 Cases.

## FACTS SPECIFIC TO THE RELIEF REQUESTED

### A.　　The Reservation Platform Contracts

7.　　Booking.Com B.V. ("Booking") and Expedia.Com Ltd ("Expedia") are travel booking websites and search engines for hotel reservations. Both websites help connect travelers with hotels and resorts and provide them with a streamlined booking process which allows

travelers to set up reservations at the click of a button. Prior to the Petition Date, Operator entered into agreements with both Booking.Com B.V. (the "Booking Contract") and Expedia.Com Ltd. (the "Expedia Contract" and together, the "Reservation Platform Contracts") in order for them to provide services similar to those described above.

8. Pursuant to the Booking Contract, Operator maintains an allotment of rooms that are available for reservations made through Booking's website. Pursuant to the Booking Contract, Booking is entitled to a commission based on all reservations made by customers through its website. Operator is presently in default of the Booking Contract, with a cure amount of $230,039.32 that must be paid in order to assume the Booking Contract.

9. The Expedia Contract similarly requires Operator to maintain an allotment of rooms that are exclusively offered through Expedia.com. Pursuant to the Expedia Contract, Expedia.com receives a commission based on all reservations made by customers through its website. Operator is presently in default of the Expedia Contract, with a cure amount of $85,465.60 that must be paid in order to assume the Expedia Contract.

B. **The Debtors' Decision to Assume the Reservation Platform Contracts**

10. The Debtors performed a careful review of the Reservation Platform Contracts and the costs and benefits of their partnerships with both Booking and Expedia. After the Debtors' review of the Reservation Platform Contracts, the Debtors determined that continuing the business relationships with both Booking and Expedia and maintaining the terms of the same will bring positive value to the Debtors' estates. In particular, assumption of the Reservation Platform Contracts allows Operator to maintain an important hotel reservation platform that historically generated a significant amount of revenue and cash flow for the Debtors.

11. The importance of the Booking Contracts to the Debtors' ongoing operations is

3

critical. In 2017, approximately seventy percent (70%) of all reservations were made through Booking and Expedia, generating approximately $3 million in revenue. Due to pre-petition defaults, Booking and Expedia suspended Operator's accounts. The Debtors have sought to replace such revenues through a variety of promotional efforts, including, among others, group discounts, which have been moderately successful. However, it is clear that the Debtors cannot completely replace the revenues generated by Booking and Expedia. The Debtors have therefore decided, in their business judgment, that assumption of the Reservation Platform Contracts and payment of related cures is necessary and in the best interests of the Debtors, their creditors and the estates.

## RELIEF REQUESTED

12. By this Motion, the Debtors request entry of an order, pursuant to section 365 of the Bankruptcy Code, authorizing the Debtors to (a) assume the Reservation Platform Contracts and (b) cure outstanding defaults related to the same.

## BASIS FOR RELIEF

**I.  The Court Should Approve the Assumption of the Reservation Platform Contracts Pursuant to Section 365 of the Bankruptcy Code.**

13. Section 365(a) of the Bankruptcy Code provides, in relevant part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). *See Cinicola v. Scharffenberger*, 248 F.3d 110, 119 (3d Cir. 2001) (stating that section 365 allows the debtor in possession to "'maximize the value of the debtor's estate by assuming executory contracts [or unexpired leases] that benefit the estate and rejecting those that do not'") (quoting *L.R.S.C. Co. v. Rickel Home Ctrs., Inc., (In re Rickel Home Ctrs., Inc.)*, 209 F.3d 291, 298 (3d Cir. 2000)).

14. The decision to assume or reject an executory contract is a matter within the "business judgment" of the debtor. *See Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d

4

1095, 1099 (2d Cir. 1993); *Control Data Corp. v. Zelman (In re Minges)*, 602 F.2d 38 (2d Cir. 1979); *In re Stable Mews Assocs., Inc.*, 41 B.R. 594 (Bankr. S.D.N.Y. 1984); *In re Armstrong World Indus., Inc.*, 348 B.R. 136, 162 (D. Del. 2006) ("Under section 365 of the Bankruptcy Code, a debtor may assume an executory contract or unexpired lease if (i) outstanding defaults under the contract or lease have been cured under section 365(b)(1) of the Bankruptcy Code, and (ii) the debtor's decision to assume such executory contract or unexpired lease is supported by valid business justifications."); *In re Nickels Midway Pier, LLC*, 341 B.R. 486, 493 (D. N.J. 2006); *In re Pinnacle Brands, Inc.*, 259 B.R. 46, 53–54 (Bankr. D. Del. 2001) ("The Debtor's decision to assume or reject an executory contract is based upon its business judgment.") (citation omitted).

15. The business judgment rule shields a debtor's management from judicial second-guessing. *Johns-Manville Corp.*, 60 B.R. at 615–16 ("a presumption of reasonableness attaches to a debtor's management decisions."). Once a debtor articulates a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)). Indeed, when applying the "business judgment" standard, courts show great deference to a debtor's business decisions. *See Pitt v. First Wellington Canyon Assocs. (In re First Wellington Canyon Assocs.)*, No. 89 c 593, 1989 WL 106838, at *3 (N.D. Ill. Sept. 8, 1989) ("Under this test, the debtor's business judgment . . . must be accorded deference unless shown that the bankrupt's decision was taken in bad faith or in gross abuse of the bankrupt's retained discretion.").

16. The "business judgment" test is not an unduly strict standard; it merely requires

5

showing that either assumption or rejection of an executory contract or unexpired lease will benefit the debtor's estate. *See, e.g.*, *Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.)*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996) ("In reviewing a debtor's decision to assume or reject an executory contract, the court must examine the contract and circumstances and apply its best 'business judgment' to determine if the assumption or rejection would be beneficial or burdensome to the estate."); *In re Riodizio, Inc.*, 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management"); *In re Network Access Solutions, Corp.*, 330 B.R. 67, 75 (Bankr. D. Del. 2005) (stating that "[t]he standard for approving the assumption of an executory contract is the business judgment rule" and noting that the bankruptcy court had to find that the debtor was acting on an informed basis, in good faith, and with the honest belief that assumption was in the best interests of the debtor and its estate in order to approve a motion to assume prepetition agreements).

17.    When applying the "business judgment" rule, courts show great deference to the debtor's decision-making. *See In re Crystalin, L.L.C.*, 293 B.R. 455, 464 (B.A.P. 8th Cir. 2003) (finding that the court need not "place itself in the position of the trustee or debtor-in-possession") (omitting citations); *see also Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) ("[C]ourt approval under Section 365(a), if required, except in extraordinary situations, should be granted as a matter of course.").

18.    The Debtors submit that it is in their best interests to assume the Reservation Platform Contracts. As described above, after reviewing the costs and benefits of the Reservation Platform Contracts, the Debtors determined that continuing the business relationships with both Booking and Expedia will bring positive value to the Debtors' estates. Assumption of the Reservation Platform Contracts, therefore, is a sound exercise of business judgment and in the

6

best interest of the Debtors, their estates, and their creditors and should be approved.

**II.    The Debtors Have Provided for Payment of the Cure Amount and Adequate Assurance of Future Performance.**

19.    Section 365(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") provides that:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> 1. cures, or provides adequate assurance that the trustee will promptly cure, such default . . .;
>
> 2. compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> 3. provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

20.    Here, the Debtors do have past due obligations related to the Reservation Platform Contracts. As noted above, Booking is owed $230,039.32 and Expedia is owed $85,465.60. The Debtors' past due obligations payable under the Reservation Platform Contracts total $315,504.92 (the "Cure Amount"). The Debtors will pay the Cure Amount to Booking and Expedia promptly after the Court's approval of this Motion.

21.    Upon payment of the Cure Amount, the Debtors submit that they will have fully cured all defaults arising under the Settlement Agreement that are required to be cured by section 365(b)(1)(A) of the Bankruptcy Code (after giving effect to section 365(b)(2) of the Bankruptcy Code).

22.    In addition, payment of the Cure Amount and keeping current on their obligations

7

under the Reservation Platform Contracts is contemplated by the agreed-to budget attached to the *Final Order Pursuant to Sections 363, 364(c), and 503 of the Bankruptcy Code (I) Authorizing Debtors in Possession to Incur Post-Petition Secured Indebtedness, Granting Security Interests and Priority Claims, and Granting Additional Relief; and (II) Authorizing the Use of the Prepetition Secured Lender's Cash Collateral and Providing Adequate Protection Therefor* (the "DIP Financing Order") [Docket No. 62]. The financing and use of cash collateral provide the Debtors resources necessary to pay the Cure Amount and keep current on the Reservation Platform Contracts. The requirements of section 365(b)(1)(C) of the Bankruptcy Code are therefore satisfied.

## NOTICE

23. Notice of this Motion will be given to (a) the Debtors' twenty largest creditors; (b) counsel to the DIP Lender, Attn: Kenneth P. Silverman, Esq., Silverman Acampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753; (c) counsel to the Prepetition Secured Lender, Attn: Michael G. Burke, Esq., Sidley Austin, LLP, 787 Seventh Ave., New York, New York 10019; (d) the Office of the United States Trustee for the Southern District of New York, Attn: Susan Arbeit, Esq., U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, New York 10014.; and (e) Booking and Expedia.

## NO PRIOR REQUEST

24. No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit B**, granting the relief requested herein and granting such other relief as is just and proper.

Dated: New York, New York
October 12, 2018

          KLESTADT WINTERS JURELLER
          SOUTHARD & STEVENS, LLP

     By: */s/ Tracy L. Klestadt*
        Tracy L. Klestadt
        Joseph C. Corneau
        Christopher Reilly
        200 West 41st Street, 17th Floor
        New York, New York 10036
        Tel: (212) 972-3000
        Fax: (212) 972-2245
        Email: tklestadt@klestadt.com
           jcorneau@klestadt.com
           creilly@klestadt.com

        *Attorneys for the Debtors and*
        *Debtors-in-Possession*

## **Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
In re:                                                             :   Chapter 11
                                                                   :
1141 REALTY OWNER LLC, et al.,                                     :   Case No. 18-12341(SMB)
                                                                   :
                            Debtors.                               :   Jointly Administered
                                                                   :
------------------------------------------------------------------ X

**DECLARATION OF JAMES KATCHADURIAN IN SUPPORT OF DEBTORS'
MOTION FOR ENTRY OF AN ORDER AUTHORIZING ASSUMPTION OF
FLATIRONHOTEL OPERATIONS, LLC'S CONTRACTS WITH
BOOKING.COM AND EXPEDIA**

James Katchadurian, declares as follows pursuant to 28 U.S.C. § 1746:

1.  I am the Chief Restructuring Officer for debtors 1141 Realty Owner LLC ("Owner") and Flatironhotel Operations, LLC ("Operator", and collectively with Owner, the "Debtors")[2], the above-captioned debtors and debtors in possession, which each filed a voluntary Chapter 11 petition on July 31, 2018 (the "Petition Date").

2.  I submit this declaration (the "Declaration") in support of the *Debtors' Motion for Entry of an Order Authorizing Assumption of Flatironhotel Operations, LLC's Contracts with Booking.com and Expedia*.

3.  Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge, my review of the Debtors' books and records and other relevant documents. Any opinions set forth herein are based on my experience, expertise and knowledge of the Debtors' operations and financial condition, and/or information and materials that the Debtors' professional

---

[2] The Debtors herein and the last four digits of their respective tax identification number are: 1141 Realty Owner LLC (1804) and Flatironhotel Operations LLC (4773). The Debtors' principal place of business is 9 West 26th Street a/k/a 1141 Broadway, New York, New York.

advisors have supplied to me. If I were called to testify as a witness in this matter, I would testify to the facts set forth herein.

4. The assumption of the Reservation Platform Contracts with Booking and Expedia is critical to the Debtors' operations.

5. In 2017, approximately seventy percent (70%) of all reservations were made through Booking and Expedia, generating approximately $3 million in revenue.

6. Due to pre-Petition Date defaults, Booking and Expedia have suspended the Debtors' accounts. The Debtors have sought to replace such revenues through a variety of promotional efforts, including, among others, group discounts, which have been moderately successful. However, it is clear that the Debtors cannot completely replace the revenues generated by Booking and Expedia.

7. The Debtors have therefore decided, in their business judgment, that assumption of the Reservation Platform Contracts and payment of related cures is necessary and in the best interests of the Debtors, their creditors and the estates.

8. The payment of the Cure Amount is necessary to the assumption of the Reservation Platform Contracts. Although the Cure Amount relates to pre-Petition Date obligations, I believe that the revenue that will be generated once Booking and Expedia re-list the Debtors on their websites will promptly replace the funds required to pay the Cure Amount and is therefore a prudent use of estate resources.

9. I further believe that the financing and use of cash collateral authorized by the *Final Order Pursuant to Sections 363, 364(c), and 503 of the Bankruptcy Code (I) Authorizing Debtors in Possession to Incur Post-Petition Secured Indebtedness, Granting Security Interests and Priority Claims, and Granting Additional Relief; and (II) Authorizing the Use of the Prepetition*

*Secured Lender's Cash Collateral and Providing Adequate Protection Therefor* provides funding sufficient to demonstrate adequate assurance of future performance under the Reservation Platform Agreements.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:   New York, New York
         October 12, 2018

                                        /s/ *James Katchadurian*
                                        James Katchadurian
                                        Chief Restructuring Officer
                                        1141 Realty Owner LLC
                                        Flatironhotel Operations LLC

## **EXHIBIT B**

**Proposed Order**

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                                                :
In re:                                                          :    Chapter 11
                                                                :
1141 REALTY OWNER LLC, et al.,                                  :    Case No. 18-12341(SMB)
                                                                :
                        Debtors.                                :    Jointly Administered
                                                                :
---------------------------------------------------------------- X
```

Upon the motion (the "Motion")³ of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to section 365 of the Bankruptcy Code, authorizing the Debtors to assume the Reservation Platform Contracts, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

    1.       The Motion is granted as set forth herein.

    2.       Pursuant to section 365 of the Bankruptcy Code, the Debtors are hereby authorized

---

³ All capitalized terms not herein defined shall have the meanings ascribed to them in the Motion.

to assume the Reservation Platform Contracts.

3. Payment of the Cure Amount pursuant to this Order shall constitute the cure of all defaults arising under the Reservation Platform Contracts that are required to be cured pursuant section 365(b)(1)(A) of the Bankruptcy Code (after giving effect to section 365(b)(2) of the Bankruptcy Code).

4. The Debtors are hereby authorized to pay the Cure Amount for the Reservation Platform Contracts.

5. The Debtors have demonstrated adequate assurance of future performance of the Reservation Platform Contracts and has satisfied the requirements of section 365(b)(1)(C) of the Bankruptcy Code related thereto.

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:   New York, New York
         October ____, 2018

                                                      _____
                                                      HONORABLE STUART M. BERNSTEIN
                                                      UNITED STATES BANKRUPTCY JUDGE