KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
Tracy L. Klestadt
Joseph C. Corneau
Christopher Reilly
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245

Attorneys for the Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
|   |   |
| :--- | :--- |
| In re: | : Chapter 11 |
|   | : |
| 1141 REALTY OWNER LLC, et al., | : Case No. 18-12341(SMB) |
|   | : |
| Debtors. | : Jointly Administered |
|   | : |

------------------------------------------------------------- X

**NOTICE OF HEARING ON DEBTOR'S OBJECTION TO CLAIM NO. 14 FILED BY
WILMINGTON TRUST, N.A., SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE
BENEFIT OF THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL
MORTGAGE TRUST 2015-C28, COMMERCIAL MORTGAGE PASS
THROUGH CERTIFICATES, SERIES 2015-C28**

**PLEASE TAKE NOTICE** that on **December 20, 2018 at 10:00 a.m.**, a hearing will be
held before United States Bankruptcy Judge Stuart M. Bernstein at the United States Bankruptcy
Court, Southern District of New York, Alexander Hamilton Custom House, One Bowling Green,
Courtroom 723, New York, New York 10004-1408, or as soon thereafter as counsel can be heard,
to consider Debtors' Objection to Proof of Claim No. 14 filed by Wilmington Trust, N.A., solely
in its capacity as Trustee for the benefit of the Registered Holders of Wells Fargo Commercial
Mortgage Trust 2015-C28, Commercial Mortgage Pass Through Certificates, Series 2015-C28
(the "Claim Objection").

**PLEASE TAKE FURTHER NOTICE** that responding papers filed by parties with legal
representation shall be filed (a)(i) through the Bankruptcy Court's electronic filing system (in
accordance with General Order M-242), which may be accessed through the Internet at the
Bankruptcy Court's website: www.nysb.uscourts.gov, and (ii) in portable document format (PDF)
using Adobe Exchange software for conversion; or (b) if a party is unable to file electronically,
such party shall submit the objection in PDF format on a diskette in an envelope with the case
name, case number, type and title of document, document number of the document of which the

objection refers, and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use PDF format, such party shall submit the objection on a diskette in either Word, WordPerfect, or DOS text (ASCII) format. An objection filed by a party with no legal representation shall comply with section (a), (b) or (c), as set forth in this paragraph, and shall be hand delivered directly to the Chambers of Hon. Stuart M. Bernstein. The objection shall be served in accordance with General Order M-242 or by first-class mail so as to be received **no later than 4:00 p.m. on December 13, 2018** (the "Response Deadline") by (a) counsel for the Debtors, Attn: Tracy L. Klestadt Esq.,  Klestadt Winters Jureller Southard & Stevens, LLP, 200 W. 41st Street, 17th Fl., New York, New York 10036; (b) counsel to the DIP Lender, Attn: Kenneth P. Silverman, Esq., Silverman Acampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753; (c) the Office of the United States Trustee for the Southern District of New York, Attn: Susan Arbeit, Esq., U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, New York 10014; and (d) those parties who have filed notices of appearance in this chapter 11 case. In the event that no answering papers are filed by this date, the relief sought shall be deemed uncontroverted and the Court may enter an appropriate order.

**PLEASE TAKE FURTHER NOTICE** that attendance at this hearing is not mandatory.

Dated:  New York, New York
November 16, 2018

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP

By: *Tracy L. Klestadt*
Tracy L. Klestadt
Joseph C. Corneau
Christopher Reilly
200 West 41st Street, 17th Floor
New York, NY 10036
(212) 972-3000

*Attorneys for the Debtors and Debtors-in-Possession*

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
Tracy L. Klestadt
Joseph C. Corneau
Christopher Reilly
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245

Attorneys for the Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
                                            :

In re:                                 :   Chapter 11
                                            :

1141 REALTY OWNER LLC, et al.,    :   Case No. 18-12341(SMB)
                                            :

                          Debtors.    :   Jointly Administered
                                            :

----------------------------------------------------------------- X

## DEBTORS' OBJECTION TO CLAIM NO. 14 FILED BY WILMINGTON TRUST, N.A., SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE TRUST 2015-C28, COMMERCIAL MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2015-C28

       1141 Realty Owner LLC ("Owner")[1], one of the debtors and debtors-in-possession

("Debtors") in the above captioned cases (the "Chapter 11 Cases"), hereby objects ("Objection")

to the claim of the Wilmington Trust, N.A., solely in its capacity as Trustee for the benefit of the

Registered Holders of Wells Fargo Commercial Mortgage Trust 2015-C28, Commercial Mortgage

Pass Through Certificates, Series 2015-C28 ("Claimant"), and respectfully states as follows:

---

[1] The Debtors herein and the last four digits of their respective tax identification number are: 1141 Realty Owner LLC (1804) and Flatironhotel Operations LLC (4773). The Debtors' principal place of business is 9 West 26th Street a/k/a 1141 Broadway, New York, New York.

## PRELIMINARY STATEMENT

On November 2, 2018, Claimant filed its claim (the "Claim") with the Clerk (the "Clerk") of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in the case of debtor 1141 Realty Owner LLC[2]. The Claim was designated as Claim No. 14 by Omni Consulting Inc., the Debtors' claim and noticing agent ("Claims Agent").

The Claim, which asserts "not less than" $32,048,285.29 (the "Claimed Amount") is not entitled to evidentiary effect as prima facie evidence of the validity or amount of the claim pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") because it lacks critical facts and documentation necessary for Owner to verify the Claimed Amount. As a result, Owner is forced to file this Objection to obtain discovery from Claimant to ascertain the proper amount of Claimant's claim, which it intends to do simultaneously with the filing of this Objection.

In addition, the Claim includes a component entitled "Yield Maintenance Default Premium," of $2,542,737.63, which is disallowed as a matter of law in the Second Circuit.

## BACKGROUND

1.       On July 31, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their respective businesses as debtors-in debtors-in-possession

2.       The Court and interested parties are respectfully referred to the Declaration of James Katchadurian Pursuant to Local Bankruptcy Rules 1007-2 and 9007-1 (the "First Day Declaration") for a detailed description of the Debtors' businesses and events leading to the commencement of the Chapter 11 Cases.

---

[2] The Debtor Flatironhotel Operations LLC is not obligated to Claimant and Claimant did not file a proof of claim with respect to Flatironhotel Operations LLC.

3.      The United States Trustee has not appointed an official creditors' committee in the Chapter 11 Cases. No trustee or examiner has been appointed in the Chapter 11 Cases.

## RELIEF REQUESTED

4.      By this Objection, Owner requests entry of an order disallowing the Claim until such time as the Claimed Amount is supported by credible and admissible evidence. In addition, Owner seeks disallowance of that portion of the Claimed Amount that seeks payment of a "Yield Maintenance Default Premium" as a matter of law.

## BASIS FOR RELIEF

5.      Pursuant to 11 U.S.C. § 502(a), a filed proof of claim is deemed allowed, unless a party in interest objects thereto.  Rule 3001(f) provides for prima facie validity of a claim, provided that it is in compliance with the Bankruptcy Rules. See Fed. R. Bankr. P. 3001(f). Rule 3007 of the Bankruptcy Rules provides that an objection to a proof of claim must be in writing, and that the claimant must be provided with not less than thirty (30) days' notice of the hearing to be held in respect of such objection.  See Fed. R. Bankr. P. 3007(a).

## ARGUMENT

6.      The Claim is not entitled to the evidentiary status of prima facie validity and amount. Although the Claim includes over 200 pages of attachments, none of the attachments could reasonably permit Owner ascertain how Claimant calculated the amounts set forth in the Claim.

7.      The only meagre substantiation of how the Claim was calculated is in a summary chart, reproduced here:

| PAYMENT TYPE | NOTE A AMOUNTS OWED | NOTE B AMOUNTS OWED | SECTION OF LOAN AGREEMENT |
|---|---|---|---|
| Principal Balance | $21,267,944.87 | $1,588,045.00 | Notes |
| Interest | $267,028.50 | $112,128.33 | 1.1.1 |
| Default Interest | $2,911,526.48 | $244,274.68 | 1.1.1 |
| Late Fees Due | $67,503.42 | $20,711.23 | 2.2.4 |
| Financials | $11,000.00 | n/a | 4.1.4(h) |
| Workout Fee | $277,208.16 | $25,324.60 | 8.3 |
| Tax Advances | $299,360.93 | n/a | 6.2; 9.13 |
| Property Protection Advances | $1,930,210.58 | $691.52 | 9.13 |
| Yield Maintenance Default Premium | $2,542,737.63 | $565,359.15 | 1.1.1; 2.3.3 |
| Payoff Processing Fee | $1,400.00 | $1,250.00 | - |
| Suspense Balance | ($21,428.56) | ($0.00) | - |
| Insurance Balance | ($63,991.23) | ($0.00) | - |
| Total Payoff Due | $29,490,500.78 | $2,557,784.51 | - |
| Aggregate Payoff Amount (for Notes A and B) | $32,048.285.29 | | |

8.    Absent from the multiple attachments to the Claim are (a) any business records of Claimant that substantiates any of the various fees and charges, such as invoices; (b) any detailed accounting of the various fees and charges set forth above; and (c) any reconciliation of amounts received prior to and after the Petition Date that details application of receipts and disbursements since inception[3].

---

[3] Claimant has refused to provide Owner with any accounting or reconciliation, both prior to and after the Petition Date, despite multiple requests. See First Day Declaration ¶ 21.

9.      Upon the filing of this Objection, Owner will serve Claimant with discovery requests as a contested matter pursuant under Rule 9014 of the Bankruptcy Rules in order to ascertain how Claimant calculated the Claimed Amount.

10.     Moreover, the Claim seeks some $2,542,737.63 as a "Yield Maintenance Default Premium." The United States Court of Appeals for the Second Circuit has held that in cases like this, *i.e.*, when a lender has accelerated the debt, such premiums are disallowed. See Momentive Performance Materials Inc. v. BOKF, NA, et al., 874 F.3d 787 (2d Cir. 2016). In Momentive, the Second Circuit employed its reasoning from an earlier case, In re AMR Corp.. 730 F.3d 88, in which it held:

> American's bankruptcy petition triggered a default, and this default automatically accelerated the debt. That acceleration *changed the date of maturity from some point in the future…to an earlier date* based on the debtor's default under the contract….When the event of default occurred and the debt was accelerated, the new maturity for the debt was November 29, 2011 [the date of the bankruptcy petition]. Consequently, American's attempt to repay the debtor in October 2012 was *not a voluntary prepayment because [p]repayment can only occur prior to the maturity date*.

Id. at 103 (emphasis added; internal citations and quotation marks omitted).

11.     Here, Claimant accelerated Owner's obligations to it on September 15, 2017. See Claim, Exhibit H.  Thus, the date of maturity occurred on September 15, 2017. As a result, Claimant is not entitled to a "Yield Maintenance Default Premium."

## RESERVATION OF RIGHTS

12.     Owner reserves the right to further amend, supplement, revise, object or otherwise respond to the Claim on any and all additional factual or legal grounds relevant to the Claim, and, without limiting the foregoing, to (i) amend the Objection; (ii) adjourn any hearing scheduled on the Objection; (iii) file additional papers in support of the Objection; and (iv) take all other appropriate actions to (a) respond to any allegation or defense that may be raised in a response

5

filed by or on behalf of Claimant or other party-in-interest, (b) further object to the Claim in the event that Claimant provides (or attempts to provide) additional documentation or substantiation of its Claim, and/or (c) further object to the Claim based on additional information that may be discovered upon further review by Owner or through discovery pursuant to the applicable provisions of Part VII of the Bankruptcy Rules.

## **NOTICE**

13.     Notice of this Objection has been provided to: (i) Claimant and its counsel at the addresses listed on the Claim, (ii) the Office of the United States Trustee, and (iii) all parties who have filed a notice of appearance in the Chapter 11 Cases.  Owner submits such notice is sufficient for the relief requested and that no other or further notice need be provided.

WHEREFORE, Owner respectfully requests that this Court (a) enter an order granting the relief requested herein, substantially in the form attached hereto as **Exhibit A**, and (b) grant Owner such other relief as the Court deems just and proper.

Dated:   New York, New York
         November 16, 2018

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP

By:  *Tracy L. Klestadt*
     Tracy L. Klestadt
     Joseph C. Corneau
     Christopher Reilly
     200 West 41st Street, 17th Floor
     New York, New York 10036
     Tel: (212) 972-3000
     Fax: (212) 972-2245
     Email: tklestadt@klestadt.com
            jcorneau@klestadt.com
            creilly@klestadt.com

     *Attorneys for the Debtors and
     Debtors-in-Possession*

6

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                         :

In re:                            :  Chapter 11
                                           :

1141 REALTY OWNER LLC, et al.,     :  Case No. 18-12341(SMB)
                                         :

                   Debtors.        :  Jointly Administered
                                         :

----------------------------------------------------------------- X

**ORDER GRANTING DEBTORS' OBJECTION TO CLAIM NO. 14 FILED BY
WILMINGTON TRUST, N.A., SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE
BENEFIT OF THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL
MORTGAGE TRUST 2015-C28, COMMERCIAL MORTGAGE PASS
THROUGH CERTIFICATES, SERIES 2015-C28**

        Upon consideration of the Debtors' Objection to Claim No. 14 Filed By Wilmington Trust,

N.A., solely in its capacity as Trustee for the benefit of the Registered Holders of Wells Fargo

Commercial Mortgage Trust 2015-C28, Commercial Mortgage Pass Through Certificates, Series

2015-C28 [Docket No. __]  (the "Objection") seeking the entry of an order disallowing No. 14;

and the Court having reviewed the Objection and after a properly noticed hearing before the Court

(the "Hearing"); and the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157, this is a core proceeding pursuant to 28 U.S.C. § 157(b), and that notice of the Objection

and Hearing was sufficient under the circumstances and in full compliance with the requirements

of the Bankruptcy Code, the Bankruptcy Rules and orders of this Court; and the Court having

determined that the legal and factual bases set forth in the Objection and at the Hearing establish

just cause for the relief granted herein, it is hereby

        ORDERED that Claim No. 14 filed by Wilmington Trust, N.A., solely in its capacity as

Trustee for the benefit of the Registered Holders of Wells Fargo Commercial Mortgage Trust

2015-C28, Commercial Mortgage Pass Through Certificates, Series 2015-C28 is hereby disallowed pursuant to Bankruptcy Rule 3001(f); and it is further

ORDERED that Debtors and their professionals, as well as the Claims Agent, are authorized to take any and all actions that are necessary or appropriate to give effect to this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: November __, 2018
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2