**Hearing Date:** December 20, 2018 at 10:00 a.m.
**Objection Deadline:** December 13, 2018 at 4:00 p.m.

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
Tracy L. Klestadt
Joseph C. Corneau
Christopher Reilly
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245

Attorneys for the Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                                        :
In re:                                                  :  Chapter 11
                                                        :
1141 REALTY OWNER LLC, et al.,                          :  Case No. 18-12341(SMB)
                                                        :
                              Debtors.                  :  Jointly Administered
                                                        :
-------------------------------------------------------------------X

### NOTICE OF HEARING ON DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING EXCLUSIVE PERIODS DURING WHICH DEBTORS MAY FILE A PLAN AND SOLICIT ACCEPTANCES THEREOF

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the *Debtors' Motion for Entry of an Order Extending Exclusivity Periods During which Debtors May File a Plan and Solicit Acceptances Thereof* (the "Motion") shall be held on **December 20, 2018, at 10:00 a.m. (EST)** before the Honorable Stuart M. Bernstein United States Bankruptcy Judge, in Courtroom 723 at the United States Bankruptcy Court, Southern District of New York, Alexander Hamilton Customs House, One Bowling Green, New York, New York 10004-1408.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motion and the relief requested therein, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the response or objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with two hard copies delivered directly to Chambers pursuant to Local Bankruptcy Rule 9028-1 and served so as to be actually received no later than **December 13, 2018 at 4:00 p.m.** (prevailing Eastern Time) (the "Objection Deadline"),by (a) counsel for the Debtors, Attn: Tracy L. Klestadt Esq.,  Klestadt

Winters Jureller Southard & Stevens, LLP, 200 W. 41st Street, 17th Fl., New York, New York 10036; (b) counsel to the DIP Lender, Attn: Kenneth P. Silverman, Esq., Silverman Acampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753; (c) counsel to the Prepetition Secured Lender, Attn: Michael G. Burke, Esq., Sidley Austin, LLP, 787 Seventh Ave., New York, New York 10019; and (d) the Office of the United States Trustee for the Southern District of New York, Attn: Susan Arbeit, Esq., U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, New York 10014.

**PLEASE TAKE FURTHER NOTICE** that copies of the above-referenced Motion are available on the Bankruptcy Court's official website www.nysb.uscourts.gov for registered users of the Bankruptcy Court's case filing system, or free-of charge from the Debtors' bankruptcy website, www.omnimgt.com/sblite/flatironhoteloperations.

Dated:    New York, New York
          November 28, 2018

                                KLESTADT WINTERS JURELLER
                                SOUTHARD & STEVENS, LLP


                    By:    /s/ Tracy L. Klestadt
                           Tracy L. Klestadt
                           Joseph C. Corneau
                           Christopher Reilly
                           200 West 41st Street, 17th Floor
                           New York, New York 10036
                           Tel: (212) 972-3000
                           Fax: (212) 972-2245
                           Email: tklestadt@klestadt.com
                                  jcorneau@klestadt.com
                                  creilly@klestadt.com

                           *Attorneys for the Debtors and
                           Debtors-in-Possession*

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
Tracy L. Klestadt
Joseph C. Corneau
Christopher Reilly
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245

Attorneys for the Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                                     :

In re:                                  :   Chapter 11
                                                     :

1141 REALTY OWNER LLC, et al.,     :   Case No. 18-12341(SMB)
                                                   :

                       Debtors.      :   Jointly Administered
                                                     :
------------------------------------------------------------------ X

### DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING EXCLUSIVE PERIODS DURING WHICH DEBTORS MAY FILE A PLAN AND SOLICIT ACCEPTANCES THEREOF

1141 Realty Owner LLC ("Owner") and Flatironhotel Operations LLC ("Operator" and together with Owner, the "Debtors")[1], the debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby submit this motion (the "Motion") for an order extending the exclusive periods during which the Debtors may file a plan and solicit acceptances thereof pursuant to sections 105(a) and 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"). In support of the Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors herein and the last four digits of their respective tax identification number are: 1141 Realty Owner LLC (1804) and Flatironhotel Operations LLC (4773). The Debtors' principal place of business is 9 West 26th Street a/k/a 1141 Broadway, New York, New York.

## JURISDICTION AND VENUE

1.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.        Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The statutory predicate for the relief requested herein is 11 U.S.C. §§ 105(a) and

1121(d) of the Bankruptcy Code.

## BACKGROUND

4.       On July 31, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under

Chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their respective

businesses as debtors-in-possession.

5.       The Court and interested parties are respectfully referred to the Declaration of

James Katchadurian Pursuant to Local Bankruptcy Rules 1007-2 and 9007-1 (the "First Day

Declaration") for a detailed description of the Debtors' businesses and events leading to the

commencement of the Chapter 11 Cases.

6.       The United States Trustee has not appointed an official creditors' committee in the

Chapter 11 Cases. No trustee or examiner has been appointed in the Chapter 11 Cases.

## RELIEF REQUESTED

7.       By this Motion, the Debtors are seeking entry of an order, substantially in the form

annexed hereto as **Exhibit A**, extending the 120-day period during which only the Debtors may

file a plan and the 180-day period during which the Debtors may solicit acceptances to any such

plan (collectively, the "Exclusive Periods"), each by 90 days, through and including February 18,

2019 and April 13, 2019[2] respectively, pursuant to section 1121(d) of the Bankruptcy Code.

---

[2] The Debtors' current Exclusive Periods to file a plan and solicit acceptances thereto run through and including
November 28, 2018 and January 28, 2019, respectively.

2

## BASIS FOR RELIEF REQUESTED

4.      Section 1121 of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a Chapter 11 case and entry of an order for relief during which a debtor has the exclusive right to file a plan.  See 11 U.S.C. § 1121(b).  If a plan is filed by the debtor within that 120-day period, no other party may file a plan for a total of 180 days from the petition date, in order to provide the debtor with sufficient time to seek acceptances of its plan.  See 11 U.S.C. § 1121(c)(3).

5.      Section 1121(d) of the Bankruptcy Code provides, however, that the bankruptcy court may, for cause shown, increase the 120-day and 180-day exclusive periods.  In re Adelphia Communs. Corp., 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006); In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 407 (E.D.N.Y. 1989); In re United Press Int'l, Inc., 60 B.R. 265, 270 (Bankr. D. D.C. 1986).

6.      In particular, Section 1121(d)(1) of the Bankruptcy Code provides:

> Subject to paragraph (2),[3] on request of a party of interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1).

7.      Whether "cause" exists to extend a debtor's exclusive periods to file and solicit acceptances of a plan is a decision committed to the sound discretion of the bankruptcy court based upon the facts and circumstances of each particular case.  See Adelphia, 336 B.R. at 674; Gibson, 101 B.R. at 409; see also In re Texaco, Inc., 76 B.R. 322, 326 (Bankr. S.D.N.Y 1987).  Congress

---

[3] Paragraph (d)(2) of Section 1121 of the Bankruptcy Code provides that the 120-day period and 180-day period specified in paragraph (1) may not be extended beyond the dates that are 18 months and 20 months, respectively, after the date the order for relief is entered.  The extensions sought by this Motion are well within the firm deadlines imposed by § 1121(d)(2).

intended to give bankruptcy courts maximum flexibility to make such a determination. Gibson,

101 B.R. at 409 (citing In re Public Service Company of New Hampshire, 88 B.R. 521, 534 (Bankr.

D. N.H. 1988)); In re Amko Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996).

8.     In determining whether cause exists to extend a debtor's exclusive periods, courts

examine several factors, including the following:

    a.   the size and complexity of the case;

    b.   the necessity of sufficient time to permit the debtor to negotiate a plan of
reorganization and prepare adequate information to allow a creditor to determine
whether to accept such plan;

    c.   the existence of good faith progress towards reorganization;

    d.   whether the debtor is paying its bills as they come due;

    e.   whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    f.   whether the debtor has made progress in negotiations with its creditors;

    g.   the amount of time which has elapsed in the case;

    h.   whether the debtor is seeking an extension of exclusivity in order to pressure
creditors to submit to the debtor's reorganization demands; and

    i.   whether an unresolved contingency exists.

Adelphia, 336 B.R. at 674; In re Crescent Mfg. Co., 122 B.R. 979, 982 (Bankr. N.D. Ohio 1990)

(citing Texaco, 76 B.R. 322); In re Dow Corning Corp., 208 B.R. 661, 665 (Bankr. D. Mich.

1997); In re Express One Int'l, 194 B.R. 98, 100 (Bankr. D. Tex. 1996).

9.     When evaluating these factors, the goal is to determine whether a debtor has had a

reasonable opportunity to negotiate an acceptable plan with various interested parties and to

prepare adequate financial and non-financial information concerning the ramifications of any

proposed plan for disclosure to creditors.  See In re McLean Indus., Inc., 87 B.R. 830, 833-34

(Bankr. S.D.N.Y. 1987); Texaco, 76 B.R. at 326.

4

10.     Courts have emphasized that it is not simply a question of adding up the number of factors that weigh for and against an extension or deduction of exclusivity.  It is within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each factor.  See In re Hoffinger Industries, Inc., 292 B.R. 639, 644 (8th Cir. BAP 2003); In re Situation Mgmt. Sys., Inc., 252 B.R. 859 (Bankr. D. Mass. 1998).  See also In re Dow Corning Corp., 208 B.R. 661, 669 (Bankr. E.D. Mich. 1997) (no one factor is dispositive and the court is not restricted to counting factors).

11.     The Debtors respectfully submit that "cause" exists for the Court to extend the Exclusive Periods.  In particular, the following factors all weigh in favor of granting an extension at this time:

- Since the Petition Date, the Debtors have been diligently working with Premier Flatiron LLC (the "DIP Lender") to secure financing to enable confirmation of a plan of reorganization. A plan and disclosure statement have been prepared and will be ready to file when financing is secured.

- The Debtors sought and obtained an order of the Court establishing deadlines to file proofs of claim (the "Bar Date"). The Bar Date for all creditors other than governmental entities was November 5, 2018 and the Bar Date for governmental entities is January 28, 2019.

- The Debtors have engaged Wilmington Trust, N.A., solely in its capacity as Trustee for the benefit of the Registered Holders of Wells Fargo Commercial Mortgage Trust 2015-C28, Commercial Mortgage Pass Through Certificates, Series 2015-C28 (the "Prepetition Secured Lender") by filing an objection to the Prepetition Secured Lender's claim (the "Claim Objection") and serving contested matter

5

discovery demands on the Prepetition Secured Lender required to verify the amounts claimed by the Prepetition Secured Lender. The Debtor intends to depose witnesses for the Prepetition Secured Lender in the month of December. A hearing on the Claim Objection is presently scheduled for December 20, 2018.

12.    The Debtors believe that the proposed extension of exclusivity will provide sufficient additional time to allow the Debtors to continue negotiating with the DIP Lender and complete tasks required to confirm a plan.  As a result of the foregoing, the Debtors submit that cause exists for the relief requested herein.

13.    Although the Debtors believes that an acceptable plan can be developed within the requested extensions of its Exclusive Periods, the Debtors reserve the right to request additional extensions to the extent necessary under the circumstances.

## LOCAL BANKRUPTCY RULE 9006-2

14.    The Debtor's current Exclusive Period to file a plan will expire on November 28, 2018; however, Local Bankruptcy Rule 9006-2 provides that when a motion to extend the time to take any action is filed before the expiration of the proscribed period, with a return date that is no less than fourteen days after the date of the filing of the motion, the "time shall automatically be extended until the Court resolves the motion to extend the time." Local Bankruptcy Rule 9006-2. By filing this motion prior to the November 28, 2018 deadline, Local Bankruptcy Rule 9006-2 automatically extends the deadline until the Court resolves the Motion.

## NOTICE

15.    Notice of this Motion will be given to (a) the Debtors' twenty largest creditors; (b) counsel to the DIP Lender, Attn: Kenneth P. Silverman, Esq., Silverman Acampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753; (c) counsel to the Prepetition Secured Lender, Attn: Michael G. Burke, Esq., Sidley Austin, LLP,  787 Seventh Ave., New York, New York

10019; and (d) the Office of the United States Trustee for the Southern District of New York, Attn:

Susan Arbeit, Esq., U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, New

York 10014.

## **NO PRIOR REQUEST**

16.     No previous request for the relief sought herein has been made by the Debtors to

this or any other court.

**WHEREFORE** the Debtors respectfully request that the Court grant the relief requested

herein and such other and further relief as it deems just and proper.

Dated:   New York, New York
         November 28, 2018

                                        KLESTADT WINTERS JURELLER
                                        SOUTHARD & STEVENS, LLP


                              By:   */s/ Tracy L. Klestadt*
                                    Tracy L. Klestadt
                                    Joseph C. Corneau
                                    Christopher Reilly
                                    200 West 41st Street, 17th Floor
                                    New York, New York 10036
                                    Tel: (212) 972-3000
                                    Fax: (212) 972-2245
                                    Email: tklestadt@klestadt.com
                                           jcorneau@klestadt.com
                                           creilly@klestadt.com

                                    *Attorneys for the Debtors and*
                                    *Debtors-in-Possession*

7

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                         :

In re:                                   : Chapter 11
                                           :

1141 REALTY OWNER LLC, et al.,      : Case No. 18-12341(SMB)
                                           :

                    Debtors.       : Jointly Administered
                                           :

-------------------------------------------------------------------- X

## ORDER EXTENDING DEBTORS' EXCLUSIVE PERIODS
## TO FILE PLAN AND TO SOLICIT ACCEPTANCES THEREOF

Upon the motion (the "Motion")[4] of 1141 Realty Owner LLC ("Owner") and Flatironhotel Operations LLC ("Operator" and together, the "Debtors") as debtors and debtors-in-possession in the above-captioned cases (the "Chapter 11 Cases"), for an order extending the Debtors' Exclusive Periods; and it appearing that the relief requested by the Motion is necessary and in the best interests of the Debtors, their estates, and their creditors; and due notice having been given; and after due deliberation; and sufficient cause appearing therefor, it is hereby ORDERED:

1.      The Motion is granted as set forth herein.

2.      The time within which the Debtors may exclusively file a plan and disclosure statement is extended through and including February 18, 2019; and the time within which the Debtors may solicit acceptances of such plan is extended through and including April 13, 2019.

3.      Entry of this Order is without prejudice to the rights of the Debtors to seek further orders of this Court extending the Exclusive Periods.

4.      This Order shall be immediately effective and enforceable upon its entry.

[remainder of page intentionally blank]

---

[4] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

5.      This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
         _____, 2018

_____
HON. STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE