| Fill in this information to identify the case: |
|---|
| Debtor 1  1141 Realty Owner LLC |
| Debtor 2 (Spouse, if filing) |
| United States Bankruptcy Court for the:  Southern District of New York |
| Case number  18-12341 |

## Official Form 410
# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

**1. Who is the current creditor?**
Wilmington Trust, N.A., solely in its capacity as Trustee for the benefit of the Registered Holders of Wells Fargo Commercial Mortgage Trust 2015-C28, Commercial Mortgage Pass-Through Certificates, Series 2015-C28
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Brian D. Davis, Midland Loan Services, as Special Servicer
Name
10851 Mastin, Suite 300
Number     Street
Overland Park        KS        66210
City                 State     ZIP Code

Contact phone  913-253-9524

Contact email  Brian.davis@midlandls.com

Where should payments to the creditor be sent? (if different)

Brian D. Davis, Midland Loan Services, as Special Servicer.
Name
10851 Mastin, Suite 300
Number     Street
Overland Park        KS        66210
City                 State     ZIP Code

Contact phone  913-253-9524

Contact email  Brian.davis@midlandls.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____
                                                                     MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                              Proof of Claim                              page 1

### Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☐ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: See attached schedule

**7. How much is the claim?** $ Not less than $32,048,285.29 . Does this amount include interest or other charges?
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned

**9. Is all or part of the claim secured?**
☐ No
☑ Yes. The claim is secured by a lien on property.

**Nature of property:**
☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☑ Other. Describe: See Attached Schedule

**Basis for perfection:** See attached schedule
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ See attached schedule
**Amount of the claim that is secured:** $ Not less than $32,048,285.29
**Amount of the claim that is unsecured:** $ 0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ See attached schedule

**Annual Interest Rate** (when case was filed) _____ %
☐ Fixed
☐ Variable    See attached schedule

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.    $ _____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

Official Form 410    Proof of Claim    page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| | ☐ Yes. Check one: | Amount entitled to priority |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

### Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  10/29/2018
                 MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name: Brian D. Davis
      First name    Middle name    Last name

Title: 

Company: Midland Loan Services, a division of PNC Bank, N.A., as Special Servicer
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 10851 Mastin, Suite 300
         Number    Street
         Overland Park                    KS        66210
         City                             State     ZIP Code

Contact phone: 913-253-9524              Email: Brian.davis@midlandls.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>1141 REALTY OWNER LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 18-12341 (SMB)<br><br>Jointly Administered |

**SCHEDULE TO PROOF OF CLAIM OF WILMINGTON TRUST, N.A., SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE TRUST 2015-C28, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2015-C28 AND RMEZZ FLATIRON LLC**

I.  **NAME OF CLAIMANT**

1. This proof of claim (the "**Proof of Claim**") is being asserted against 1141 Realty Owner LLC (the "**Debtor**") by Wilmington Trust, N.A., solely in its capacity as Trustee for the Benefit of the Registered Holders of Wells Fargo Commercial Mortgage Trust 2015-C28, Commercial Mortgage Pass-Through Certificates, Series 2015-C28, (the "**Trustee**") and RMezz Flatiron LLC ("**RMezz**" and together with the Trustee, the "**Secured Lender**") acting by and through the special servicer, Midland Loan Services, a division of PNC National Bank, N.A. (the "**Special Servicer**") as its authorized agent pursuant to that certain Pooling and Servicing Agreement dated May 1, 2015, and the agreements entered into in connection therewith, with respect to a secured loan agreement executed prepetition by the Debtor.

2. The Secured Lender is owner of the Loan Documents (as defined herein) and current holder of secured claims against the Debtor in the amount of not less than $32,048,285.29 (the "**Secured Claim**").

II. **BASIS OF CLAIM**

3. The Secured Claim is owed to the Secured Lender pursuant to a secured loan evidenced by, among other things, (i) a Loan Agreement, dated as of April 16, 2015 (the "**Loan Agreement**"), by and between the Debtor and to Rialto Mortgage Finance, LLC ("**Original Lender**"), (ii) a Consolidated, Amended and Restated Promissory Note A in the amount of $22,500,000 dated April 16, 2015 ("**Note A**") and Promissory Note B in the amount of $2,500,000 dated April 16, 2015 ("**Note B**" and together with Note A, the "**Notes**") made by the Debtor to the Original Lender, (iii) a Consolidated, Amended and Restated Mortgage, Assignment of Leases and Rents, Fixture Filing and Security Agreement dated as of April 16, 2015 (the "**Mortgage**") and (iv) all collateral and other documents, agreements and amendments referred to in, consolidated with, modified by or ancillary to the foregoing documents (all of the foregoing, and all documents identified above, collectively, the "**Loan Documents**").[1]

### III. SECURITY FOR CLAIM

4. To secure sums due under the Loan Documents, and all other obligations of the Debtor to Original Lender, the Debtor executed the Mortgage, which was recorded in the City Register of the City of New York in City Register File Number 2015000206911 on June 17, 2015. The Mortgage covers certain property commonly known as the Flatiron Hotel, located at 9 West 26th Street a/k/a 1141 Broadway, New York, New York (the "**Property**").

5. Pursuant to the Mortgage, the Debtor created and granted the Original Lender a security interest in, among things and without limitation, real property, additional lands, improvements, easements, fixtures and personal property, leases and rents, condemnation awards, insurance proceeds, tax refunds, conversion proceeds, rights, agreements, intangibles, and other rights owned by the Debtor, whether at that time or thereafter, and located on the Property. The

---

[1] Copies of the Loan Agreement, Notes and Mortgage are attached hereto as **Exhibits A**, **B** and **C**.

2

Original Lender perfected the security interest by filing a UCC Financing Statement (the "**Financing Statement**") on June 17, 2015, which was recorded with the City Register of the City of New York in City Register File Number 2015000206913. A true and correct copy of the Financing Statement is attached hereto as **Exhibit D**.

6.   The Debtor's obligations are also secured by an Assignment of Leases and Rents (the "**ALR**"), which was recorded in the City Register of the City of New York in City Register File Number 2015000206912 on June 17, 2015. Pursuant to the ALR, the Debtor, among other things assigned to Original Lender all of its right, title and interest in and to all current and future leases and other agreements affecting its property, and its deposits, rents, and other income generated by its property.

## IV.   ASSIGNMENT OF LOAN DOCUMENTS TO SECURED LENDER

7.   The Original Lender assigned all of its right, title, and interests of any kinds whatsoever in and to the Mortgage (the "**Assignment of Mortgage**") to the Secured Lender. The Assignment of Mortgage was recorded in the City Register of the City of New York in City Register File Number 2015000241846 on July 14, 2015. A true and correct copy of the Assignment of Mortgage is attached hereto as **Exhibit E**.

8.   The Original Lender assigned all of its right, title, and interests of any kind whatsoever in and to the ALR (the "**Assignment of ALR**") to the Lender. The Assignment of ALR was recorded in the City Register of the City of New York in City Register File Number 2015000241847 on July 14, 2015. A true and correct copy of the Assignment of ALR is attached hereto as **Exhibit F**.

9.   The Original Lender further assigned the Financing Statement to the Lender (the "**Financing Statement Amendment**"), which was recorded in the City Register of the City of

New York in City Register File Number 201500241848 on July 14, 2015. A true and correct copy of the Financing Statement Amendment is attached hereto as **Exhibit G**.

10. The Original Lender also delivered Allonges with respect to the Notes in connection with the transfer of the Loan Documents to the Secured Lender.

V. **DEFAULT, DISTRICT COURT ACTION AND BANKRUPTCY**

11. On September 15, 2017, the Special Servicer sent a Notice of Default and Acceleration to the Debtor. A copy of the Notice of Default and Acceleration is attached hereto as **Exhibit H.** On October 11, 2017, Special Servicer sent a Notice of Additional Defaults to the Debtor. The Secured Lender subsequently commenced foreclosure proceedings in the United States District Court for the Southern District of New York (the "**District Court**"), Case No.: 17-cv-7081-LGS-HBP and sought appointment of a receiver.

12. On June 11, 2018, after conducting an evidentiary hearing, Magistrate Judge Henry B. Pitman issued his Certification of Facts, Conclusions of Law and Proposed Remedies, recommending an award in the Secured Lenders favor of reasonable attorneys' fees and costs incurred as a result of prosecuting its contempt motion.

13. On July 31, 2018 (the "**Petition Date**"), the Debtor and its affiliate commenced cases under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

14. On August 9, 2018, this Court entered an *Interim Stipulation and Order Authorizing the Use of Cash Collateral and Granting Adequate Protection* to Secured Lender, and on September 21, 2018 the Court entered a *Final Order Authorizing the Use of the Prepetition*

4

*Secured Lender's Cash Collateral and Providing Adequate Protection Therefor* ("**Final Cash Collateral Order**") to Secured Lender.

15. On September 5, 2018, this Court entered the *Declaration of Edward R. Eschmann in Further Support of Debtors' Motion for Entry of Interim and Final Orders Authorizing the Debtors to Obtain Post-Petition, Priming, Senior Secured, Superpriority Financing Pursuant to 11 U.S.C. Sections 105, 362, 364(c) and 364(d), Bankruptcy Rule 4001(c) and Local Bankruptcy Rule 4001-2*.

16. Pursuant to the *Declaration of Edward R. Eschmann in Further Support of Debtors' Motion for Entry of Interim and Final Orders Authorizing the Debtors to Obtain Post-Petition, Priming, Senior Secured, Superpriority Financing Pursuant to 11 U.S.C. Sections 105, 362, 364(c) and 364(d), Bankruptcy Rule 4001(c) and Local Bankruptcy Rule 4001-2* filed on September 5, 2018, provides that the appraised value of the Property ranged from $45,300,000 to $52,000,000. The Debtor's Official Form 206A/B lists the Property's value at $45,000,000.

## VI. AMOUNT AND NATURE OF CLAIM

17. As of the Petition Date, the following amounts were due and owing by the Debtor to the Secured Lender under the Loan Documents:

| PAYMENT TYPE | NOTE A AMOUNTS OWED | NOTE B AMOUNTS OWED | SECTION OF LOAN AGREEMENT |
|---|---|---|---|
| Principal Balance | $21,267,944.87 | $1,588,045.00 | Notes |
| Interest | $267,028.50 [2] | $112,128.33 [3] | 1.1.1 |
| Default Interest | $2,911,526.48 [4] | $244,274.68 [5] | 1.1.1 |

---

[2] Accrued and unpaid interest from 5/6/18 at 4.9130%.
[3] Accrued and unpaid interest from 1/6/18 at 11.679%.
[4] Accrued and unpaid default interest from 1/6/16 at 5.00%.
[5] Accrued and unpaid default interest from 1/6/16 at 5.00%.

5

| | | | |
|---|---|---|---|
| Late Fees Due | $67,503.42 | $20,711.23 | 2.2.4 |
| Financials | $11,000.00 | n/a | 4.1.4(h) |
| Workout Fee | $277,208.16 | $25,324.60 | 8.3 |
| Tax Advances | $299,360.93 | n/a | 6.2; 9.13 |
| Property Protection Advances[6] | $1,930,210.58 | $691.52 | 9.13 |
| Yield Maintenance Default Premium | $2,542,737.63 | $565,359.15 | 1.1.1; 2.3.3 |
| Payoff Processing Fee | $1,400.00 | $1,250.00 | - |
| Suspense Balance | ($21,428.56) | ($0.00) | - |
| Insurance Balance | ($63,991.23) | ($0.00) | - |
| Total Payoff Due | $29,490,500.78 | $2,557,784.51 | - |
| **Aggregate Payoff Amount (for Notes A and B)** | **$32,048,285.29** | | |

18. Thus, the Secured Lender asserts a secured claim pursuant to 11 U.S.C. § 506 in the amount of not less than $32,048,285.29. There may be other contingent unliquidated amounts due and owing under the Loan Documents.

19. Other sums, including, but not limited to, interest, default interest, late fees, attorneys' fees, costs, charges are due under the Loan Documents and continue to accrue post-petition. To the extent permitted by 11 U.S.C. §506, the Secured Lender is entitled to recovery of such sums. In addition, the Secured Lender reserves the right to claim that the Debtor is liable to pay for additional property protection, tax or insurance advances. Payments made by the Debtor to the Secured Lender subsequent to the Petition Date, including post-petition adequate protection

---

[6] See **Exhibit I**.

payments, will result in a credit to the Debtor in regard to the amounts owed by the Debtor to the Secured Lender.

20. The Secured Lender reserves all of its rights to seek payment of all amounts to which it is entitled under 11 U.S.C. § 506(b) including, but not limited to, amounts asserted in this Proof of Claim. The Secured Lender is entitled to all of the rights and benefits of Section 552(b) of the Bankruptcy Code and reserves all of its rights in connection therewith.

## VII.  RESERVATION OF RIGHTS

21. The Secured Lender reserves its right to amend and supplement this Proof of Claim and to file additional proofs of claim or other claims for additional claims including, without limitation, claims for interest, fees, costs and charges accruing after the Petition Date, administrative expenses and/or other claims entitled to priority, and any and all other claims at law or in equity.

22. The Secured Lender further reserves all rights accruing to it, and the filing of this Proof of Claim is not intended to be and shall not be construed as: (a) an election of a remedy, including rights to seek specific performance under the Loan Documents, (b) a waiver or limitation of any rights or defenses of the Secured Lender, (c) a waiver of any of the Secured Lender's rights or claims against the Debtor, (d) a waiver of the rights of the Secured Lender against any other persons or entities that are or may become liable to it including, without limitation, any guarantor of all or any portion of the Secured Claim, or (e) a waiver of any additional rights or claims that have been granted to the Secured Lender after the Petition Date, all of which are preserved.

23. Due to the voluminous nature of the Loan Documents, not all such documents have not been filed with this Proof of Claim. However, such documents will be made available to parties in interest for inspection and copying at the offices of Sidley Austin LLP, attorneys for the

Trustee, upon reasonable notice, during normal business hours, and at the expense of the requesting party. In addition, the Debtor should already be in possession of all applicable documents.

24. The filing of this Proof of Claim is not intended to be and shall not be construed as: (a) a waiver or limitation of any of the Secured Lender's rights, claims, defenses, or remedies, whether under the Loan Documents, the Final Cash Collateral Order or otherwise, against the Debtor or any other person or entity who may be liable for all or any part of the Secured Claim set forth herein, whether an affiliate of the Debtor, or any other Debtor, an assignee, guarantor, or otherwise, (b) a waiver of any obligation owed to any of the Secured Lender, or any right to any security that may be determined to be held for Secured Lender's benefit, (c) consent by the Secured Lender to the jurisdiction of the Court, (d) consent to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto pursuant to 28 U.S.C. § 157(e) or otherwise, (e) a waiver by the Secured Lender of the right to a trial by jury in any proceeding so triable herein or in any case, controversy, or proceeding related hereto, notwithstanding any designation of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to statute or the United States Constitution, (f) a waiver by the Secured Lender of the right to have final orders in core and/or non-core matters entered only after de novo review by a District Court judge, (g) a waiver of the right to move to withdraw the reference, or otherwise to challenge the jurisdiction of the Court with respect to the subject matter of this Proof of Claim, any objection or other proceedings commenced with respect thereto or any other proceeding commenced in these chapter 11 cases against or otherwise involving the Secured Lender, (h) an election of remedies, (i) an admission that any property held by the Debtors constitutes property of the Debtors' estates, or G) a waiver

8

of any past, present or future defaults (or events of default) by any Debtor or affiliate in connection with the other enforceable contracts, or otherwise.

25. The Secured Lender expressly reserves any and all rights to amend, clarify, or supplement this Proof of Claim, at any time and for any reason, including, without limitation, to (a) correct, increase, or amend any amount referred to herein, (b) add or amend documents and other information, and to describe further the Secured Claim asserted herein, (c) file additional proofs of claim that may be duplicative in respect of the Loan Documents, the Final Cash Collateral Order, or any other indebtedness, obligations, or liability of the Debtor to the Secured Lender, (d) add or include any other Debtor or any other entity, including, but not limited to, any entity that may become a debtor or debtor in possession in these chapter 11 cases, and add or amend categories of payments or liabilities, (e) further describe the claims asserted herein, (f) contest the validity, priority, and extent of any other purported liens and security interests other than to those described herein, and (g) assert a priority, security interest, or similar right with respect to the Secured Claim asserted herein.

26. The Secured Lender does not waive any right to claim specific assets; any rights of setoff or recoupment; or any other right, cause of action, or claim, whether existing now or hereinafter arising, that the Secured Lender has or may have against the Debtor, or any other person or persons, and the Secured Lender expressly reserves any and all such rights. This Proof of Claim also expressly includes any and all rights to assert a constructive trust against assets or cash held by any of the Debtors, and claims for any and all amounts owed, in damages or otherwise, that the Secured Lenders have or may have, whether known or unknown, against any of the Debtors and all those purporting to act on their behalf, whether presently asserted or to be asserted, including, without limitation, claims based upon common law fraud, misrepresentation, subrogation,

9

indemnity, contribution, fraudulent conveyance, failure to fulfill contractual and fiduciary obligations, breach of the implied covenant of good faith and fair dealing, making, causing, or permitting to be made misleading statements regarding the business of the Debtors, failure to take prudent and appropriate action regarding adverse business conditions affecting the business operations of the Debtors, tortious interference, unjust enrichment, quantum meruit, failure to require adequate financial and accounting controls for the Debtors, and any other theory available under applicable law or equity, all of which singularly or collectively may have caused the Secured Lender to incur damages.

27. Nothing herein shall be deemed to waive, estop, or derogate from the rights of any Secured Lender under the Loan Documents or the Final Cash Collateral Order. This Proof of Claim also is without prejudice to any and all of the Secured Lender's rights, claims, and defenses under the Bankruptcy Code or otherwise, including, but not limited to, the right to vote on any plan(s) in the Debtors' chapter 11 cases.

28. With respect to any claim that is unliquidated or as to which the amount is undetermined, the Secured Lender does not waive its rights thereto by not claiming specific amounts at this time.

29. Each and every description in this Proof of Claim of (i) the Loan Documents, (ii) the Final Cash Collateral Order, (iii) any other relevant documents, (iv) any signatory thereunder, or (v) any collateral granted in connection with or pursuant thereto is qualified in its entirety by the reference to the applicable provisions of such documents, and all such documents are incorporated herein by reference. Each and every reference to any Debtor, pledgor, or any other signatory or party to any Loan Document is qualified in its entirety by reference to the applicable provisions of such documents. The description of any collateral granted in connection with or

pursuant to such documents is qualified in its entirety by reference to the applicable provisions of such documents. In the event of any inconsistency between this Proof of Claim and any such document, the relevant document shall control.

## VIII. NOTICES

30. All notices concerning this Proof of Claim should be sent to:

Brian D. Davis
Midland Loan Services, a division of PNC Bank, N.A., as Special Servicer
10851 Mastin, Suite 300
Overland Park, KS 66210
(p) 913-253-9524 / (f) 913-253-9001
Brian.davis@midlandls.com

**And**

Michael G. Burke
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
mgburke@sidley.com

Dated: November 2, 2018