# Exhibit B

## Notes

## CONSOLIDATED, AMENDED AND RESTATED PROMISSORY NOTE A

$22,500,000.00  
New York, New York  
April 16, 2015

WHEREAS, **RIALTO MORTGAGE FINANCE, LLC**, a Delaware limited liability company, with its principal place of business at 600 Madison Avenue, 12th Floor, New York, New York 10022 ("**Lender**"), is the holder of the notes listed on **Schedule A** annexed hereto and made a part hereof (the "**Existing Notes**"); and

WHEREAS, the total outstanding principal indebtedness on the date hereof evidenced by the Existing Notes is **EIGHTEEN MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($18,500,000.00)**; and

WHEREAS, **1141 REALTY OWNER LLC**, a Delaware limited liability company, having its principal place of business at c/o Moses & Singer LLP, 405 Lexington Avenue, New York, New York 10174 ("**Borrower**"), and Lender desire to combine, consolidate and restate the terms and conditions of the Existing Notes in their entirety, in the manner hereinafter set forth, and to replace the Existing Notes with this Consolidated, Amended and Restated Promissory Note A ("**Note A**").

NOW, THEREFORE, by Borrower's execution and delivery of this Note A and Lender's acceptance of such delivery from Borrower, this Note A is deemed to modify and replace the Existing Notes, and the Existing Notes are restated in their entirety to read as follows:

The Existing Notes are hereby modified and restated in their entirely so that all of the terms and conditions contained in the Note A shall supersede and control the terms and conditions of the Existing Notes and that together they shall hereafter constitute but one note represented by this Note A. Borrower hereby assumes all of the obligations and agreements of the Existing Notes.

**FOR VALUE RECEIVED** Borrower hereby unconditionally promises to pay to the order of Lender, at its office, or at such other place as the holder hereof may from time to time designate in writing, the principal sum of **TWENTY TWO MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($22,500,000.00)**, in lawful money of the United States of America, with interest thereon to be computed from the date of this Note A at the Applicable Interest Rate, and to be paid in accordance with the terms of this Note A and that certain Loan Agreement dated the date hereof between Borrower and Lender (the "**Loan Agreement**"). All capitalized terms not defined herein shall have the respective meanings set forth in the Loan Agreement.

### ARTICLE: 1 PAYMENT TERMS

Borrower agrees to pay the principal sum of this Note A and interest on the unpaid principal sum of this Note A from time to time outstanding at the rates and at the times specified in Article II of the Loan Agreement and the outstanding balance of the principal sum of this Note A and all accrued and unpaid interest thereon shall be due and payable on the Maturity Date.

### ARTICLE: 2 DEFAULT AND ACCELERATION

The Debt shall without notice become immediately due and payable at the option of Lender if any payment required in this Note A is not paid on or prior to the date when due or if not paid on the Maturity Date or on the happening of any other Event of Default.

### ARTICLE: 3 SECURITY

This Note A is secured by the Security Instrument and the other Loan Documents. All of the terms, covenants and conditions contained in the Loan Agreement, the Security Instrument and the other Loan Documents are hereby made part of this Note A to the same extent and with the same force as if they were fully set forth herein.

### ARTICLE: 4  SAVINGS CLAUSE

Notwithstanding anything to the contrary contained herein or in any other Loan Document, (a) all agreements between Borrower and Lender are hereby and shall automatically be limited so that, after taking into account all amounts deemed interest on account of the Debt, the interest contracted for, charged or received by Lender shall never exceed the Maximum Legal Rate, (b) in calculating whether any interest exceeds the Maximum Legal Rate, all such interest shall, to the extent permitted by applicable law, be amortized, prorated, allocated and spread over the full amount and term of all principal indebtedness of Borrower to Lender so that the rate of interest does not exceed the Maximum Legal Rate, and (c) if through any contingency or event, Lender receives or is deemed to receive interest in excess of the Maximum Legal Rate, any such excess shall be deemed to be immediately reduced to such Maximum Legal Rate and any such excess shall be deemed to have been applied toward payment of the principal of any and all then outstanding indebtedness of Borrower to Lender, or if there is no such indebtedness, shall immediately be returned to Borrower.

### ARTICLE: 5  NO ORAL CHANGE

This Note A may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Borrower or Lender, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

### ARTICLE: 6  WAIVERS

Borrower and all others who may become liable for the payment of all or any part of the Debt do hereby severally waive presentment and demand for payment, notice of dishonor, notice of intention to accelerate, notice of acceleration, protest and notice of protest and non-payment and all other notices of any kind, except as otherwise expressly set forth in the Loan Documents. No release of any security for the Debt or extension of time for payment of this Note A or any installment hereof, and no alteration, amendment or waiver of any provision of this Note A, the Loan Agreement or the other Loan Documents made by agreement between Lender or any other Person shall release, modify, amend, waive, extend, change, discharge, terminate or affect the liability of Borrower or any other Person who may become liable for the payment of all or any part of the Debt under this Note A, the Loan Agreement or the other Loan Documents. No notice to or demand on Borrower shall be deemed to be a waiver of the obligation of Borrower or of the right of Lender to take further action without further notice or demand as provided for in this Note A, the Loan Agreement or the other Loan Documents. If Borrower is a partnership or limited liability company, the agreements herein contained shall remain in force and be applicable, notwithstanding any changes in the individuals comprising the partnership or limited liability company, and the term "Borrower," as used herein, shall include any alternate or successor partnership or limited liability company, but any predecessor partnership or limited liability company and their partners or members shall not thereby be released from any liability. If Borrower is a corporation, the agreements contained herein shall remain in full force and be applicable notwithstanding any changes in the shareholders comprising, or the officers and directors relating to, the corporation, and the term "Borrower," as used herein, shall include any alternative or successor corporation, but any predecessor corporation shall not be relieved of liability hereunder. (Nothing in the foregoing sentence shall be construed as a consent to, or a waiver of, any prohibition or restriction on transfers of interests in such partnership, limited liability company or corporation, which may be set forth in the Loan Agreement, the Security Instrument or any other Loan Document.)

### ARTICLE: 7  TRANSFER

Upon the transfer of this Note A, Borrower hereby waiving notice of any such transfer, Lender may deliver all the collateral mortgaged, granted, pledged or assigned pursuant to the Loan Documents, or any part thereof, to the transferee who shall thereupon become vested with all the rights herein or under applicable law given to Lender with respect thereto, and Lender shall thereafter forever be relieved and fully discharged from any liability or responsibility in the matter; but Lender

shall retain all rights hereby given to it with respect to any liabilities and the collateral not so transferred.

## ARTICLE: 8 EXCULPATION

The provisions of Section 8.6 of the Loan Agreement are hereby incorporated by reference into this Note A to the same extent and with the same force as if fully set forth herein.

## ARTICLE: 9 GOVERNING LAW

(A)   THIS NOTE A WAS NEGOTIATED IN THE STATE OF NEW YORK, AND MADE BY BORROWER AND ACCEPTED BY LENDER IN THE STATE OF NEW YORK, AND THE PROCEEDS OF THIS NOTE A WERE DISBURSED FROM THE STATE OF NEW YORK, WHICH STATE THE PARTIES AGREE HAS A SUBSTANTIAL RELATIONSHIP TO THE PARTIES AND TO THE UNDERLYING TRANSACTION EMBODIED HEREBY, AND IN ALL RESPECTS, INCLUDING, WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, MATTERS OF CONSTRUCTION, VALIDITY AND PERFORMANCE, THIS NOTE A AND THE OBLIGATIONS ARISING HEREUNDER SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK APPLICABLE TO CONTRACTS MADE AND PERFORMED IN SUCH STATE (WITHOUT REGARD TO PRINCIPLES OF CONFLICT LAWS) AND ANY APPLICABLE LAW OF THE UNITED STATES OF AMERICA. TO THE FULLEST EXTENT PERMITTED BY LAW, BORROWER HEREBY UNCONDITIONALLY AND IRREVOCABLY WAIVES ANY CLAIM TO ASSERT THAT THE LAW OF ANY OTHER JURISDICTION GOVERNS THIS NOTE A AND THIS NOTE A SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK PURSUANT TO SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW.

(B)   ANY LEGAL SUIT, ACTION OR PROCEEDING AGAINST LENDER OR BORROWER ARISING OUT OF OR RELATING TO THIS NOTE A MAY AT LENDER'S OPTION BE INSTITUTED IN ANY FEDERAL OR STATE COURT IN THE CITY OF NEW YORK, COUNTY OF NEW YORK, PURSUANT TO SECTION 5-1402 OF THE NEW YORK GENERAL OBLIGATIONS LAW, AND BORROWER WAIVES ANY OBJECTIONS WHICH IT MAY NOW OR HEREAFTER HAVE BASED ON VENUE AND/OR FORUM NON CONVENIENS OF ANY SUCH SUIT, ACTION OR PROCEEDING, AND BORROWER HEREBY IRREVOCABLY SUBMITS TO THE JURISDICTION OF ANY SUCH COURT IN ANY SUIT, ACTION OR PROCEEDING.

## ARTICLE: 10 NOTICES

All notices or other written communications hereunder shall be delivered in accordance with Section 9.6 of the Loan Agreement.

## ARTICLE: 11 OTHER PROVISIONS REGARDING THIS NOTE A AND NOTE B

Concurrently with the execution of this Note A, Borrower has executed and delivered to Lender that certain Promissory Note B ("Note B") dated of even date herewith, payable to the order of Lender evidencing a loan (the "Loan B") in the original principal amount of $2,500,000.00. Lender has been engaged as collateral agent by Lender and the holder of Note B to administer the documents and collateral securing this Note A and Note B, including, without limitation, the Property. Note B and the right of the holder of Loan B to receive payments of interest, principal and other amounts with respect to the Loan shall at all times be junior, subject and subordinate to this Note A and the right of the holder of this Note A to receive payments of interest, principal and other amounts with respect to the Loan, including after acceleration.

**[NO FURTHER TEXT ON THIS PAGE]**

{00979450;3}

3

IN WITNESS WHEREOF, Borrower has duly executed this Note A as of the day and year first above written.

BORROWER:

**1141 REALTY OWNER LLC**, a Delaware limited liability company

By:    **1141 REALTY LLC**, a New York limited liability company, its managing member

By: _____
Name: Jagdish Vaswani
Title: Manager

## SCHEDULE "A"

## EXISTING NOTES

1. Mortgage Note made by 1141 Realty LLC to First Central Savings Bank in the amount of $5,000,000.00 dated April 13, 2007.

2. Revolving Commercial Promissory Loan Note made by 1141 Realty LLC to First Central Savings Bank in the amount of $3,000,000.00 dated November 29, 2007.

3. Amended and Restated Note made by 1141 Realty LLC to First Central Savings Bank in the amount of $2,998,978.28 dated August 27, 2009.

4. Gap Note made by 1141 Realty LLC for the benefit of HRC Fund V REIT LLC in the amount of $11,001,021.72 dated December 30, 2013.

5. Consolidated Secured Promissory Note made by 1141 Realty LLC for the benefit of HRC Fund V REIT LLC in the amount of $19,000,000.00 dated December 30, 2013.

6. Gap Secured Promissory Note made by 1141 Realty Owner LLC for the benefit of Rialto Mortgage Finance, LLC in the amount of $6,500,000.00 dated April 16, 2015.

{00979450;3}

# PROMISSORY NOTE B

$2,500,000.00

New York, New York
April 16, 2015

     FOR VALUE RECEIVED, **1141 REALTY OWNER LLC**, a Delaware limited liability company, having its principal place of business at c/o Moses & Singer LLP, 405 Lexington Avenue, New York, New York 10174 ("**Borrower**"), hereby unconditionally promises to pay to the order of **RIALTO MORTGAGE FINANCE, LLC**, a Delaware limited liability company, as lender, having an address at 600 Madison Avenue, 12th Floor, New York, New York 10022 ("**Lender**"), or at such other place as the holder hereof may from time to time designate in writing, the principal sum of **TWO MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($2,500,000.00)**, in lawful money of the United States of America, with interest thereon to be computed from the date of this Note B at the Applicable Interest Rate, and to be paid in accordance with the terms of this Note B and that certain Loan Agreement dated the date hereof between Borrower and Lender (the "**Loan Agreement**"). All capitalized terms not defined herein shall have the respective meanings set forth in the Loan Agreement.

## ARTICLE: 1 PAYMENT TERMS

     Borrower agrees to pay the principal sum of this Note B and interest on the unpaid principal sum of this Note B from time to time outstanding at the rates and at the times specified in Article II of the Loan Agreement and the outstanding balance of the principal sum of this Note B and all accrued and unpaid interest thereon shall be due and payable on the Maturity Date.

## ARTICLE: 2 DEFAULT AND ACCELERATION

     The Debt shall without notice become immediately due and payable at the option of Lender if any payment required in this Note B is not paid on or prior to the date when due or if not paid on the Maturity Date or on the happening of any other Event of Default.

## ARTICLE: 3 SECURITY

     This Note B is secured by the Security Instrument and the other Loan Documents. All of the terms, covenants and conditions contained in the Loan Agreement, the Security Instrument and the other Loan Documents are hereby made part of this Note B to the same extent and with the same force as if they were fully set forth herein.

## ARTICLE: 4 SAVINGS CLAUSE

     Notwithstanding anything to the contrary contained herein or in any other Loan Document, (a) all agreements between Borrower and Lender are hereby and shall automatically be limited so that, after taking into account all amounts deemed interest on account of the Debt, the interest contracted for, charged or received by Lender shall never exceed the Maximum Legal Rate, (b) in calculating whether any interest exceeds the Maximum Legal Rate, all such interest shall, to the extent permitted by applicable law, be amortized, prorated, allocated and spread over the full amount and term of all principal indebtedness of Borrower to Lender so that the rate of interest does not exceed the Maximum Legal Rate, and (c) if through any contingency or event, Lender receives or is deemed to receive interest in excess of the Maximum Legal Rate, any such excess shall be deemed to be immediately reduced to such Maximum Legal Rate and any such excess shall be deemed to have been applied toward payment of the principal of any and all then outstanding indebtedness of Borrower to Lender, or if there is no such indebtedness, shall immediately be returned to Borrower.

## ARTICLE: 5 NO ORAL CHANGE

     This Note B may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Borrower or Lender, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

{00991468;2}

### ARTICLE: 6 WAIVERS

Borrower and all others who may become liable for the payment of all or any part of the Debt do hereby severally waive presentment and demand for payment, notice of dishonor, notice of intention to accelerate, notice of acceleration, protest and notice of protest and non-payment and all other notices of any kind. No release of any security for the Debt or extension of time for payment of this Note B or any installment hereof, and no alteration, amendment or waiver of any provision of this Note B, the Loan Agreement or the other Loan Documents made by agreement between Lender or any other Person shall release, modify, amend, waive, extend, change, discharge, terminate or affect the liability of Borrower or any other Person who may become liable for the payment of all or any part of the Debt under this Note B, the Loan Agreement or the other Loan Documents. No notice to or demand on Borrower shall be deemed to be a waiver of the obligation of Borrower or of the right of Lender to take further action without further notice or demand as provided for in this Note B, the Loan Agreement or the other Loan Documents. If Borrower is a partnership or limited liability company, the agreements herein contained shall remain in force and be applicable, notwithstanding any changes in the individuals comprising the partnership or limited liability company, and the term "Borrower," as used herein, shall include any alternate or successor partnership or limited liability company, but any predecessor partnership or limited liability company and their partners or members shall not thereby be released from any liability. If Borrower is a corporation, the agreements contained herein shall remain in full force and be applicable notwithstanding any changes in the shareholders comprising, or the officers and directors relating to, the corporation, and the term "Borrower," as used herein, shall include any alternative or successor corporation, but any predecessor corporation shall not be relieved of liability hereunder. Nothing in the foregoing sentences shall be construed as a consent to, or a waiver of, any prohibition or restriction on transfers of interests in such partnership, limited liability company or corporation, which may be set forth in the Loan Agreement, the Security Instrument or any other Loan Document. If Borrower consists of more than one Person, the obligations and liabilities of each such person hereunder shall be joint and several.

### ARTICLE: 7 TRANSFER

Upon the transfer of this Note B, Borrower hereby waiving notice of any such transfer, Lender may deliver all the collateral mortgaged, granted, pledged or assigned pursuant to the Loan Documents, or any part thereof, to the transferee who shall thereupon become vested with all the rights herein or under applicable law given to Lender with respect thereto, and Lender shall thereafter forever be relieved and fully discharged from any liability or responsibility in the matter; but Lender shall retain all rights hereby given to it with respect to any liabilities and the collateral not so transferred.

### ARTICLE: 8 EXCULPATION

The provisions of <u>Section 8.6</u> of the Loan Agreement are hereby incorporated by reference into this Note B to the same extent and with the same force as if fully set forth herein.

### ARTICLE: 9 GOVERNING LAW

(A)    THIS NOTE B WAS NEGOTIATED IN THE STATE OF NEW YORK, AND MADE BY BORROWER AND ACCEPTED BY LENDER IN THE STATE OF NEW YORK, AND THE PROCEEDS OF THIS NOTE B ARE DEEMED TO HAVE BEEN DISBURSED FROM THE STATE OF NEW YORK, WHICH STATE THE PARTIES AGREE HAS A SUBSTANTIAL RELATIONSHIP TO THE PARTIES AND TO THE UNDERLYING TRANSACTION EMBODIED HEREBY, AND IN ALL RESPECTS, INCLUDING, WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, MATTERS OF CONSTRUCTION, VALIDITY AND PERFORMANCE, THIS NOTE B AND THE OBLIGATIONS ARISING HEREUNDER SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK APPLICABLE TO CONTRACTS MADE AND PERFORMED IN SUCH STATE (WITHOUT REGARD TO

PRINCIPLES OF CONFLICT LAWS) AND ANY APPLICABLE LAW OF THE UNITED STATES OF AMERICA. TO THE FULLEST EXTENT PERMITTED BY LAW, BORROWER HEREBY UNCONDITIONALLY AND IRREVOCABLY WAIVES ANY CLAIM TO ASSERT THAT THE LAW OF ANY OTHER JURISDICTION GOVERNS THIS NOTE B AND THIS NOTE B SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK PURSUANT TO SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW.

(B) ANY LEGAL SUIT, ACTION OR PROCEEDING AGAINST LENDER OR BORROWER ARISING OUT OF OR RELATING TO THIS NOTE B MAY AT LENDER'S OPTION BE INSTITUTED IN ANY FEDERAL OR STATE COURT IN THE CITY OF NEW YORK, COUNTY OF NEW YORK, PURSUANT TO SECTION 5-1402 OF THE NEW YORK GENERAL OBLIGATIONS LAW, AND BORROWER WAIVES ANY OBJECTIONS WHICH IT MAY NOW OR HEREAFTER HAVE BASED ON VENUE AND/OR FORUM NON CONVENIENS OF ANY SUCH SUIT, ACTION OR PROCEEDING, AND BORROWER HEREBY IRREVOCABLY SUBMITS TO THE JURISDICTION OF ANY SUCH COURT IN ANY SUIT, ACTION OR PROCEEDING.

### ARTICLE: 10  NOTICES

All notices or other written communications hereunder shall be delivered in accordance with Section 9.6 of the Loan Agreement.

### ARTICLE: 11  OTHER PROVISIONS REGARDING THIS NOTE B AND NOTE A

Concurrently with the execution of this Note B, Borrower has executed and delivered to Lender that certain Consolidated, Amended and Restated Promissory Note A ("Note A") dated of even date herewith, payable to the order of Lender evidencing a loan in the original principal amount of $22,500,000.00. Lender has been engaged as collateral agent by Lender to administer the documents and collateral securing this Note B and Note A, including, without limitation, the Property. This Note B and the right of the holder of Loan B (as defined in Note A) to receive payments of interest, principal and other amounts with respect to the Loan shall at all times be junior, subject and subordinate to Note A and the right of the holder of Note A to receive payments of interest, principal and other amounts with respect to the Loan, including after acceleration.

[NO FURTHER TEXT ON THIS PAGE]

{00991468;2}

3

**IN WITNESS WHEREOF,** Borrower has duly executed this Note B as of the day and year first above written.

**BORROWER:**

**1141 REALTY OWNER LLC,** a
Delaware limited liability company

By:  **1141 REALTY LLC,** a
New York limited liability company,
its managing member

By: _____
Name: Jagdish Vaswani
Title: Manager