# Exhibit H

## Notice of Default and Acceleration



SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

AHART@SIDLEY.COM
+1 212 839 5966

# NOTICE OF ADDITIONAL DEFAULTS

October 11, 2017

**BY HAND DELIVERY**

| | | |
|---|---|---|
| 1141 Realty Owner, LLC<br>c/o Moses & Singer LLP<br>405 Lexington Avenue<br>New York, New York 10174<br>Attention: Jeffrey Davis, Esq.<br>Fax: 212.554.7700 | Jagdish Vaswani<br>c/o Moses & Singer LLP<br>405 Lexington Avenue<br>New York, New York 10174 | Robert K.Y. Chan<br>188 South 8th Street, PH<br>Brooklyn, New York 11211 |

Re:   Loan Agreement, dated as of April 16, 2015, by and between 1141 Realty Owner, LLC, as borrower, and Rialto Mortgage Finance, LLC, as lender, and all ancillary documents

Ladies and Gentlemen:

We refer you to that certain: (i) Consolidated, Amended and Restated Promissory Note A in the amount of $22,500,000 dated April 16, 2015 ("**Note A**") and Promissory Note B in the amount of $2,500,000 dated April 16, 2015 ("**Note B**," and together with Note A, the "**Note**") made by 1141 Realty Owner LLC ("**Borrower**") to Rialto Mortgage Finance, LLC ("**Original Lender**"); (ii) Loan Agreement, dated as of April 16, 2015 (the "**Loan Agreement**"), by and between Borrower and Original Lender; (iii) Consolidated, Amended and Restated Mortgage, Assignment of Leases and Rents, Fixture Filing and Security Agreement dated as of April 16, 2015 (the "**Mortgage**"); (iv) the Guaranty of Recourse Obligations by and between Original Lender, Jagdish Vaswani, and Robert K.Y. Chan (the "**Guaranty**"); and (v) all collateral and other documents, agreements and amendments referred to in, consolidated with, modified by or ancillary to the foregoing documents (all of the foregoing, and all documents identified above, collectively, the "**Loan Documents**"). Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Loan Documents.

As you know, on September 15, 2017, the Lender (acting through Midland Loan Services ("**Midland**")) delivered the attached letter notifying Borrower that (a) Borrower had breached its obligations under Section 7.1(xiii) of the Loan Agreement, and (b) as a result of such breach, and in accordance with Section 7.2 of the Loan Agreement, the Lender was accelerating the Loan ("**Acceleration Letter**"). As a courtesy, for your convenience, we have attached the relevant sections of the Loan Documents to which we refer in this Letter.

This letter constitutes written notice to Borrower that it is in further default under the Loan Documents in that, among other things:

(i)   **Failing To Deposit Rents And Income**. Borrower has diverted Lender's cash collateral by failing to deliver and/or deposit Rents and income generated at the Property in either (a) the Lockbox, or (b) the Clearing Account, as expressly required by the Cash

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

ACTIVE 225321473

# SIDLEY

1141 Realty Owner, LLC
Jagdish Vaswani
Robert K.Y. Chan
October 11, 2017
Page 2

Management Agreement ("CMA"). Such diverted Rents and income include those revenues generated from food and beverage operations at the Property.

(ii) **Failing To Enter Into A Replacement Management Agreement With A Qualified Manager.** Borrower beached its obligation set forth in the penultimate sentence of Section 4.1.8(a) of the Loan Agreement by not entering into a Replacement Management Agreement with a Qualified Manager -- both of which require Lender's approval -- and neither of which Borrower has even sought Lender's approval therefore. The Management Agreement constitutes a material component of the Lender's collateral (a) as set forth in Section 1.1(l) of the Security Instrument, and (b) as further provided for in Recital D and Section 1 of the Assignment of Management Agreement in favor of the Lender.

   (a) *Intentionally Impairing Lender's Collateral.* Borrower's failure to enter into a Replacement Management Agreement with a Qualified Manager has resulted in Lender's collateral being materially impaired.

(iii) **Failing To Operate The Hotel As Required By The Express Language Of Loan Documents.** Borrower failed to operate the Property in substantially the same manner it was operated as of the date that the Loan was made, as required by Section 4.1.9(a), by, among other reasons, (a) serving alcohol in violation of applicable New York laws and regulations, and (b) as of today's date, not serving alcohol as doing so would continue to violate applicable New York laws and regulations.

(iv) **Failing To Pay Taxes.** Borrower failed to pay Taxes as required by Section 4.1.2 of the Loan Agreement, including over $400,000.00 owed to the New York State Department of Taxation and over $250,000.00 owed to the New York City Department of Finance.

(v) **Failing To Submit Required Annual Operating Budget.** Although Borrower had the unfettered ability to provide Lender with the required annual operating budget for 2016 and 2017, as required by Section 4.1.4(f) of the Loan Agreement, Borrower elected to not produce such budgets or submit them for Lender's review, resulting in Borrower operating the Hotel without an Approved Annual Budget in violation of Section 6(b)(ix) of the CMA.

(vi) **Liens Recorded Against The Hotel.** Borrower permitted a Lien in the amount of $4,166.04 by Maxons Restoration Inc. to be placed on the Property in violation of Section 4.1.2 of the Loan Agreement.

Pursuant to Section 7.1 (xvi) of the Loan Agreement, it is an Event of Default if "Borrower shall continue to be in default under any other term, covenant or condition of this Loan Agreement, the Note, the Security Instrument or other Loan Document not specified above" in Section 7.1; provided, however,

ACTIVE 225321473

# SIDLEY

1141 Realty Owner, LLC
Jagdish Vaswani
Robert K.Y. Chan
October 11, 2017
Page 3

(a) Borrower has ten (10) days from the date of this notice to cure the Lockbox default pursuant to Section 7.1 (xvi)(y) of the Loan Agreement, and (b) pursuant to Section 7.1(xvi)(z) of the Loan Agreement, Borrower has thirty (30) days from the date of this notice to cure the remaining defaults set forth in (ii), (iii), (iv), and (v) of this paragraph."

    As in the past, nothing herein, or in any previous or subsequent communications among the parties and/or their respective representatives or attorneys, and no action or inaction by the Lender or the Special Servicer, shall prejudice or constitute a waiver, estoppel or forbearance by the Lender or the Special Servicer with respect to the foregoing, or any other, event of default under the Loan Documents, or of any rights, powers or remedies which the Lender or Special Servicer may have under the Loan Documents or otherwise, and no delay or failure in exercising any such rights, powers or remedies shall operate as a waiver thereof. All such rights, powers and remedies are and continue to be in full force and effect and are hereby ratified

    Nothing set forth herein shall constitute nor be deemed a waiver of the Acceleration Letter, which remains in full force and effect. The specific defaults contained in this Letter shall not constitute a waiver of any other default(s), which may now, or hereafter, exist under the Loan Documents. Lender reserves the right to exercise any one or more of the remedies available to the Lender pursuant to the Loan Documents or otherwise. All such rights, powers and remedies are and continue to be in full force and effect and are hereby ratified.

Very truly yours,

Andrew D. Hart

Cc: **BY HAND DELIVERY**

Moses & Singer LLP
405 Lexington Avenue
New York, New York 10174
Attention: Jeffrey Davis, Esq. / Jill R. Lane, Esq.
Fax: 212.554.7700

ACTIVE 225321473

# SEPTEMBER 15, 2017
# NOTICE OF DEFAULT / NOTICE OF ACCELERATION



**SIDLEY**

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 6300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

AHART@SIDLEY.COM
+1 212 839 5966

## NOTICE OF DEFAULT / NOTICE OF ACCELERATION

September 15, 2017

**BY HAND DELIVERY**

| | | |
|---|---|---|
| 1141 Realty Owner LLC<br>c/o Moses & Singer LLP<br>405 Lexington Avenue<br>New York, New York 10174<br>Attention: Jeffrey Davis, Esq. | Jagdish Vaswani<br>c/o Moses & Singer LLP<br>405 Lexington Avenue<br>New York, New York 10174 | Robert K.Y. Chan<br>188 South 8th Street, PH<br>Brooklyn, New York 11211 |

Re: Loan Agreement, dated as of April 16, 2015, by and between 1141 Realty Owner, LLC, as borrower, and Rialto Mortgage Finance, LLC, as lender, and all ancillary documents

Ladies and Gentlemen:

We refer you to that certain: (i) Consolidated, Amended and Restated Promissory Note A in the amount of $22,500,000 dated April 16, 2015 ("**Note A**") and Promissory Note B in the amount of $2,500,000 dated April 16, 2015 ("**Note B**," and together with Note A, the "**Note**") made by 1141 Realty Owner LLC (the "**Borrower**") to Rialto Mortgage Finance, LLC ("**Original Lender**"); (ii) Loan Agreement, dated as of April 16, 2015 (the "**Loan Agreement**"), by and between Borrower and Original Lender; (iii) Consolidated, Amended and Restated Mortgage, Assignment of Leases and Rents, Fixture Filing and Security Agreement dated as of April 16, 2015 (the "**Mortgage**"); (iv) the Guaranty of Recourse Obligations by and between Original Lender, Jagdish Vaswani, and Robert K.Y. Chan (the "**Guaranty**," and (v) all collateral and other documents, agreements and amendments referred to in, consolidated with, modified by or ancillary to the foregoing documents (all of the foregoing, and all documents identified above, collectively, the "**Loan Documents**"). Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Loan Documents.

Pursuant to certain assignments, endorsements, and/or transfers of the Loan Documents, Wilmington Trust, N.A., as Trustee for the Benefit of the Registered Holders of Wells Fargo Commercial Mortgage Trust 2015-C28, Commercial Mortgage Pass-Through Certificates, Series 2015-C28 (the "Trustee") and RMezz Flatiron LLC (together with the Trustee, the "Lender") are the current owners of the Loan Documents.

We represent Midland Loan Services, a division of PNC Bank, N.A., acting in its capacity as the special servicer (the "Special Servicer") on behalf of the Lender pursuant to the Pooling and Servicing Agreement dated as of May 1, 2015.

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Page | 2

This letter constitutes written notice to the Borrower that it is in default of its obligations under the Loan Documents in that, among other things, Borrower has failed to maintain valid and effective liquor licenses issued by the New York Liquor Authority permitting Borrower to serve alcoholic beverages at the Property.

By virtue of the foregoing default, the Special Servicer, on behalf of the Lender, hereby accelerates and demands immediate repayment in full of the entire outstanding indebtedness due under the Note, the Mortgage, and the Loan Documents in the principal sum of $24,209,357.00 together with all accrued interest thereon (which interest continues to accrue at the default rate as set forth in the Loan Documents), and all other sums due under the Loan Documents.

If the foregoing sums are not paid immediately as required above, Borrower is further advised that the Lender will exercise all other remedies available under the Loan Documents, at law and/or in equity, which will cause the Lender to incur additional attorneys' fees and other amounts which, together with the remaining amounts due under the Loan Documents, may accrue interest for which Borrower, any guarantor, and/or any other obligated party may be liable. If the Property is sold at judicial or nonjudicial foreclosure sale for an amount insufficient to satisfy all amounts due and owing under the Loan Documents, Borrower, and/or any guarantor or otherwise liable party, may be liable for the deficiency, subject to applicable limitations on liability (including, but not limited to, constitutional limitations, statutory limitations and/or any limitations on liability contained within the Loan Documents or applicable law).

All of the Lender's claims, demands and accruals regarding the above-described indebtedness, whenever made, and whether for principal, interest or otherwise, are intended to comply in all respects, both independently and collectively, with applicable usury laws, and are accordingly limited so that applicable usury laws are not violated.

The Lender reserves the right to exercise, in such order as the Lender elects, any one or more of the remedies available to the Lender pursuant to the Loan Documents or otherwise at law and/or in equity (including, without limitation, actions to collect the Rents and other income from the Property), and nothing contained in this Letter shall constitute a waiver of any rights of the Lender to pursue such rights and remedies. Borrower shall not be entitled to expect any additional notice of Borrower's failure to perform an obligation required by the Loan Documents by reason of the Lender's election to provide the notices and specifications set forth in this letter.

Borrower is hereby advised that negotiations, if any, between the Lender or Special Servicer and Borrower shall not constitute a waiver of the acceleration of the indebtedness or the Lender's right to exercise its rights and remedies under the Loan Documents or otherwise at law and/or in equity, including, but not limited to, those described in this letter. Any such waiver shall not be effective unless set forth in writing, duly executed by an authorized representative of the Lender. Borrower shall not be entitled to rely upon any verbal statements made or purported to be made by or on behalf of the Lender in connection with any alleged agreement by or on behalf of the Lender to refrain from exercising any of the Lender's rights under the Loan Documents or otherwise at law or in equity.

Neither this letter nor any statement by or on behalf of the Lender as to the amount due and owing under the Loan Documents shall constitute a waiver of any rights of the Lender to collect any additional amounts to which the Lender may be lawfully entitled pursuant to the terms of the Loan Documents or otherwise at law and/or in equity. The specific enumeration of default(s) contained in this

ACTIVE 224357823

# SIDLEY

Page | 3

Letter shall not constitute a waiver of any other default(s), which may now, or hereafter, exist under the Loan Documents.

    As in the past, nothing herein, or in any previous or subsequent communications among the parties and/or their respective representatives or attorneys, and no action or inaction by the Lender or the Special Servicer, shall prejudice or constitute a waiver, estoppel or forbearance by the Lender or the Special Servicer with respect to the foregoing, or any other, event of default under the Loan Documents, or of any rights, powers or remedies which the Lender or Special Servicer may have under the Loan Documents or otherwise, and no delay or failure in exercising any such rights, powers or remedies shall operate as a waiver thereof. All such rights, powers and remedies are and continue to be in full force and effect and are hereby ratified.

                                                                            Very truly yours,



                                                                            Andrew D. Hart

Cc:    **BY HAND DELIVERY**

        Moses & Moses & Singer LLP
        405 Lexington Avenue
        New York, New York 10174
        Attention: Jeffrey Davis, Esq. / Jill R. Lane, Esq.

ACTIVE 224357823