UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| 1141 REALTY OWNER LLC., *et al*., | Case No.: 18-12341 (SMB) |
| Debtors. | (Jointly Administered) |

-----------------------------------------------------------x

### DECLARATION OF JAMES KATCHADURIAN IN SUPPORT OF ENTRY OF AN ORDER CONFIRMING THE FIRST AMENDED PLAN OF REORGANIZATION FOR 1141 REALTY OWNER LLC AND FLATIRONHOTEL OPERATIONS LLC UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

I, James Katchadurian, declare under penalty of perjury as follows:

1.      I am over the age of eighteen and am competent to testify to the matters set forth herein.

2.      I am the Chief Restructuring Officer for 1141 Realty Owner LLC and Flatironhotel Operations LLC (together, the "Debtors"), the proponents of the *First Amended Plan of Reorganization for 1141 Realty Owner LLC and Flatironhotel Operations LLC Under Chapter 11 of the Bankruptcy Code* dated February 22, 2019 (the "Plan") [Docket No. 121].

3.      I submit this declaration (the "Declaration") in support of confirmation of the Plan proposed by Debtors under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4.      Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge, my review of the Debtors' books and records, and other relevant documents, including the Plan. Any opinions set forth herein are based on my experience, expertise and knowledge of the Debtors' operations and financial condition, and/or information and materials that the Debtors' professional advisors have supplied to me.  If I were called to testify as a witness in this matter, I would testify to the facts set forth herein.

1

5.       The Plan divides Claims[1] and Interests into six (6) Classes. Of the six (6) Classes, two (2) Classes are impaired and entitled to vote (the "Voting Classes"). Each of the two (2) Voting Classes have voted to accept the Plan: Class 2 (Allowed Premier Secured Claim) and Class 6 (Interests in the Debtors). Class 1 (Allowed Priority (Non-Tax) Claims), Class 3 (Allowed Prepetition Lender Secured Claim, Class 4 (Other Secured Claims) and Class 5 (General Unsecured Claims) are not impaired and are conclusively presumed to accept the Plan.

**A.      The Plan Complies with the Requirements of Section 1129(a)(1) of the Bankruptcy Code.**

6.       Based on my review of the Plan and all related materials, I believe that the Plan complies with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(1) of the Bankruptcy Code, including, without limitation, sections 1122 and 1123 of the Bankruptcy Code, which govern, respectively, the classification of claims and the contents of a plan.

(i)      *The Plan Complies with Section 1122(a) of the Bankruptcy Code.*

7.       Section 1122(a) of the Bankruptcy Code provides that "a plan may place a claim or interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class." Based upon my review of the Plan, Article II of the Plan designates six (6) classes of Claims and Interests.  Class 1 includes only Allowed Priority (Non-Tax) Claims. Class 2 includes only Allowed Premier Secured Claims.  Class 3 includes only Allowed Prepetition Lender Secured Claim.  Class 4 includes only Other Secured Claims. Class 5 includes only General Unsecured Claims. Class 6 includes only Interests in the Debtors. Thus, the Claims and Interests placed in each Class are substantially similar to other Claims and Interests in each such Class. Accordingly, I believe that the Plan complies with section 1122 of the Bankruptcy Code.

---

[1] Unless otherwise defined herein, capitalized terms are used as defined in the Plan.

(ii)    *The Plan Complies with Section 1123 of the Bankruptcy Code.*

8.      Section 1123(a) of the Bankruptcy Code identifies seven (7) required contents of a

plan.  Based upon my review of the Plan, the Plan contains each of these seven required contents.

9.      Section 1123(a)(1) of the Bankruptcy Code requires that a chapter 11 plan designate

classes of claims and interests other than claims of a kind specified in section 507(a)(2) of the

Bankruptcy Code (administrative expense claims), section 507(a)(3) of the Bankruptcy Code

(claims arising during the "gap" period in an involuntary bankruptcy case), and section 507(a)(8)

of the Bankruptcy Code (priority tax claims). Based upon my review of the Plan, Article II of the

Plan satisfies this requirement by expressly classifying all Claims and Interests, other than

Administrative Expenses and Priority Tax Claims, as follows: Class 1 (Allowed Priority (Non-

Tax) Claims), Class 2 (Allowed Premier Secured Claims), Class 3 (Allowed Prepetition Lender

Secured Claim), Class 4 (Other Secured Claims), Class 5 (General Unsecured Claims), and Class

6 (Interests in the Debtors).

11.     Section 1123(a)(2) of Bankruptcy Code requires that a plan "specify any class of

claims or interests that is not impaired under the plan." 11 U.S.C. § 1123(a)(2).  Based upon my

review of the Plan, Article III of the Plan satisfies this requirement by specifying that Class 1

(Priority (Non-Tax) Claims), Class 3 (Allowed Prepetition Lender Secured Claim), Class 4 (Other

Secured Claims) and Class 5 (General Unsecured Claims) are not impaired under the Plan.

Accordingly, I believe that section 1123(a)(2) of the Bankruptcy Code is satisfied.

12.     Section 1123(a)(3) of the Bankruptcy Code requires that a plan "specify the

treatment of any class of claims or interests that is impaired under the plan." 11 U.S.C. §

1123(a)(3).  Based upon my review of the Plan, Article III of the Plan specifies that Class 2

(Allowed Premier Secured Claim) and Class 6 (Interests in the Debtors) are impaired under the

3

Plan and specifies the treatment of each such Class. Accordingly, I believe that section 1123(a)(3) of the Bankruptcy Code is satisfied.

13.    Section 1123(a)(4) of the Bankruptcy Code requires that a plan "provide the same treatment for each claim or interest of a particular class." 11 U.S.C. § 1123(a)(4). Based upon my review of the Plan, Article III of the Plan satisfies this requirement by providing the same treatment to each Claim in each respective Class, and there is no provision of the Plan to the contrary. Accordingly, I believe section 1123(a)(4) of the Bankruptcy Code is satisfied.

14.    Section 1123(a)(5) of the Bankruptcy Code requires that a plan provide "adequate means" for its implementation. Based upon my review of the Plan, Article V of the Plan provides adequate and proper means for the implementation of the Plan. In particular, section 5.01 provides that payments on the Effective Date will be made from (a) the Exit Facility, and (b) the Premier Funds. Further, section 5.02 provides that the Debtors or Reorganized Debtors, as applicable, with the assistance of Premier, shall obtain the Exit Facility in an amount sufficient to satisfy the Allowed portion of the Prepetition Lender's Claim, and failing that, the Debtors shall market and sell their real property to satisfy any Allowed Prepetition Lender's Claims or that Premier will provide additional Premier Funds to satisfy any Allowed Prepetition Lender's Claim. I believe that the foregoing provisions constitute adequate means for implementation of the Plan, and therefore section 1123(a)(5) of the Bankruptcy Code is satisfied.

15.    Section 1123(a)(6) of the Bankruptcy Code requires that a debtor's corporate documents prohibit the issuance of non-voting equity securities and related corporate governance matters. 11 U.S.C. §1123(a)(6). The Plan provides for the cancellation of existing membership interests in the Debtors and the issuance of new membership interests in the Reorganized Debtors, as to Owner, fifty percent (50%) to 1141 Realty LLC and fifty percent (50%) to Premier Nomad

LLC and as to Operator, one hundred percent (100%) to Premier Nomad. The Plan does not, however, contemplate the issuance of new stock in the Debtors that is non-voting or the issuance of stock that has a preference in voting power or a preference with respect to dividends. Accordingly, I believe section 1123(a)(6) of the Bankruptcy Code is not applicable.

16.    Section 1123(a)(7) of the Bankruptcy Code requires that a plan "contain only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the plan…." 11 U.S.C. § 1123(a)(7).  As set forth in the Disclosure Statement, if the Exit Facility closes pursuant to the Plan, the managing member of the Reorganized Debtors will be Premier Nomad LLC, which is managed by Uzi Ben Abraham, Yaron Jacobi and Bert H. Dweck. Messrs. Ben Abraham, Jacobi and Dweck have substantial experience in acquiring and managing commercial properties in New York City. Because of that experience, it is my belief that such appointments are consistent with the interests of Creditors holders of Interests and with public policy. Accordingly, I believe section 1123(a)(7) of the Bankruptcy Code is satisfied.

17.    Section 1123(b) of the Bankruptcy Code identifies various discretionary provisions that may be included in a plan, but are not required.

18.    Section 1123(b)(1) states that a plan may "impair or leave unimpaired any class of claims, secured or unsecured, or of interests." 11 U.S.C. § 1123(b)(1).  Based upon my review of the Plan, the Plan provides that Class 1 (Allowed Priority (Non-Tax) Claims, Class 3 (Allowed Prepetition Lender Secured Claim), Class 4 (Other Secured Claims) and Class 5 (General Unsecured Claims) are left unimpaired, and Class 2 (Allowed Premier Secured Claim) and Class 6 (Interests in the Debtors) are impaired.  I believe that the foregoing treatment of Claims as set forth in Article III of the Plan is consistent with section 1123(b)(1).

19.     Section 1123(b)(2) of the Bankruptcy Code provides that a plan may, subject to section 365 of the Bankruptcy Code, "provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected under such section." Based upon my review of the Plan, section 6.01 of the Plan provides that all executory contracts or unexpired leases listed on Schedule 1 of the Plan shall be deemed assumed by the Debtors as of the Effective Date. See Plan § 6.01. Section 6.02 of the Plan provides that any executory contracts or unexpired leases not previously assumed or rejected or the subject of a pending motion to assume or reject, shall be deemed rejected by the Debtor.  See Plan, § 6.02.  I believe that the provisions of the Plan regarding the treatment of executory contracts and unexpired leases are fair and reasonable, and that the treatment is consistent with sections 365(a) and 1123(b)(2) of the Bankruptcy Code.

20.     Section 1123(b)(3) of the Bankruptcy Code provides that a plan may provide for "(a) the settlement or adjustment of any claim or interest belonging to the debtor or to the estate; or (b) the retention and enforcement by the debtor, by the trustee, or by a representative of the estate appointed for such purpose, of any such claim or interest." Based upon my review of the Plan, the Plan does not settle or adjust any claim or interest belonging to the Debtors or the estates. Because the Plan contemplates payment in full of all Allowed Claims, Avoidance Actions are released pursuant to section 5.03 of the Plan. I believe these provisions of the Plan are consistent with section 1123(b)(3) of the Bankruptcy Code.

21.     Section 1123(b)(4) of the Bankruptcy Code provides that a plan may provide "for the sale of substantially all of the property of the estate, and the distribution of the proceeds of such sale among holders of claims or interests." 11 U.S.C. § 1123(b)(4).  Based upon my review of the Plan, sections 3.06 and 5.02 of the Plan provide for the sale of the Debtors' real property if,

but only if, the Exit Financing does not close by May 15, 2019.  I believe that these provisions of the Plan are consistent with section 1123(b)(4) of the Bankruptcy Code.

22.    Section 1123(b)(5) provides that a plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims."  Based upon my review of the Plan, the Plan modifies the rights of holders of certain secured claims (Class 2 Allowed Premier Secured Claim). See Plan § 3.05. The Plan leaves the rights of holders of claims in Class 1 (Allowed Priority (Non-Tax) Claims, Class 3 (Allowed Prepetition Lender Secured Claim), Class 4 (Other Secured Claims) and Class 5 (General Unsecured Claims) unaffected. See Plan §§ 3.04, 3.06-3.08. I believe that the modification of such rights is consistent with section 1123(b)(5) of the Bankruptcy Code.

23.    Section 1123(b)(6) of the Bankruptcy Code provides that a Plan may "include any other appropriate provision not inconsistent with the applicable provisions of this title."  Based upon my review of the Plan, the Plan does provide additional appropriate provisions that are not inconsistent with applicable sections of the Bankruptcy Code, including, but not limited to: (i) Plan § 5.03 (release of Avoidance Actions); (ii) Plan § 5.04 (establishment reserves for Disputed Claims (iii) Plan § 5.7 (establishment of reserves) 5.09(j) (minimum distributions); (iv) Plan Article VII (procedures for resolving disputed claims);  (v) Plan § 10.02 (injunctions, but with appropriate limitations); and (vi) Plan § 10.04 (exculpation, but with appropriate limitations).  I believe that these provisions are appropriate and consistent with the Bankruptcy Code, and thus, the Plan complies with section 1123(b) of the Bankruptcy Code.

24.    Section 1123(c) of the Bankruptcy Code requires in a case involving an individual, that "a plan proposed by an entity other than the debtor may not provide for the use, sale, or lease

of property exempted under section 522 of this title, unless the debtor consents to such use, sale or lease." 11 U.S.C. § 1123(c). The Debtors are not individuals, and accordingly, I believe that section 1123(c) is not applicable.

25.     Section 1123(d) of the Bankruptcy Code states that "[n]otwithstanding subsection (a) of this section and sections 506(b), 1129(a)(7), and 1129(b) of this title, if it is proposed in a plan to cure a default the amount necessary to cure the default shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law." 11 U.S.C. § 1123(d). Based upon my review of the Plan, the Plan does not contemplate the curing of any default. Accordingly, I believe that section 1123(d) is not applicable.

**B.      The Debtor Has Complied with the Requirements of Section 1129(a)(2) of the Bankruptcy Code.**

26.     Section 1129(a)(2) of the Bankruptcy Code requires that the plan proponent "compl[y] with the applicable provisions of [title 11 of the Bankruptcy Code]," including, without limitation, sections 1125 and 1126 of the Bankruptcy Code. 11 U.S.C. § 1129(a)(2).

27.     Pursuant to the *Order: (I) Approving Disclosure Statement on a Provisional Basis; (II) Authorizing Debtors to Solicit Votes on the Plan; and (III) Scheduling a Hearing on Final Approval of Disclosure Statement and Confirmation of Plan* (the "Scheduling Order") [Docket No. 119] the Court provisionally approved the Disclosure Statement and granted related relief. As set forth in the *Affidavit of Service of Darlene Sahagun*, sworn to on February 26, 2019 (the "Solicitation Affidavit") [Docket No. 123], the Debtors fully complied with the requirements of the Scheduling Order. See, generally, Solicitation Affidavit. Therefore, I believe that the Debtors have complied with section 1125 of the Bankruptcy Code.

28.     As set forth in the Solicitation Affidavit, in accordance with section 1126 of the Bankruptcy Code, the Debtors solicited votes on the Plan from holders of Claims and Interests in

the Voting Classes.  See Solicitation Affidavit.  Each of the Voting Classes is impaired under the

Plan.  See Plan §§ 3.05, 3.09.  Accordingly, pursuant to section 1126(a) of the Bankruptcy Code,

holders of Claims in the Voting Classes were entitled to vote to accept or reject the Plan.  See Plan

§ 4.01.

29.    Class 1 (Allowed Priority (Non-Tax) Claims), Class 3 (Allowed Prepetition Lender

Secured Claim), Class 4 (Other Secured Claims) and Class 5 (General Unsecured Claims) are not

impaired under the Plan.  See Plan §§ 3.04, 3.06-3.09.  As a result, pursuant to section 1126(f) of

the Bankruptcy Code, holders of Claims in Classes 1, 3, 4, and 5 are conclusively presumed to

have accepted the Plan.  As such, the votes of holders of Claims in Classes 1, 3, 4, and 5 were not

solicited.  See Solicitation Affidavit.

**C.    Section 1129(a)(3) of the Bankruptcy Code is Satisfied.**

30.    Section 1129(a)(3) of the Bankruptcy Code requires that a plan be "proposed in

good faith and not by any means forbidden by law."  The Plan has been proposed by the Debtors

in good faith, with the legitimate and honest purpose of maximizing the value of the Debtors'

estates for all stakeholders.  The acceptance of the Plan by the two (2) Voting Classes reflects the

overall fairness of the Plan and the acknowledgment by the Voting Classes that the Plan has been

proposed in good faith and for proper purposes.  I believe that the Plan maximizes value and that

there is no alternative to the Plan that would return more value to Creditors and holders of Interests,

and accordingly, believe that section 1129(a)(3) of the Bankruptcy Code is satisfied.

**D.    The Plan Complies with Section 1129(a)(4) of the Bankruptcy Code.**

31.    Section 1129(a)(4) of the Bankruptcy Code requires that: "[a]ny payment made or

to be made by the proponent, by the debtor, or by a person issuing securities or acquiring property

under the plan, for services or for costs and expenses in or in connection with the case, or in

connection with the plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable." In these Chapter 11 Cases, the only such payments are to the retained professionals of the Debtors. Based upon my review of the Plan, the Plan provides that the Confirmation Order shall provide a deadline for filing of Fee Claims incurred prior to the Confirmation Date. See Plan § 2.05. In addition, section 8.01(i) of the Plan provides that the Bankruptcy Court will retain jurisdiction after the Effective Date to hear and determine all applications for professional fees and reimbursement of expenses. I therefore believe that the Plan complies with section 1129(a)(4) of the Bankruptcy Code.

**E.    The Debtor Has Complied with Section 1129(a)(5) of the Bankruptcy Code.**

32.    Section 1129(a)(5)(A)(i) of the Bankruptcy Code requires that the proponent of a plan disclose the identity and affiliations of any individual proposed to serve, after confirmation of a plan, as director, officer or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor under the Plan.

33.    Section 1129(a)(5)(A)(i) of the Bankruptcy Code is satisfied. The Disclosure Statement discloses that following the Effective Date of the Plan, if the Exit Facility closes pursuant to the Plan, the managing member of the Reorganized Debtors will be Premier Nomad LLC. Premier Nomad LLC is managed by Uzi Ben Abraham, Yaron Jabobi and Bert H. Dweck See Disclosure Statement pp. 10-11. The Plan relates solely to the Debtors and not to any other person or entity. Thus, I believe that the Debtors have complied with section 1129(a)(5)(A)(i) of the Bankruptcy Code.

34.    Section 1129(a)(5)(A)(ii) of the Bankruptcy Code requires that the appointment of the person identified in accordance with section 1129(a)(5)(A)(i) be "consistent with the interests of creditors and equity security holders and with public policy." 11 U.S.C. § 1129(a)(5)(A)(ii).

10

As described in the Disclosure Statement, Messrs. Ben Abraham, Jacobi and Dweck have substantial experience owning and operating commercial properties in New York City. I believe that such appointments are consistent with the interests of creditors and with public policy because, among other things, Messrs. Ben Abraham, Jacobi and Dweck have the requisite experience and resources to manage the Reorganized Debtors.  Id.  In addition, I expect that I will continue as Chief Restructuring Officer of the Debtors after the Effective Date, although in a more limited role than prior to the Effective Date.

35.      Based upon the foregoing, I believe that the requirements of section 1129(a)(5)(ii) of the Bankruptcy Code are satisfied.

36.      Section 1129(a)(5)(B) of the Bankruptcy Code states that a plan may be confirmed if the proponent discloses the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.   11 U.S.C. § 1129(a)(5)(B).

37.      In my capacity as Chief Restructuring Officer, I am an officer of the Debtors. To the extent applicable, I may be considered an "insider" within the meaning of pursuant to section 101(31)(B) of the Bankruptcy Code, I will continue in my role as Chief Restructuring Officer, but in a more limited role. It is my expectation that I will be compensated for being the Chief Restructuring Officer in the same manner and at the same rate as I was prior to the Effective Date. I respectfully submit that the foregoing statements satisfy section 1129(a)(5)(B) of the Bankruptcy Code.

**F.    Section 1129(a)(6) of the Bankruptcy Code is Not Applicable.**

38.      Section 1129(a)(6) of the Bankruptcy Code requires, with respect to a debtor the rates of which are subject to governmental regulation following confirmation, that appropriate

governmental approval has been obtained for any rate change provided for in the plan, or that such rate change be expressly conditioned on such approval. 11 U.S.C. § 1129(a)(6). Because there is no governmental regulatory commission that has jurisdiction over any rates of the Debtors, I believe that section 1129(a)(6) of the Bankruptcy Code is not applicable.

G.    **Section 1129(a)(7) of the Bankruptcy Code is Satisfied.**

39.    The "best interests of creditors" test as set forth in section 1129(a)(7) of the Bankruptcy Code requires that, with respect to each impaired class of claims or interests, each holder of a claim or interest has accepted the plan or will receive property of a value not less than what such holder would receive if the debtor were liquidated under Chapter 7.

40.    Both of the Voting Classes, the only classes that are impaired under the Plan, voted to accept the Plan. See *Declaration of Catherine Nownes-Whitaker Regarding Analysis of Ballots for Accepting or Rejecting the First Amended Plan of Reorganization for 1141 Realty Owner LLC and Flatironhotel Operations LLC Under Chapter 11 of the Bankruptcy Code* (the "Voting Declaration") [Docket No. 147].

41.    Attached hereto as **Exhibit A** is a liquidation analysis (the "Liquidation Analysis") that demonstrates the treatments for each Class under the Plan and in a hypothetical Chapter 7 scenario. Based upon the Liquidation Analysis, it is undisputable that any single holder of a Claim that has chosen to vote against the Plan, if any, will receive value under the Plan that is not less than such holder would receive if the debtor were liquidated in Chapter 7. Moreover, the Debtors obtained an appraisal (the "Appraisal") prepared by CBRE Hotels ("CBRE"), which was previously admitted into evidence as an exhibit to the *Declaration of Edward R. Eschmann in Further Support of Debtors' Motion for Entry of Interim and Final Orders Authorizing the Debtors to Obtain Post-Petition, Priming, Senior Secured, Superpriority Financing Pursuant to 11 U.S.C.*

*§§ 105, 362, 364(c) and 364(d), Bankruptcy Rule 4001(c) and Local Bankruptcy Rule 4001-2* (the "Eschmann Declaration") [Docket No. 36], which clearly shows that the Debtors' property is of a sufficient value to pay all Allowed Claims of creditors in full.

42.     Accordingly, I believe that the "best interests of creditors" test in section 1129(a)(7) is satisfied as to each impaired class of Claims and Interests because each dissenting holder of a Claim in each such Class will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive in a Chapter 7 liquidation of the Debtors' assets on such date.

43.     Finally, the docket of the Chapter 11 Cases does not reflect an election by any class pursuant to § 1111(b)(2) of the Bankruptcy Code. Accordingly, I believe that the Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

**H.     Section 1129(a)(8) of the Bankruptcy Code is Satisfied.**

44.     Section 1129(a)(8) of the Bankruptcy Code requires that each class of claims or interests under a plan has either accepted the plan or is not impaired under the plan.  With respect to an unimpaired class of claims, under section 1126 of the Bankruptcy Code, any such unimpaired class of claims is "conclusively presumed" to have accepted the plan and need not be further examined under section 1129(a)(8). 11 U.S.C. § 1126(f).  Classes 1, 3, 4 and 5 are not impaired under the Plan and are therefore conclusively presumed to have accepted the Plan.  See Plan § 4.01.

45.     As to each impaired Class, section 1126(c) of the Bankruptcy Code provides that a plan is accepted if the accepting class members hold at least two-thirds in amount and more than one-half in number of the claims held by the class members that have cast votes on the plan,

excluding any holder designated pursuant to section 1126(e) of the Bankruptcy Code. 11 U.S.C. §

1126(c).

46.    As set forth in the Voting Declaration, Classes 2 and 6 voted to accept the Plan, as

follows:

| Class 2 – Allowed Premier Secured Claim | | Result |
|---|---|---|
| **Ballots Received** | 2 votes accepting the Plan[2]. 0 votes rejecting the Plan. | **Accept** |
| **Acceptance** | 100.00% in number of voted accepting the Plan (2) 100.00% in dollar amount accepting the Plan ($4,132,354.00) | |
| **Rejection** | 0.00% in number of voted rejecting the Plan (0) 0.00% in dollar amount rejecting the Plan ($0.00) | |
| **Class 6 – Interests in the Debtors** | | **Result** |
| **Ballots Received** | 2 votes accepting the Plan[3]. 0 votes rejecting the Plan. | **Accept** |
| **Acceptance** | 100% in number of votes accepting the Plan (2) | |
| **Rejection** | 0.00% in number of votes rejecting the Plan (0) | |

## I.    Section 1129(a)(9) of the Bankruptcy Code is Satisfied.

47.    Section 1129(a)(9) of the Bankruptcy Code requires that certain priority claims be

paid in full on the effective date of a plan.  Based upon my review of the Plan, the Plan satisfies

each of the requirements of section 1129(a)(9).  First, consistent with section 1129(a)(9)(A) of the

Bankruptcy Code, the Plan provides that all Allowed Priority Non-Tax Claims arising under

---

[2] 1141 Realty Owner LLC and Flatironhotel Operations LLC are each liable on the Premier Claim. As a result, Premier cast two (2) separate ballots on the Plan.

[3] 1141 Realty LLC, the parent of debtor 1141 Realty Owner LLC cast a ballot on account of its interests in 1141 Realty Owner LLC. Jagdish Vaswani, the sole member of Flatironhotel Operations LLC, cast a ballot on account of his interests in Flatironhotel Operations LLC.

sections 507(a)(2) and 507(a)(3) of the Bankruptcy Code will be paid in full on the Effective Date, or as soon thereafter as is reasonably practicable, from the Effective Date Payment. See Plan § 3.04.

48.     Second, consistent with section 1129(a)(9)(B) of the Bankruptcy Code, the Plan provides that all Allowed Priority Non-Tax Claims arising under sections 507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6) or 507(a)(7) of the Bankruptcy Code, will be paid in full on the Effective Date, or as soon thereafter as is reasonably practicable, from the Effective Date Payment. See Id.

49.     Third, consistent with section 1129(a)(9)(C) of the Bankruptcy Code, the Plan provides that all Allowed Priority Tax Claims arising under section 507(a)(8) of the Bankruptcy Code shall be paid in full on the Effective Date. See Plan § 3.03.

50.     Thus, I believe that the Plan complies with each of the requirements of section 1129(a)(9) of the Bankruptcy Code.

**J.      Section 1129(a)(10) of the Bankruptcy Code is Satisfied.**

51.     Section 1129(a)(10) of the Bankruptcy Code states that "[i]f a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider". 11 U.S.C. § 1129(a)(10). Based upon my review of the Voting Declaration, I believe that this requirement has been satisfied. As described in the Voting Declaration, the Plan has been accepted by Class 2 (Allowed Premier Secured Claim), which is not an insider.

52.     As a result, at least one Class of Claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider, as required by section 1129(a)(10) of the Bankruptcy Code.

15

**K.      Section 1129(a)(11) of the Bankruptcy Code is Satisfied.**

53.      Pursuant to section 1129(a)(11) of the Bankruptcy Code, a plan may be confirmed only if "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan."

54.      Article V of the Plan describes the means for implementation of the Plan. Specifically, section 5.01 of the Plan provides that payments to be made under the Plan will be made from the (a) Exit Facility, and (b) the Premier Funds. Moreover, section 5.02 of the Plan provides that if the Exit Facility does not close within ninety (90) days from the confirmation date, either (i) the Debtors shall market and sell their real property to satisfy any Allowed Prepetition Lender's Claim, or (ii) Premier shall provide additional Premier Funds to satisfy any Allowed Prepetition Lender's Claim. See Plan §§ 5.01-5.02[4]. As a result, no further liquidation or reorganization will be required after confirmation of the Plan. I therefore believe that the feasibility requirement of section 1129(a)(11) is satisfied.

**L.      The Plan Satisfies Section 1129(a)(12) of the Bankruptcy Code.**

55.      Section 1129(a)(12) of the Bankruptcy Code requires that certain fees listed in 28 U.S.C. § 1930, determined by the court at the hearing on confirmation of a plan, be paid or that provision be made for their payment.  11 U.S.C. § 1129(a)(12).  Based upon my review of the Plan, this requirement is satisfied. The Plan provides that all fees payable pursuant to section 1930 of Title 28 of the United States Code shall be paid on the Effective Date (if any are due), plus any interest thereon, by the Debtor's estate.  See Plan § 3.02. The Plan also provides for the payment,

---

[4] There is an inconsistency between section 5.02 and section 3.06 of the Plan, the latter of which provides a deadline of May 15, 2019 for the Exit Financing to close. If the Court confirms the Plan, this inconsistency will be reconciled in favor of section 3.06 of the Plan in the Debtors' proposed order confirming the Plan.

when due, of all United States Trustee quarterly fees under 28 U.S.C. § 1930(a)(6) from the Effective Date until the Chapter 11 Cases are closed, dismissed or converted to another chapter under the Bankruptcy Code.  See Id.

**M.    Section 1129(a)(13) of the Bankruptcy Code is Not Applicable.**

56.    Section 1129(a)(13) of the Bankruptcy Code requires that a plan provide for the continuation, after the plan's effective date, of all retiree benefits at the level established by agreement or by court order pursuant to section 1114 of the Bankruptcy Code at any time prior to confirmation of the plan, for the duration of the period that the debtor has obligated itself to provide such benefits.  The Debtors have no obligation to provide retiree benefits, and accordingly, I believe that section 1129(a)(13) of the Bankruptcy Code is not applicable to the Plan.

**N.    Section 1129(a)(14) of the Bankruptcy Code is Not Applicable.**

57.    Section 1129(a)(14) of the Bankruptcy Code requires a debtor to pay all domestic support obligations that first become payable after the date of the filing of the petition.  The Debtors do not have any domestic support obligations, and accordingly, section 1129(a)(14) of the Bankruptcy Code is not applicable to the Debtors.

**O.    Section 1129(a)(15) of the Bankruptcy Code is Not Applicable.**

58.    Section 1129(a)(15) of the Bankruptcy Code provides that in a case where the debtor is an individual and in which the holder of an allowed unsecured claim objects to the confirmation of the plan, either "(a) the value, as of the effective date of the plan, of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or (b) the value of the property to be distributed under the plan is not less than the projected disposable income of the debtor as defined by section 1325(b)(2)) to be received during the 5-year

17

period beginning on the date that the first payment is due under the plan, or during the period for which the plan provides payments, whichever is longer."

59.    The Debtors are not individuals, and accordingly, I believe that section 1129(a)(15) of the Bankruptcy Code is not applicable to the Debtors.

**P.    Section 1129(a)(16) of the Bankruptcy Code is Satisfied.**

60.    Section 1129(a)(16) of the Bankruptcy Code requires that "[a]ll transfers of property under the plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust." 11 U.S.C. § 1129(a)(16). The Debtors are for-profit entities, and therefore I believe that section 1129(a)(16) of the Bankruptcy Code is not applicable.

**Q.    Section 1129(b) of the Bankruptcy Code Need Not be Invoked.**

61.    Section 1129(b)(1) of the Bankruptcy Code provides that, "if all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan, the court, on request of the proponent under the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan."

62.    As set forth above, all of the Voting Classes voted to accept the Plan. As a result, the Debtors need not invoke section 1129(b) of the Bankruptcy Code.

**R.      Section 1129(c) of the Bankruptcy Code is Satisfied.**

63.      Bankruptcy Code section 1129(c) states that a court "may only confirm one plan."

11 U.S.C. § 1129(c).  The Plan is the only plan that has been filed in these Chapter 11 Cases.

Accordingly, I believe that section 1129(c) of the Bankruptcy Code is satisfied.

**S.      Section 1129(d) of the Bankruptcy Code is Satisfied.**

64.      Section 1129(d) of the Bankruptcy Code states that "the court may not confirm a

plan if the principal purpose of the plan is the avoidance of taxes or the avoidance of the application

of section 5 of the Securities Act of 1933."  The purpose of the Plan is not to avoid taxes or the

application of section 5 of the Securities Act of 1933.  Moreover, no party that is a governmental

unit, or any other entity, has requested that the Court decline to confirm the Plan on the grounds

that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application

of section 5 of the Securities Act of 1933.  Accordingly, I believe that the Plan satisfies the

requirements of section 1129(d) of the Bankruptcy Code.

[remainder of page intentionally blank]

## <u>CONCLUSION</u>

As evidenced by its approval by the Voting Classes, the Plan overall is fair in my opinion, and reasonable and has been proposed in good faith and for proper purposes.  The Plan will enable the maximization of value for the benefit of the Debtors' creditors and all stakeholders.  For all of these reasons, I respectfully submit that the Court should confirm the Plan.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:     New York, New York
           April 15, 2019

                                    */s/ James Katchadurian*___
                                    James Katchadurian
                                    Chief Restructuring Officer

**<u>Exhibit A</u>**

**Liquidation Analysis**

**1141 Realty Owner, LLC et al (Case #18-12341)**
**Liquidation Analysis**

| Assets | Chapter 11 | Chapter 7 | Variance | NOTES |
|---|---|---|---|---|
| Real Property located at 1141 Broadway, NY NY | 45,500,000 | 45,500,000 | $ - | Going Concern \ As is Appraisal by CBRE dated April 2018; Assumes that a Chapter 7 Trustee would achieve same asset sale results which in all likelyhood would not be the case |
| Total Assets | $ 45,500,000 | $ 45,500,000 | $ - | |
| | | | | |
| **Professional Liabilities** | | | | |
| Chapter 7 Professional Fees & Expenses | - | (2,275,000) | $ (2,275,000) | Estimated Chapter 7 Trustee fees, and Chapter 7 legal and accounting fees at 5%. |
| | | | | |
| Net Assets Available for Distribution | $ 45,500,000 | $ 43,225,000 | $ (2,275,000) | |
| | | | | |
| **Total Liabilities (as Scheduled)** | | | | |
| Total Liabilites | 28,475,701 | 28,475,701 | $ - | Total Liabilities from Schedules of Assets and Liabilities |
| | | | | |
| Total Liabilities (as Scheduled) | $ 28,475,701 | $ 28,475,701 | $ - | |
| | | | | |
| | | | | |
| Net Surplus (defecit) | $ 17,024,298.85 | $ 14,749,298.85 | $ (2,275,000) | |