UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                      Chapter 11

   1141 REALTY OWNER LLC., *et al*.,          Case No.:  18-12341 (SMB)

                Debtors.         (Jointly Administered)
-----------------------------------------------------------x

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING DISCLOSURE STATEMENT ON A FINAL BASIS PURSUANT TO 11 U.S.C. § 1125; AND (II) CONFIRMING FIRST AMENDED PLAN OF REORGANIZATION OF 1141 REALTY OWNER LLC AND FLATIRONHOTEL OPERATIONS LLC UNDER CHAPTER 11 OF THE BANKRUPTCY CODE PURSUANT TO 11 U.S.C. § 1129 AND FED. R. BANKR. P. 3020

1141 Realty Owner LLC and Flatironhotel Operations LLC (together, the "Debtors"), having filed (i) the *First Amended Plan of Reorganization of 1141 Realty Owner LLC and Flatironhotel Operations LLC Under Chapter 11 of the Bankruptcy Code*, dated February 20, 2019 (together with any subsequent modifications, the "Plan") [Docket No. 121], a copy of which is annexed hereto as **Exhibit A**, (ii) the *Disclosure Statement for First Amended Plan of Reorganization of 1141 Realty Owner LLC and Flatironhotel Operations LLC Under Chapter 11 of the Bankruptcy Code*, dated February 20, 2019 (together with any subsequent modifications, the "Disclosure Statement") [Docket No. 122], (iii) the *Affidavit of Service* of Darlene Sahagun, sworn to on February 26, 2019 (the "Solicitation Affidavit") [Docket No. 123]; (iv) the *Declaration of James Katchadurian In Support of Entry of an Order Confirming the First Amended Plan of Reorganization of 1141 Realty Owner LLC and Flatironhotel Operations LLC Under Chapter 11 of the Bankruptcy Code,* dated April 15, 2019 (the "Katchadurian Declaration") [Docket No. 149]; (v) the *Declaration of Catherine Nownes-Whitaker Regarding Analysis of Ballots for Accepting or Rejecting the First Amended Plan of Reorganization for 1141 Realty Owner LLC and Flatironhotel Operations LLC Under Chapter 11 of the Bankruptcy*

*Code* dated March 20, 2019 (the "<u>Voting Declaration</u>") [Docket No. 150]; (vi) the *Declaration of Mark D. Mermel, Esq. in Support of Entry of an Order Confirming the First Amended Plan of Reorganization for 1141 Realty Owner LLC and Flatironhotel Operations LLC Under Chapter 11 of the Bankruptcy Code* dated April 15, 2019 (the "<u>Mermel Declaration</u>") [Docket No. 141]; and (vii) the *Declaration of Mark W. Schlussel, Esq. in Support of Entry of an Order Confirming the First Amended Plan of Reorganization for 1141 Realty Owner LLC and Flatironhotel Operations LLC Under Chapter 11 of the Bankruptcy Code* dated April 25, 2019 (the "<u>Schlussel Declaration</u>") [Docket No. 152], and the Court having previously entered the *Order: (I) Approving Disclosure Statement on a Provisional Basis; (II) Authorizing Debtors to Solicit Votes on the Plan; and (III) Scheduling a Hearing on Final Approval of Disclosure Statement and Confirmation of Plan* (the "<u>Scheduling Order</u>") [Docket No. 119]; and hearings pursuant to section 1128 of Title 11, United States Code (the "<u>Bankruptcy Code</u>") to consider final approval of the Disclosure statement and confirmation of the Plan having been held before the Bankruptcy Court on April 16, 2019 and May 2, 2019 (the "<u>Confirmation Hearing</u>"), after due notice to holders of Claims[1] against and Interests in the Debtors, and to other parties in interest, in accordance with the Scheduling Order, the Bankruptcy Code, and the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"); and the Bankruptcy Court having considered the Plan, the Disclosure Statement, the Katchadurian Declaration, the Voting Declaration, the Mermel Declaration, the Schlussel Declaration, and all other papers in support of the Plan; and the appearances of all interested parties having been noted on the record of the Confirmation Hearing; and the Bankruptcy Court having considered all of the evidence adduced and arguments of counsel at the Confirmation Hearing, and all of the proceedings had before this Court; and upon the record of the Confirmation Hearing, the Bankruptcy Court having found and

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

determined that the Plan is in the best interests of the Debtors, their Estates, and holders of Claims and Interests, and that it should be confirmed as reflected by this Court's rulings made herein and at the Confirmation Hearing; and after due deliberation and sufficient cause appearing therefor, the Court hereby FINDS, DETERMINES, AND CONCLUDES that:

## **FINDINGS AND CONCLUSIONS**

The findings and conclusions set forth herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

A.    Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a))

This Court has jurisdiction over these Chapter 11 Cases pursuant to sections 157 and 1334 of title 28 of the United States Code. Approval of the Disclosure Statement and confirmation of the Plan are core proceedings pursuant to 28 U.S.C. §§ 157(b)(2)(L) and (O). Venue of these Chapter 11 Cases is properly in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code. The Debtors are properly debtors under section 109 of the Bankruptcy Code. The Debtors are proper proponents of the Plan under section 1121(a) of the Bankruptcy Code.

B.    Commencement of Cases

On July 31, 2018 (the "Petition Date"), the Debtors each filed a petition (the "Petition") under Chapter 11 of the Bankruptcy Code commencing the Chapter 11 Cases in the Bankruptcy Court. The Debtors have managed their financial affairs pursuant to sections 1107(a) and 1108 of the Bankruptcy Code since the Petition Date.

3

C.      Burden of Proof

The Debtors, as plan proponents, have the burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of evidence.

D.      Final Approval of Disclosure Statement

The Disclosure Statement, as modified on the record at the Confirmation Hearing as to the treatment of Class 6 Interests, which modified treatment is on consent of the affected parties, contains "adequate information" within the meaning of section 1125(a)(1) of the Bankruptcy Code to enable and "investor typical of holders of claims or interests of the relevant class" within the meaning of section 1125(a)(2) of the Bankruptcy Code to make an informed judgment about the Plan.

E.      Solicitation and Notice

Pursuant to the Scheduling Order, as evidenced by the Solicitation Affidavit, on February 26, 2019, the Debtors commenced their solicitation (the "Solicitation") of votes on the Plan by mailing to the members of Classes 2 and 6, a package containing (a) the Scheduling Order; (b) the Plan; (c) the Disclosure Statement; and (d) a ballot or ballots (collectively, the "Solicitation Package") by the means authorized and approved by the Scheduling Order. Transmittal and service of the Solicitation Package to holders of Claims in Classes 2 and 6 was adequate and sufficient, and no other or further notice is or shall be required.

In addition, as required by the Scheduling Order, as evidenced by the Solicitation Affidavit, on February 26, 2019, holders of unclassified Claims and Claims in Classes 1, 3, 4 and 5 were mailed a copy of the Scheduling Order. Transmittal and service of the Scheduling Order to holders of unclassified Claims and Claims in Classes 1, 3, 4 and 5 was adequate and sufficient, and no other or further notice is or shall be required.

4

F.    Voting

As evidenced by the Voting Declaration, each of Classes 2 and 6 have voted to accept the Plan.

G.    Classes Conclusively Presumed to Have Accepted the Plan

Class 1 Allowed Priority Non-Tax Claims, Class 3 Allowed Prepetition Lender Secured Claim, Class 4 Other Secured Claims and Class 5 General Unsecured Claims are not impaired within the meaning of section 1124(1) of the Bankruptcy Code and are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

H.    Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))

The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

I.    Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))

In addition to the Administrative Expenses, U.S. Trustee Fees and Priority Tax Claims (collectively, the "Unclassified Claims"), which need not be designated pursuant to section 1123(a)(1) of the Bankruptcy Code, the Plan designates six (6) classes of Claims and Interests. The Claims and Interests placed in each Class are substantially similar to other Claims and Interests in each such Class. Valid reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims and Interests. The Plan therefore satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

J.    Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2))

Article 3 of the Plan specifies that Classes 1, 3, 4 and 5 are not impaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

K.  Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))

Article 3 of the Plan designates each of Class 2 and Class 6 as impaired.  Article 3 of the Plan also specifies the treatment of each of Class 2 Claims and Class 6 Interests, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

L.  No Discrimination (11 U.S.C. § 1123(a)(4))

The Plan provides for the same treatment for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

M.  Implementation of Plan (11 U.S.C. § 1123(a)(5))

Article V of the Plan provides adequate and proper means for the Plan's implementation.

N.  Charter of the Debtors (11 U.S.C. § 1123(a)(6))

The Debtors are privately held limited liability companies, not corporations; and therefore section 1123(a)(6) of the Bankruptcy Code is not applicable. To the extent applicable, the Plan does not provide for the issuance of nonvoting equity securities, nor does it provide for any class of equity securities having a preference over another class of equity securities, and therefore section 1123(a)(6) is satisfied.

O.  Selection of Trustees, Member and Manager (11 U.S.C. § 1123(a)(7))

Section 5.12 of the Plan provides that the Debtors, each a member-managed limited liability company, shall continue in existence and continue normal operations of their businesses as limited liability companies pursuant to applicable law.  Thus, the Plan contemplates that the Reorganized Debtors' members will continue to operate the Debtors. The Court is satisfied that these appointments are consistent with the interests of creditors and with public policy and therefore, section 1123(a)(7) of the Bankruptcy Code is satisfied.

P.    Payment to Creditors from Personal Services (11 U.S.C. § 1123(a)(8))

The Debtors are not individuals; therefore, section 1123(a)(8) of the Bankruptcy Code is not applicable.

Q.    Additional Plan Provisions (11 U.S.C. § 1123(b))

The Plan's discretionary provisions are appropriate and are not inconsistent with the Bankruptcy Code.

R.    Sale of Individual Property (11 U.S.C. § 1123(c))

The Debtors are not individuals; therefore, section 1123(c) of the Bankruptcy Code is not applicable.

S.    Cure of Defaults (11 U.S.C. § 1123(d))

To the extent that any defaults are cured, the cure amounts will be determined by any underlying agreement and applicable nonbankruptcy law.

T.    Plan Compliance with Bankruptcy Rule 3016(a)

The Plan is dated and identifies the entities submitting the Plan as the Debtors, thereby satisfying Bankruptcy Rule 3016(a).

U.    The Debtors' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))

The Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.  Specifically:

a)    The Debtors are proper debtors under section 109 of the Bankruptcy Code;

b)    The Court has jurisdiction over the Debtors' Chapter 11 Cases;

c)    Venue of these Chapter 11 Cases is proper in this district pursuant to 28 U.S.C. § 1408;

d)    The Debtors are proper proponents of the Plan pursuant to section 1121(a) of the Bankruptcy Code; and

e)    The Debtors have complied with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules in all respects, and with the Scheduling Order with

respect to transmitting the Plan and the Disclosure Statement and related documents soliciting votes on the Plan.

U.       Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))

The Debtors have proposed the Plan (including all other documents necessary to effectuate the Plan) in good faith, to wit, to maximize the value of the Debtors' estates, and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.

V.       Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))

The Plan provides that any payment made or to be made by the Debtors' estates for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, the Bankruptcy Court, as reasonable.  Accordingly, section 1129(a)(4) of the Bankruptcy Code is satisfied.

W.       Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))

The Plan contemplates and discloses the members of, and their respective membership interests in, the Reorganized Debtors.  Each Debtor is a member-managed limited liability company, and the Reorganized Debtors will be managed by their respective members. The Court is satisfied that said appointments are consistent with the interests of creditors and is consistent with public policy and therefore sections 1129(a)(5)(A)(i) and 1129(a)(5)(A)(ii) of the Bankruptcy Code are satisfied.

X.       No Rate Changes (11 U.S.C. § 1129(a)(6))

Section 1129(a)(6) of the Bankruptcy Code is not applicable because no governmental regulatory commission has jurisdiction over the Debtors' rates or any change thereof.

Y.      Best Interests of Creditors (11 U.S.C. § 1129(a)(7))

The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The Katchadurian Declaration, which the Court finds to be persuasive and credible and which has not been controverted by any other evidence,  establishes that each holder of an impaired Claim or Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date. The docket of the Chapter 11 Cases does not reflect an election by any class pursuant to Section 1111(b)(2) of the Bankruptcy Code.

Z.      Acceptance of Certain Classes (11 U.S.C. § 1129(a)(8))

Class 1 (Allowed Priority Non-Tax Claims), Class 3 (Allowed Prepetition Lender Secured Claim), Class 4 (Other Secured Claims) and Class 5 (General Unsecured Claims) are not impaired and are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. Class 2 (Allowed Premier Secured Claim) and Class 6 (Interests in the Debtors) have voted to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code, as set forth in the Voting Declaration.

AA.     Treatment of Administrative Expenses, U.S Trustee Fees and Priority Tax Claims (11 U.S.C. § 1129(a)(9))

The treatment of Administrative Expenses, U.S. Trustee Fees, and Priority Tax Claims pursuant to section 3.01, 3.02 and 3.03, respectively, of the Plan, complies with section 1129(a)(9)(A) of the Bankruptcy Code.

.

BB.    Acceptance by an Impaired Class (11 U.S.C. § 1129(a)(10))

Class 2 voted to accept the Plan. Therefore, at least one Class of Claims against the Debtors that is impaired under the Plan has accepted the Plan. Therefore section 1129(a)(10) of the Bankruptcy Code is satisfied. Class 6, which is comprised of insiders, also voted to accept the Plan.

CC.    Feasibility (11 U.S.C. § 1129(a)(11))

The feasibility requirement of section 1129(a)(11) of the Bankruptcy Code is satisfied. As set forth in finding "M," above, the Plan provides for adequate means for its implementation. As a result, the Court finds that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization.

Moreover, based upon the Katchadurian Declaration and the Schlussel Declaration, which the Court finds reliable and credible, the Court is satisfied that the Debtors will be able to make, or cause to be made, the distributions required under the Plan.   Therefore, section 1129(a)(11) of the Bankruptcy Code is satisfied.

DD.    Payment of Fees (11 U.S.C. § 1129(a)(12))

The Plan provides that all fees payable under section 1930 of title 28 of the United States Code, and any applicable interest thereon, have been paid or will be paid, on the Effective Date, and thereafter as may be required until the Chapter 11 Cases are closed, dismissed or converted to another chapter under the Bankruptcy Code, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

EE.    Retiree Benefits (11 U.S.C. § 1129(a)(13))

The Debtors have no obligation to provide any retiree benefits, and accordingly, section 1129(a)(13) of the Bankruptcy Code is not applicable to the Plan.

FF.    <u>Domestic Support Obligations (11 U.S.C. § 1129 (a)(14))</u>

The Debtors are not required to pay any domestic support obligations; therefore, section 1129(a)(14) of the Bankruptcy Code is not applicable to the Debtors.

GG.    <u>Payment of Disposable Income (11 U.S.C. § 1129(a)(15))</u>

The Debtors are not individuals; therefore, section 1129(a)(15) of the Bankruptcy Code is not applicable to the Plan.

HH.    <u>Transfer of Property by Nonprofit Entities (11 U.S.C. § 1129(a)(16))</u>

The Debtors are not nonprofit entities; therefore, section 1129(a)(16) of the Bankruptcy Code is not applicable to the Plan.

II. <u>Confirmation of One Plan.</u>

The Plan is the only plan filed in these Chapter 11 Cases.  Accordingly, section 1129(c) of the Bankruptcy Code is not applicable.

JJ. <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>

The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 (15 U.S.C. § 77(e)).  Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

KK.    <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>

The exculpation provisions set forth in section 10.04 of the Plan are consistent with section 1125(e) of the Bankruptcy Code because they are limited to the extent permitted by that section of the Bankruptcy Code.

LL.    <u>Assumption and Rejection of Contracts and Leases</u>

The Plan's treatment regarding the assumption and rejection of executory contracts and unexpired leases in Article VI of the Plan is in compliance with the requirements of sections

365(b) and 1123(b)(2) of the Bankruptcy Code and is a reasonable exercise of sound business judgment, and in each case is in the best interests of the Debtors and the Estates.

MM.    Discharge, Releases and Exculpations

Each of the discharge, release and exculpation provisions set forth in Article X of the Plan of the Plan: (i) is within the jurisdiction of the Court under 28 U.S.C. § 1334, (ii) is an essential means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code, (iii) confers a material benefit on, and is in the best interests of, the Debtors, their Estates and their Creditors, (iv) is important to the overall objectives of the Plan and (v) is consistent with sections 105, 1123, 1129, 1141 and other applicable provisions of the Bankruptcy Code.

NN.    Satisfaction of Confirmation Requirements

The Plan satisfies all applicable requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

OO.    Retention of Jurisdiction

The Bankruptcy Court may properly retain jurisdiction over the matters set forth in section 11.1 of the Plan and section 1142 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.    Objections

All objections to final approval of the Disclosure Statement and confirmation of the Plan that have not been withdrawn, waived, or settled by this Order are overruled on the merits.

2.    Final Approval of Disclosure Statement

The Disclosure Statement is hereby approved on a final basis pursuant to section 1125 of the Bankruptcy Code.

3.      <u>Confirmation</u>

The Plan, in the form annexed hereto as **<u>Exhibit A</u>** is hereby confirmed pursuant to section 1129 of the Bankruptcy Code.

4.      <u>Binding Effect</u>

The Plan and its provisions shall be binding upon the Debtors, any Person acquiring or receiving property or a distribution under the Plan, and any holder of a Claim against or Interest in the Debtors, including all governmental entities (including without limitation all taxing authorities), whether or not the Claim or Interest of such holder is impaired under the Plan, whether or not the Claim or Interest is Allowed, and whether or not such holder or entity has accepted the Plan.

The rights, benefits and obligations of any Person named or referred to in the Plan, or whose actions may be required to effectuate the terms of the Plan, shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such Person.

The terms and provisions of the Plan and this order shall survive and remain effective after entry of any order which may be entered closing the Chapter 11 Cases, dismissing the Chapter 11 Cases, or converting the Chapter 11 Cases to cases under Chapter 7 of the Bankruptcy Code, and the terms and provisions of the Plan shall continue to be effective in this or any superseding case under the Bankruptcy Code.

5.      <u>Implementation of Plan</u>

The Debtors are hereby authorized and directed to implement the Plan.

6.      <u>Assumption and Rejection of Executory Contracts (11 U.S.C. § 1123(b)(2))</u>

Except as set forth on Schedule A of the Plan, any and all prepetition executory contracts and unexpired leases (not otherwise previously rejected or the subject of a motion to reject pending on the Effective Date), are deemed rejected by the Debtor as of the Effective Date.  Any

13

party asserting damages for such rejection shall file a Proof of Claim for such damages within thirty (30) days from mailing of notice of the Effective Date (the "Rejection Damages Bar Date").  Failure to timely file a Proof of Claim by such date constitutes a waiver of any Claim in connection with the rejection of such contract or lease.

7.    Preservation of Insurance

The Plan shall not diminish or impair the enforceability of any insurance policy, right or claim that may cover Claims against the Debtors, their employees, officers, directors or any other Person.  Likewise, the Plan and this order shall not impair any insurance carrier's rights, claims, defenses or disputes under any policy and shall not act to increase or extend any rights of the Debtors or the carriers.

8.    Governmental Approvals Not Required

This order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement, and any documents, instruments, or agreements, and any amendments or modifications thereto.

9.    Administrative Expense Claims

Persons asserting an Administrative Expense Claim must file a request for payment of such Administrative Expense Claim on or before 5:00 p.m. prevailing Eastern Time on the date that is 30 days after notice of the Effective Date has been mailed (the "Administrative Expense Claims Bar Date").

10.     <u>Provisions of Plan and Confirmation Order Non-Severable and Mutually Dependent</u>

The provisions of the Plan and this order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.

11.     <u>Automatic Stay</u>

The automatic stay provided for under section 362 of the Bankruptcy Code shall remain in effect until the Effective Date.

12.     Notice of Entry of Confirmation Order, Occurrence of Effective Date, Rejection <u>Damages Bar Date, and Administrative Expenses Bar Date</u>

Pursuant to Bankruptcy Rules 2002(f), 2002(k) and 3020(c), on or before the tenth (10th) day following the Effective Date, the Debtors shall electronically file with the Court and serve notice of entry of this order and occurrence of the Effective Date by causing notice of entry of this order, occurrence of the Effective Date, Rejection Damages Bar Date, and Administrative Expenses Bar Date in substantially the same form as attached hereto as **<u>Exhibit B</u>** (the "<u>Notice of Confirmation</u>"), to be delivered to (i) all known holders of Claims and Interests (including those whose claims are unimpaired, as well as impaired, by the Plan), (ii) all known non-Debtor counterparties to executory contracts and unexpired leases, (iii) applicable taxing authorities, (iv) the U.S. Trustee, and (v) the United States (in accordance with Bankruptcy Rule 2002(j)) and all known parties in interest by first-class mail, postage prepaid.  The notice described herein is adequate and no other or further notice is necessary.  The form of Notice of Confirmation substantially in the form annexed hereto as **<u>Exhibit B</u>** is approved.

13.     <u>Retention of Jurisdiction</u>

Following the Effective Date, the Court shall retain jurisdiction over the Chapter 11 Cases to the maximum extent legally permissible, including, without limitation, for the following purposes:

a)      to hear and determine any claim or cause of action belonging to the Estates, and any disputes concerning the classification, allowance, or estimation of any Claim;

b)      to resolve any disputes concerning any funds held in the Disputed Claims Reserve;

c)      to hear and determine all disputed issues relating to a security or ownership interest in any property of the Estates, or in any proceeds thereof;

d)      to hear and determine all Claims arising out of any agreement entered into by the Debtors after the Petition Date but prior to the entry of the Confirmation Order;

e)      to recover all assets and property of the Debtors wherever located;

f)      to alter, modify and amend the Plan pursuant to Bankruptcy Code §1127 or to remedy any defect, cure any omissions, or reconcile any inconsistency in the Plan or Confirmation Order as may be necessary to carry out the purpose and intent of the Plan, and to extent authorized by the Bankruptcy Code or Bankruptcy Rules;

g)      to hear and determine all matters related to the sale of the Debtors' real property prior to the Effective Date;

h)      to hear and determine such other matters as may be provided for in the Confirmation Order and for the purposes set forth in Bankruptcy Code §§1127(b) and 1142, or in Bankruptcy Rules 1019 and 3020(d);

i)      to hear and determine all applications for compensation of professionals for services rendered and expenses incurred through the Confirmation Date, and thereafter to hear and determine any objections to compensation of professionals;

j)      to hear and determine any and all pending applications, adversary proceedings, contested matters and litigated matters;

16

k)      to hear and determine any disputed issues with respect to the payments to be made under the Plan;

l)      to enter orders that are necessary or appropriate to carry out the provisions of the Plan, including orders interpreting the provisions of the Plan;

m)      to enter a Final Order or decree concluding the Debtors' Chapter 11 Cases; and

n)      to determine such other matters as may be provided for in the Confirmation Order, or as may be authorized under the provisions of the Bankruptcy Code.

14.      Post-Confirmation Requirements

The Debtors shall file quarterly status reports following the Effective Date and shall pay all fees due under 28 U.S.C. § 1930 until the Chapter 11 Cases are closed.

15.      Applicable Non-Bankruptcy Law

Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code and the provisions of this order, the Plan shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

16.      Tax Issues.

To the extent permissible under section 1146(a) of the Bankruptcy Code the transactions contemplated by the Plan shall not be subject to any tax under any law imposing a stamp tax, ~~transfer tax, mortgage recording tax,~~ or similar tax~~, to the fullest extent provided by law.~~**[SMB: 5/9/19]**

17.      Validity and Enforceability

Each term and provision of the Plan is valid and enforceable pursuant to its terms.

18.      Further Actions

The Debtors are authorized and directed to execute, deliver, file or record such documents, contracts, instruments, releases and other agreements and take such other or further

actions as may be necessary to effectuate or further evidence the terms and conditions of the Plan.

19.    <u>Conflicts between Confirmation Order and Plan</u>

In the event of a conflict between the terms of the Plan and any contract, instrument, release or other agreement or document created or entered into in connection with the Plan, the terms of the Plan shall control over any such documents.  In the event of a conflict between the terms of the Plan or any contract, instrument, release or other agreement or document entered into in connection with the Plan, on the one hand, and the terms of this Confirmation Order, on the other hand, the terms of this Confirmation Order shall control.  In the event of a conflict between the information contained in the Disclosure Statement, on the one hand, and the terms of the Plan, this Confirmation Order or any contract, instrument, release or other agreement or document entered into in connection with the Plan, on the other hand, the Plan, this Confirmation Order or any contract, instrument, release or other agreement or document entered into in connection with the Plan (as the case may be) shall control.

20.    <u>Settlement of Objection of Prepetition Lender.</u>

The disputes between the Debtors and the Prepetition Lender are resolved as follows:

a)    The objection to approval of the Disclosure Statement on a final basis and confirmation of the Plan filed by the Prepetition Lender is withdrawn.

b)    Section 1.31 of the Plan is hereby amended and restated as follows:

"Effective Date Payment" shall mean the payment no later than May 15, 2019 from the Exit Facility and Premier Funds to pay claims as set forth in Article III of the Plan.

c)    Section 1.45 of the Plan is hereby amended and restated as follows:

"Prepetition Lender's Claim" shall mean any and all Claims or Interests of the Prepetition Lender that have been or may be asserted by the Prepetition Lender against the Debtors, including (i) with respect to the liens granted by the Debtors

18

to the Prepetition Lender on account of monies loaned prior to the Petition Date, (ii) those granted pursuant to the stipulation and order authorizing the use of Prepetition Lender's cash collateral (ECF Doc. No. 23), and (iii) amounts under section 506(b) of the Bankruptcy Code that (y) are agreed to by Debtors; or (z) are Allowed by the Bankruptcy Court following objection by the Debtors on notice in accordance with the Federal Rules of Bankruptcy Procedure to Prepetition Lender's proof of claim for same.

d)    Section 3.05 of the Plan is hereby amended and restated as follows:

Class 2 Premier Claim.  In the event that the Exit Facility closes on or before May 15, 2019, or if Premier elects to contribute sufficient Premier Funds to pay Class 3 claims in full, the Premier Claim shall be deemed satisfied upon the Effective Date of the Plan with no amounts remaining due by the Debtors to Premier.  Class 2 Claims are Impaired.

e)    Section 3.06 of the Plan is hereby amended and restated as follows:

Class 3 Prepetition Lender Claim.  Class 3 Claims are not impaired.  Holders of the Allowed Prepetition Lender's Claim shall be paid in full on the Effective Date from the proceeds of the Exit Facility as and when Allowed by the Bankruptcy Court. For the avoidance of doubt, as set forth in paragraph 1.45 of the Plan, the Class 3 Prepetition Lender Claim shall include amounts under section 506(b) of the Bankruptcy Code that (a) are agreed to by the Debtors; or (b) are Allowed by the Bankruptcy Court following objection by the Debtors on notice in accordance with the Federal Rules of Bankruptcy Procedure to Prepetition Lender's proof of claim for same.

To the extent that the Exit Facility does not close on or before May 15, 2019, Premier shall provide additional Premier Funds to satisfy any Allowed Prepetition Lender's Claim provided, however, that the May 15, 2019 closing deadline may not be extended.  From the Confirmation Date through the Effective Date, Holders of the Allowed Prepetition Lender's Claim shall receive monthly interest payments at the rate then-applicable with respect to the Prepetition Lender's Claim.  On the Effective Date, which shall be no later than May 15, 2019, to the extent the Debtors dispute any portion of the Prepetition Lender Claim, an amount sufficient to pay such disputed portion, in full, shall be funded into the Disputed Claims Reserve and all undisputed amounts of the Prepetition Lender's Claim shall be paid in full. Such disputed amounts shall accrue interest at a rate at ten percent (10%) per annum and Prepetition Lender shall receive its reasonable attorney's fees allowed consistent herewith and the applicable loan documents; *provided, however*, that if the Bankruptcy Court disallows by final order any portion of the disputed amounts, then interest attributable to such disallowed portion shall also be disallowed. Pending further agreement of the parties or further order of the Bankruptcy Court, the Allowed amount to be paid to the Prepetition Lender on or before May 15, 2019 shall be no less than $28,000,000, and the Disputed Claims Reserve for the Prepetition Lender's Claim shall be not

less than the amount which is $34,750,000 minus the amount paid to the Prepetition Lender on the Effective Date.

f)      Section 5.02 of the Plan is hereby amended and restated as follows:

Exit Facility. The Debtors or Reorganized Debtors, as applicable, with the assistance of Premier, shall obtain the Exit Facility in an amount sufficient to satisfy the Allowed portion of the Prepetition Lender's Claim. The Exit Facility shall be used to satisfy the Allowed portion of the Prepetition Lender's Claim and, at the Reorganized Debtors' discretion, may be used to fund the ongoing operations of the Reorganized Debtors. To the extent that the Exit Facility does not close by May 15, 2019, Premier shall provide additional Premier Funds to satisfy any Allowed Prepetition Lender's Claim, provided, however, that the May 15, 2019 closing deadline may not be extended.

21.    Settlement of Objection of Robert K.Y. Chan and You Gotta Have Faith LLC

The disputes between the Debtors and Robert K.Y. Chan ("Chan") and You Gotta Have Faith LLC ("You Gotta") are resolved as follows, subject to the occurrence of the Effective Date:

a)      the objection to confirmation of the Plan filed by Chan and You Gotta is withdrawn;

b)      the proof of claim filed by You Gotta against Debtor 1141 Realty Owner LLC, designated Claim No. 1 on the Debtors' claims register, is withdrawn; and

c)      the proof of claim filed by Chan against Debtor Flatironhotel Operations LLC, designated Claim No. 4 on the Debtors' claims register, is Allowed as a Class 5 Claim in the amount of $100,000.00.

22.    Other Revisions to Plan

a)      Section 1.44 of the Plan is hereby amended and restated as follows:

"Prepetition Lender" shall mean Wilmington Trust, N.A., solely in its capacity as Trustee for the Benefit of the Registered Holders of Wells Fargo Commercial Mortgage Trust 2015-C28, Commercial Mortgage Pass-Through Certificates, Series 2015-C28 and its successors and assigns, including, without limitation, TCG Debt Acquisitions 2 LLC.

b)      Section 3.09 of the Plan is hereby amended and restated as follows:

Class 6 Interests.  Class 6 Interests are impaired. Upon the Effective Date, all existing membership interests in the Debtors shall be cancelled, and the Reorganized Debtors' membership interests shall be reissued as follows: (i) with respect to Owner, One Hundred (100%) Percent shall be owned by Premier Nomad LLC; and (ii) with respect to Operator, One Hundred (100%) Percent shall be owned by Premier Nomad LLC.

c)      Section 7.05 of the Plan is hereby amended and restated as follows:

<u>Maintenance of Disputed Claims Reserve</u>.  To the extent that the property placed in a Disputed Claims Reserve consists of Cash, that Cash shall be deposited in an interest-bearing account in a financial institution that is an authorized depository under the U.S. Trustee Operating Guidelines. The Disputed Claims Reserve shall be closed and extinguished by the Reorganized Debtors when all Distributions and other dispositions of Cash or other property required to be made under the Plan from such reserves will have been made in accordance with the terms of the Plan.  To the extent that the Disputed Claims Reserve is funded by Premier Funds, any excess funds in the Disputed Claims Reserve which are not used to make Distributions shall be refunded by the Debtors to Premier.

23.      <u>Reference to and Validity and Enforceability of Plan Provisions</u>

The failure to reference any particular provision of the Plan in this order shall not impair, prejudice, waive or otherwise affect the binding effect, enforceability or legality of such provisions, and such provisions shall have the same binding effect, enforceability or legality as every other provision of the Plan and this order.  Each term and provision of the Plan, as it may have been altered or interpreted by this Court, is valid and enforceable pursuant to its terms.

24.      <u>Closing of the Chapter 11 Cases</u>

The Chapter 11 Cases shall be closed following the consummation of the Plan upon further application and approval of the Court.

21

25.    <u>Record Closed</u>

The record of the Confirmation Hearing is hereby closed.

26.    <u>Final Order</u>

This order is a final order.

27.    <u>Waiver of Stay</u>

The stay provided by rule 3020(e) of the Federal Rules of Bankruptcy Procedure is

hereby waived.

**Dated:** **New York, New York**
        **May 9<u>th</u>, 2019**

                                                    <u>/s/ STUART M. BERNSTEIN</u>
                                                    **Honorable Stuart M. Bernstein**
                                                    **United States Bankruptcy Judge**